Michael C. Murphy, Esq. (S.B. No. 104872)
Murphlaw5@gmail.com
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
Murphycmike.jr@gmail.com
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Telephone: (805) 494-8929 | (818) 558-3718

Attorneys for Plaintiff,
Rosanna M. Perez

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 03 2016

Sherri R. Carter, Executive Officer/Clerk
By: [signature], Deputy
Ishayla Chambers

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel: (805) 494-8929

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| ROSANNA M. PEREZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a Delaware corporation; VITAS HEALTHCARE CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: BC 608926<br><br>**COMPLAINT OF ROSANNA M. PEREZ FOR:**<br><br>**1. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>**2. WRONGFUL TERMINATION IN VIOLATION OF THE FAIR EMPLOYMENT & HOUSING ACT;**<br>**3. FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF THE FAIR EMPLOYMENT & HOUSING ACT; and**<br>**4. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel: (805) 494-8929

**COMES NOW** Plaintiff ROSANNA M. PEREZ, an individual, files her Complaint in this action for damages against Defendants, VITAS HEALTHCARE CORPORATION OF CALIFORNIA, VITAS HEALTHCARE CORPORATION, and DOES 1 through 50, inclusive, and hereby alleges on the basis of information and belief as follows:

**THE PARTIES**

1. Plaintiff, ROSANNA M. PEREZ (hereinafter "Plaintiff" or "Ms. Perez"), is, and at all times mentioned herein, is a natural person residing in Los Angeles County, State of California.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant, VITAS HEALTHCARE CORPORATION OF CALIFORNIA, is and all times mentioned herein, a corporation duly existing and organized under the laws of the State of Delaware, duly qualified to conduct business in the State of California, and doing business in Los Angeles County, State of California.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendant, VITAS HEALTHCARE CORPORATION, is and all times mentioned herein, a corporation duly existing and organized under the laws of the State of Delaware, duly qualified to conduct business in the State of California, and doing business in Los Angeles County, State of California.

4. The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants designated herein as DOES 1 through 50, inclusive, is unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint at such time as the true names and/or capacities of said defendants are ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the injuries and/or damages directly and proximately caused to Plaintiff and is liable for the damages suffered by Plaintiff as alleged herein. Each reference in this Complaint to "Defendant," "Defendants," or a specifically named defendant, refers to and includes all Defendants, whether sued under their fictitious names or not.

5. Plaintiff is informed and believes, and based thereon alleges, that VITAS HEALTHCARE CORPORATION OF CALIFORNIA, VITAS HEALTHCARE CORPORATION, and DOES 1 through 50, inclusive, and their respective agents, employees, independent contractors, partners, members, directors, officers, shareholders, affiliates, servants, and representatives are responsible for the acts and/or omissions as well as the injuries and/or damages alleged by Plaintiff in this action, as set forth in this Complaint on file herein. VITAS HEALTHCARE CORPORATION OF CALIFORNIA, VITAS HEALTHCARE CORPORATION, and DOES 1 through 50, inclusive, and their respective agents, employees, independent contractors, partners, members, directors, officers, shareholders, affiliates, servants, and representatives are hereinafter collectively referred to as "Defendant Vitas" or "Defendants."

6. This action is subject to the provisions of Government Code section 12965. The obligation upon which this action is based is not subject to the provisions of Section 395(b) of the Code of Civil Procedure, nor is it subject to either Civil Code Sections 1812.10 or 2984.4.

## GENERAL ALLEGATIONS

7. Based on information and belief, Defendant Vitas is in the hospice care industry and offers its patients and their families services and comfort to patients with terminal illnesses and/or diseases. Defendant Vitas brings hospice care services to the patient's home and offers care 24 hours a day to help manage pain, alleviate symptoms, improve quality of life, and offer emotional and spiritual support. Defendant Vitas is a nationwide corporation with over 10,000 employees and is the largest provider of hospice care in the country.

8. On or about April 18, 2013, Plaintiff entered into an employment agreement with Defendant Vitas and would hold the job title of "sales representative" at the Torrance, CA office location. Plaintiff started her first day of work on or about April 22, 2013.

9. In consideration for Plaintiff's employment services as a "sales representative," Defendant Vitas promised to pay Plaintiff a bi-weekly salary of $2,884.61, or an annual salary of approximately $75,000.00. Plaintiff would also receive a guaranteed incentive compensation amount of $1,000 per month for the first three months of employment. Further,

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel: (805) 494-8929

Plaintiff would be eligible to participate in an incentivized earned compensation program starting the second month of employment, which would be paid out monthly. Lastly, Plaintiff would be entitled to participate in benefits available to all of Defendant Vitas' employees, including but not limited to, short term disability insurance, long term disability insurance, vision care plans, dental benefits, health care insurance, 401(k) retirement benefits, paid time off benefits, and more. A true and correct copy of this employment agreement is attached hereto as Exhibit "A."

10. In or around April of 2014, Defendant Vitas assigned Plaintiff to the "admission liaison" position. As an "admission liaison," Plaintiff was primarily responsible for developing and supporting appropriate referrals by creating and sustaining educational and consultative relationships as well as present Defendant Vitas' services and philosophy to patients and families in a manner that would result in the admission of appropriate patients who chose to elect hospice services.

11. After more than two years of employment, on or about October 26, 2015, Plaintiff's physician diagnosed her with thyroid cancer and informed Plaintiff that she would need to take time off from work to undergo surgery.

12. On or about October 27, 2015, Plaintiff filled out a form requesting time off from work and submitted it to Defendant Vitas' human resources department for approval. Plaintiff gave actual notice that starting on or around November 17, 2015, she needed approximately two (2) weeks to attend hospital visits, to undergo thyroid cancer surgery, to allow for recovery time and pain management, and to attend post-operative follow-up visits with her doctor.

13. Further, Plaintiff informed her direct supervisor, Nicole Giles, that she needed to take medical leave from work for the purpose of undergoing surgery to treat her thyroid cancer. Prior to November 17, 2015, Ms. Giles informed Plaintiff that the general manager, Raymund Villaluz, had approved her time off request.

14. On or about November 19, 2015, Plaintiff underwent thyroidectomy surgery to remove her thyroid gland.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel: (805) 494-8929

15. Sometime after Plaintiff's thyroidectomy surgery, Ms. Giles informed Plaintiff that she needed a doctor's note before returning to work.

16. On or about December 2, 2015, Plaintiff had a follow-up visit her surgeon, Dr. Michael Yeh, and obtained a doctor's note from him giving her permission to return to work. After Plaintiff's doctor's visit, she promptly returned to work that day and submitted her doctor's note to the human resources department. Plaintiff resumed her job duties as normal and continued to work throughout the week.

17. On or about December 10, 2015, Plaintiff's direct supervisor, Ms. Giles, had an informal discussion with Plaintiff regarding future admissions quotas for that particular office. During the conversation, Ms. Giles informed Plaintiff that if the Torrance, CA office did not turn around its admissions intake, that particular office could be closed in as early as six months. Plaintiff appreciated the seriousness of this discussion because she knew that her job as well as everybody else's jobs at that location could be at stake and immediately returned to work.

18. Despite the seriousness of the conversation between Plaintiff and Ms. Giles, Plaintiff expected to continue employment with Defendant Vitas because she had consistently and continuously held an admissions conversion rate within the top tier and remained one of its top performers for its hospice client intake. Further, Plaintiff had remained loyal and hardworking in carrying out all of her job responsibilities and duties.

19. The next day, on December 11, 2015, the general manager, Raymund Villaluz, called Plaintiff into his office and stated that the overall financial condition of the office was not doing very well. Mr. Villaluz stated that her position was being terminated and offered Plaintiff a three (3) week severance check and a release form to sign, which would be in effect for only 45 days thereafter.

20. Despite Mr. Villaluz's assertion that her job position as "admission liaison" was being terminated, Plaintiff was informed the week after being terminated that there was a job opening that was being advertised on "indeed.com" for a new "admission liaison" position at the Torrance, CA office location. After reviewing Defendant Vitas' main website, seven (7)

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel: (805) 494-8929

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel: (805) 494-8929

sales and admissions related job positions were being advertised for the Torrance, CA office location.

21. As a direct and proximate result of Defendant Vitas' wrongful acts and/or omissions, Plaintiff has suffered harm in an amount to be proven at trial.

22. On January 28, 2016, Plaintiff filed a complaint with the Department of Fair Employment and Housing and received a "right-to-sue" letter. A true and correct copy of the "right-to-sue" letter is attached herein as Exhibit "B."

**FIRST CAUSE OF ACTION**

**(WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY)**

(Against Defendants Vitas Healthcare Corporation of California, Vitas Healthcare Corporation, and DOES 1 through 50, inclusive)

23. Plaintiff re-alleges paragraphs 1 through 22 of this Complaint hereinabove, which are incorporated by this reference as though fully set forth herein.

24. On or about April 18, 2013, Plaintiff entered into an employment agreement with Defendant Vitas and would hold the job title of "sales representative" at the Torrance, CA office location. Plaintiff started her first day of work on or about April 22, 2013.

25. In or around April of 2014, Defendant Vitas assigned Plaintiff to the "admission liaison" position. As an "admission liaison," Plaintiff was primarily responsible for developing and supporting appropriate referrals by creating and sustaining educational and consultative relationships as well as present Defendant Vitas' services and philosophy to patients and families in a manner that would result in the admission of appropriate patients who chose to elect hospice services.

26. After more than two years of employment, on or about October 26, 2015, Plaintiff's physician diagnosed her with thyroid cancer and informed Plaintiff that she would need to take time off from work to undergo surgery.

27. On or about October 27, 2015, Plaintiff filled out a form requesting time off from work and submitted it to Defendant Vitas' human resources department for approval. Plaintiff gave actual notice that starting on or around November 17, 2015, she needed

approximately two (2) weeks to attend hospital visits, to undergo thyroid cancer surgery, to allow for recovery time and pain management, and to attend post-operative follow-up visits with her doctor.

28. Further, Plaintiff informed her direct supervisor, Nicole Giles, that she needed to take medical leave from work for the purpose of undergoing surgery to treat her thyroid cancer. Prior to November 17, 2015, Ms. Giles informed Plaintiff that the general manager, Raymund Villaluz, had approved her time off request.

29. On or about November 19, 2015, Plaintiff underwent thyroidectomy surgery to remove her thyroid gland:

30. Sometime after Plaintiff's thyroidectomy surgery, Ms. Giles informed Plaintiff that she needed a doctor's note before returning to work.

31. On or about December 2, 2015, Plaintiff had a follow-up visit her surgeon, Dr. Michael Yeh, and obtained a doctor's note from him giving her permission to return to work. After Plaintiff's doctor's visit, she promptly returned to work that day and submitted her doctor's note to the human resources department. Plaintiff resumed her job duties as normal and continued to work throughout the week.

32. On or about December 11, 2015, Defendant Vitas terminated its employment agreement with Plaintiff less than ten days after returning from medical leave to undergo surgery for her thyroid cancer.

33. Defendant Vitas was on actual and/or constructive notice of Plaintiff's thyroid cancer treatment as well of the fact that her major life activities may be limited.

34. Plaintiff is informed and believes, and thereon alleges, that Defendant's primary and substantial motive and/or purpose for which Defendant Vitas terminated its employment relationship with Plaintiff was because she had been diagnosed with cancer and for fear that Plaintiff would not be able to fulfill her job duties and responsibilities as "admissions liaison" with the same turnaround admissions rate and performance that she had previously produced at the Torrance, CA office location.

///

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel: (805) 494-8929

35. It is the public policy of the State of California to protect all persons from employment discrimination and from abridgment on account of a serious medical condition, specifically cancer.

36. Defendant Vitas' acts of terminating Plaintiff's employment due to her cancer are in violation of public policy pursuant to Government Code Sections 12920 and 12921.

37. Plaintiff is informed and believes, and thereon alleges, that the improper motive and/or purpose for which Defendant Vitas terminated its employment relationship with Plaintiff was a substantial factor in its decision to terminate Plaintiff from employment, thus causing her harm.

38. Plaintiff would have continued and expected to continue employment with Defendant Vitas but for Defendant Vitas' wrongful acts and/or omissions of terminating Plaintiff as a result of her serious medical conditions.

39. As a direct and proximate result of Defendant Vitas' aforementioned acts and/or omissions in terminating its employment relationship with Plaintiff, she has suffered and continues to suffer actual damages, including loss of income, in an amount to be proven at trial.

40. As a further direct and proximate result of Defendant Vitas' aforementioned acts and/or omissions in terminating its employment relationship with Plaintiff, she has suffered and continues to suffer emotional distress and severe anxiety in an amount to be determined at trial.

41. The aforementioned acts and/or omissions of Defendant Vitas were wrongful, intentional, willful, oppressive, and/or malicious and were made with conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to exemplary and punitive damages.

## SECOND CAUSE OF ACTION

**(WRONGFUL TERMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT)**

(Against Defendants Vitas Healthcare Corporation of California, Vitas Healthcare Corporation, and DOES 1 through 50, inclusive)

42. Plaintiff re-alleges paragraphs 1 through 41 of this Complaint hereinabove, which are incorporated by this reference as though fully set forth herein.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel: (805) 494-8929

43. On or about April 18, 2013, Plaintiff entered into an employment agreement with Defendant Vitas and would hold the job title of "sales representative" at the Torrance, CA office location. Plaintiff started her first day of work on or about April 22, 2013.

44. In or around April of 2014, Defendant Vitas assigned Plaintiff to the "admission liaison" position. As an "admission liaison," Plaintiff was primarily responsible for developing and supporting appropriate referrals by creating and sustaining educational and consultative relationships as well as present Defendant Vitas' services and philosophy to patients and families in a manner that would result in the admission of appropriate patients who chose to elect hospice services.

45. Defendant Vitas is a nationwide corporation employing well over 10,000 employees. Therefore, Defendant Vitas is properly subject to the Fair Employment and Housing Act.

46. After more than two years of employment, on or about October 26, 2015, Plaintiff's physician diagnosed her with thyroid cancer and informed Plaintiff that she would need to take time off from work to undergo surgery.

47. On or about October 27, 2015, Plaintiff filled out a form requesting time off from work and submitted it to Defendant Vitas' human resources department for approval. Plaintiff gave actual notice that starting on or around November 17, 2015, she needed approximately two (2) weeks to attend hospital visits, to undergo thyroid cancer surgery, to allow for recovery time and pain management, and to attend post-operative follow-up visits with her doctor.

48. Further, Plaintiff informed her direct supervisor, Nicole Giles, that she needed to take medical leave from work for the purpose of undergoing surgery to treat her thyroid cancer. Prior to November 17, 2015, Ms. Giles informed Plaintiff that the general manager, Raymund Villaluz, had approved her time off request.

49. On or about November 19, 2015, Plaintiff underwent thyroidectomy surgery to remove her thyroid gland.

///

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel: (805) 494-8929

50. Sometime after Plaintiff's thyroidectomy surgery, Ms. Giles informed Plaintiff that she needed a doctor's note before returning to work.

51. On or about December 2, 2015, Plaintiff had a follow-up visit her surgeon, Dr. Michael Yeh, and obtained a doctor's note from him giving her permission to return to work. After Plaintiff's doctor's visit, she promptly returned to work that day and submitted her doctor's note to the human resources department. Plaintiff resumed her job duties as normal and continued to work throughout the week.

52. On or about December 11, 2015, Defendant Vitas terminated its employment agreement with Plaintiff less than ten days after returning from medical leave to undergo surgery for her thyroid cancer.

53. Defendant Vitas was on actual and/or constructive notice of Plaintiff's thyroid cancer treatment as well of the fact that her major life activities may be limited.

54. Plaintiff is informed and believes, and thereon alleges, that Defendant's primary and substantial motive and/or purpose for which Defendant Vitas terminated its employment relationship with Plaintiff was because she had been diagnosed with cancer and for fear that Plaintiff would not be able to fulfill her job duties and responsibilities as "admissions liaison" with the same turnaround admissions rate and performance that she had previously produced at the Torrance, CA office location.

55. Plaintiff is informed and believes, and thereon alleges, that the improper motive and/or purpose for which Defendant Vitas terminated its employment relationship with Plaintiff was a substantial factor in its decision to terminate Plaintiff, thus causing her harm.

56. Plaintiff would have continued and expected to continue employment with Defendant Vitas but for Defendant Vitas' wrongful acts and/or omissions of terminating Plaintiff as a result of her serious medical conditions.

57. It is the public policy of the State of California to protect all persons from employment discrimination and from abridgment on account of a serious medical condition, specifically cancer.

///

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel: (805) 494-8929

58. Defendant Vitas' acts of terminating Plaintiff's employment due to her cancer are in violation of public policy pursuant to Government Code Sections 12920, 12921, and 12940.

59. As a direct and proximate result of Defendant Vitas' aforementioned acts and/or omissions in terminating its employment relationship with Plaintiff, she has suffered and continues to suffer actual damages, including loss of income, in an amount to be proven at trial. Plaintiff is also entitled to an award of reasonable attorney's fees and costs of suit, including expert witness fees, pursuant to Government Code Section 12965.

60. As a further direct and proximate result of Defendant Vitas' aforementioned acts and/or omissions in terminating its employment relationship with Plaintiff, she has suffered and continues to suffer emotional distress and severe anxiety in an amount to be determined at trial.

61. The aforementioned acts and/or omissions of Defendant Vitas were wrongful, intentional, willful, oppressive, and/or malicious and were made with conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to exemplary and punitive damages.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel: (805) 494-8929

## THIRD CAUSE OF ACTION

## (FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS)

(Against Defendants Vitas Healthcare Corporation of California, Vitas Healthcare Corporation, and DOES 1 through 50, inclusive)

62. Plaintiff re-alleges paragraphs 1 through 61 of this Complaint hereinabove, which are incorporated by this reference as though fully set forth herein.

63. On or about April 18, 2013, Plaintiff entered into an employment agreement with Defendant Vitas and would hold the job title of "sales representative" at the Torrance, CA office location. Plaintiff started her first day of work on or about April 22, 2013.

64. In or around April of 2014, Defendant Vitas assigned Plaintiff to the "admission liaison" position. As an "admission liaison," Plaintiff was primarily responsible for developing and supporting appropriate referrals by creating and sustaining educational and consultative relationships as well as present Defendant Vitas' services and philosophy to patients and families in a manner that would result in the admission of appropriate patients who chose to

elect hospice services.

65. Defendant Vitas is a nationwide corporation employing well over 10,000 employees. Therefore, Defendant Vitas is properly subject to the Fair Employment & Housing Act.

66. After more than two years of employment, on or about October 26, 2015, Plaintiff's physician diagnosed her with thyroid cancer and informed Plaintiff that she would need to take time off from work to undergo surgery.

67. On or about October 27, 2015, Plaintiff filled out a form requesting time off from work and submitted it to Defendant Vitas' human resources department for approval. Plaintiff gave actual notice that starting on or around November 17, 2015, she needed approximately two (2) weeks to attend hospital visits, to undergo thyroid cancer surgery, to allow for recovery time and pain management, and to attend post-operative follow-up visits with her doctor.

68. Further, Plaintiff informed her direct supervisor, Nicole Giles, that she needed to take medical leave from work for the purpose of undergoing surgery to treat her thyroid cancer. Prior to November 17, 2015, Ms. Giles informed Plaintiff that the general manager, Raymund Villaluz, had approved her time off request.

69. On or about November 19, 2015, Plaintiff underwent thyroidectomy surgery to remove her thyroid gland.

70. Sometime after Plaintiff's thyroidectomy surgery, Ms. Giles informed Plaintiff that she needed a doctor's note before returning to work.

71. On or about December 2, 2015, Plaintiff had a follow-up visit her surgeon, Dr. Michael Yeh, and obtained a doctor's note from him giving her permission to return to work. After Plaintiff's doctor's visit, she promptly returned to work that day and submitted her doctor's note to the human resources department. Plaintiff resumed her job duties as normal and continued to work throughout the week.

72. On or about December 11, 2015, Defendant Vitas terminated its employment agreement with Plaintiff less than ten days after returning from medical leave to undergo

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel: (805) 494-8929

surgery for her thyroid cancer.

73. Defendant Vitas was on actual and/or constructive notice of Plaintiff's thyroid cancer treatment as well of the fact that her major life activities would be limited.

74. Plaintiff is informed and believes, and thereon alleges, that Defendant's primary and substantial motive and/or purpose for which Defendant Vitas terminated its employment relationship with Plaintiff was because she had been diagnosed with cancer and for fear that Plaintiff would not be able to fulfill her job duties and responsibilities as "admissions liaison" with the same turnaround admissions rate and performance that she had previously produced at the Torrance, CA office location.

75. Plaintiff is informed and believes, and thereon alleges, that the improper motive and/or purpose for which Defendant Vitas terminated its employment relationship with Plaintiff was a substantial factor in its decision to terminate Plaintiff, thus causing her harm.

76. It is the public policy of the State of California to protect all persons from employment discrimination and from abridgment on account of a serious medical condition, specifically cancer.

77. Defendant Vitas' acts of terminating Plaintiff's employment due to her cancer are in violation of public policy pursuant to Government Code Sections 12920, 12921, and 12940.

78. Defendant Vitas had a duty to evaluate Plaintiff's medical condition and provide reasonable accommodations to Plaintiff and breached that duty by failing to conduct any evaluations of Plaintiff's medical condition and failing to provide reasonable accommodations to allow her to carry out her job duties and responsibilities under their employment agreement.

79. Plaintiff would have continued and expected to continue employment with Defendant Vitas but for Defendant Vitas' wrongful acts and/or omissions of terminating Plaintiff as a result of her serious medical conditions.

80. As a direct and proximate result of Defendant Vitas' aforementioned acts and/or omissions in terminating its employment relationship with Plaintiff, she has suffered and continues to suffer actual damages, including loss of income, in an amount to be proven at trial

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel: (805) 494-8929

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel: (805) 494-8929

and is entitled to an award of reasonable attorney's fees and costs of suit, including expert witness fees, pursuant to Government Code Section 12965.

81. As a further direct and proximate result of Defendant Vitas' aforementioned acts and/or omissions in terminating its employment relationship with Plaintiff, she has suffered and continues to suffer emotional distress and severe anxiety in an amount to be determined at trial.

82. The aforementioned acts and/or omissions of Defendant Vitas were wrongful, intentional, willful, oppressive, and/or malicious and were made with conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to exemplary and punitive damages.

**FOURTH CAUSE OF ACTION**

**(BREACH OF THE IMPLIED COVENANT**

**OF GOOD FAITH AND FAIR DEALING)**

(Against Defendants Vitas Healthcare Corporation of California,

Vitas Healthcare Corporation, and DOES 1 through 50, inclusive)

83. Plaintiff re-alleges paragraphs 1 through 82 of this Complaint hereinabove, which are incorporated by this reference as though fully set forth herein.

84. On or about April 18, 2013, Plaintiff entered into an employment agreement with Defendant Vitas and would hold the job title of "sales representative" at the Torrance, CA office location. Plaintiff started her first day of work on or about April 22, 2013.

85. In or around April of 2014, Defendant Vitas assigned Plaintiff to the "admission liaison" position. As an "admission liaison," Plaintiff was primarily responsible for developing and supporting appropriate referrals by creating and sustaining educational and consultative relationships as well as present Defendant Vitas' services and philosophy to patients and families in a manner that would result in the admission of appropriate patients who chose to elect hospice services.

86. The employment agreement entered into by and between Plaintiff and Defendant Vitas contained an implied covenant of good faith and fair dealing, which obligated Defendant Vitas to perform the terms and conditions of the employment agreement fairly and in good faith and to refrain from doing any act that would prevent or impede Plaintiff from performing any

or all of the conditions of the employment agreement that she agreed to perform, or any act that would deprive Plaintiff of the benefits of her employment agreement.

87. Plaintiff at all times fulfilled and satisfied all of the terms and conditions of her employment agreement with Defendant Vitas and remained ready, willing, and able to continue performing them in a competent and satisfactory manner.

88. After more than two years of employment, on or about October 26, 2015, Plaintiff's physician diagnosed her with thyroid cancer and informed Plaintiff that she would need to take time off from work to undergo surgery.

89. On or about October 27, 2015, Plaintiff filled out a form requesting time off from work and submitted it to Defendant Vitas' human resources department for approval. Plaintiff gave actual notice that starting on or around November 17, 2015, she needed approximately two (2) weeks to attend hospital visits, to undergo thyroid cancer surgery, to allow for recovery time and pain management, and to attend post-operative follow-up visits with her doctor.

90. Further, Plaintiff informed her direct supervisor, Nicole Giles, that she needed to take medical leave from work for the purpose of undergoing surgery to treat her thyroid cancer. Prior to November 17, 2015, Ms. Giles informed Plaintiff that the general manager, Raymund Villaluz, had approved her time off request.

91. On or about November 19, 2015, Plaintiff underwent thyroidectomy surgery to remove her thyroid gland.

92. Sometime after Plaintiff's thyroidectomy surgery, Ms. Giles informed Plaintiff that she needed a doctor's note before returning to work.

93. On or about December 2, 2015, Plaintiff had a follow-up visit her surgeon, Dr. Michael Yeh, and obtained a doctor's note from him giving her permission to return to work. After Plaintiff's doctor's visit, she promptly returned to work that day and submitted her doctor's note to the human resources department. Plaintiff resumed her job duties as normal and continued to work throughout the week.

///

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel: (805) 494-8929

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel: (805) 494-8929

94. On or about December 11, 2015, Defendant Vitas terminated its employment agreement with Plaintiff less than ten days after returning from medical leave to undergo surgery for her thyroid cancer.

95. Defendant Vitas was on actual and/or constructive notice of Plaintiff's thyroid cancer treatment as well of the fact that her major life activities would be limited.

96. Plaintiff is informed and believes, and thereon alleges, that Defendant's primary and substantial motive and/or purpose for which Defendant Vitas terminated its employment relationship with Plaintiff was because she had been diagnosed with cancer and for fear that Plaintiff would not be able to fulfill her job duties and responsibilities as "admissions liaison" with the same turnaround admissions rate and performance that she had previously produced at the Torrance, CA office location.

97. Plaintiff is informed and believes, and thereon alleges, that the improper motive and/or purpose for which Defendant Vitas terminated its employment relationship with Plaintiff was a substantial factor in its decision to terminate Plaintiff, thus causing her harm.

98. Defendant Vitas knew that Plaintiff had performed all of her job duties and responsibilities under their employment agreement.

99. Plaintiff would have continued and expected to continue employment with Defendant Vitas but for Defendant Vitas' wrongful acts and/or omissions of terminating Plaintiff as a result of her serious medical conditions.

100. It is the public policy of the State of California to protect all persons from employment discrimination and from abridgment on account of a serious medical condition, specifically cancer. (Government Code, §§ 12920, 12921.)

101. Defendant Vitas breached the implied covenant of good faith and fair dealing under the employment agreement by terminating their employment relationship because of her serious medical conditions, specifically thyroid cancer.

102. As a direct and proximate result of Defendant Vitas' aforementioned acts and/or omissions in terminating its employment relationship with Plaintiff, she has suffered and continues to suffer actual damages, including loss of income, in an amount to be proven at trial.

103. The aforementioned acts and/or omissions of Defendant Vitas were wrongful, intentional, willful, oppressive, and/or malicious and were made with conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to exemplary and punitive damages.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for these causes of action where a jury is available under law.

## PRAYER FOR RELIEF

### AS TO THE FIRST CAUSE OF ACTION:

**WHEREFORE,** Plaintiff prays for judgment against the Defendants as follows:

1. For an award of compensatory damages, including but not limited to, loss of income, in an amount to be determined according to proof at trial;

2. For an award of general damages, including but not limited to, emotional distress, severe anxiety, and loss of reputation in an amount to be determined at trial;

3. For an award of exemplary and punitive damages;

4. For an award of interest at the legal rate; and

5. For such other and further relief as the court deems just and proper.

### AS TO THE SECOND AND THIRD CAUSES OF ACTION

**WHEREFORE,** Plaintiff prays for judgment against the Defendants as follows:

6. For an award of compensatory damages, including but not limited to, loss of income, in an amount to be determined according to proof at trial;

7. For an award of general damages, including but not limited to, emotional distress, severe anxiety, and loss of reputation in an amount to be determined at trial;

8. For an award of exemplary and punitive damages;

9. For an award of attorney's fees, and costs of suit herein, including expert witness fees;

10. For an award of interest at the legal rate; and

11. For such other and further relief as the court deems just and proper.

///

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel: (805) 494-8929

**AS TO THE FOURTH CAUSE OF ACTION:**

**WHEREFORE,** Plaintiff prays for judgment against the Defendants as follows:

12. For an award of compensatory damages, including but not limited to, loss of income, in an amount to be determined according to proof at trial;

13. For an award of exemplary and punitive damages;

14. For an award of interest at the legal rate;

15. For an award of costs of suit herein; and

16. For such other and further relief as the court deems just and proper.

Dated: January 28, 2016

LAW OFFICES OF MICHAEL C. MURPHY

By: ______________________________

Michael C. Murphy, Jr., Esq.
Michael C. Murphy, Esq.
Attorneys for Plaintiff, Rosanna M. Perez

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel: (805) 494-8929

# Exhibit A

100 South Biscayne Blvd.
Suite 1300
Miami, FL 33131
tel 305.374.4143
www.VITAS.com

April 12, 2013

Ms. Rosanna Perez
464 Via Val Verde
Montebello, CA 90640

Dear Rosanna

It gives me great pleasure to confirm your conversations in which you were offered the position of VITAS Representative, working out of the Coastal Cities Program of VITAS Innovative Hospice Care®. This position reports to Alissa Murgia, Director Market Development, with a start date of April 24, 2013.

Your compensation and benefits package will be as follows:

- A bi-weekly salary of $2,884.61 (which if annualized would be equivalent to $75,000.00).
- You will be eligible to participate in the incentive compensation program the first of the month following 30 days in the position. Earned incentive compensation will be paid out monthly.
- A guaranteed incentive compensation of $1,000.00 a month for the first three months of your employment. This payment is not tied to your monthly goals and is subject to applicable taxes.
- Normal benefits available to all comparable VITAS employees. Benefits eligibility commences the first of the month following 60 days of employment, with the exception of Short Term Disability, Long Term Disability and 401(k) participation which have 180 day waiting periods.

In addition you agree to comply with the following:

- You agree to sign and abide by the terms and conditions set forth in a separate non-compete/non-solicitation agreement.
- Except as authorized or directed by the Company, you will not publish or disclose at any time either during or after your employment by the Company any confidential, proprietary or business information of the Company, including information as to its products, services, systems, software, finances, marketing plans, programs, methods of operation, prospective and existing contracts and other business arrangements or use to your advantage or make it available to others for use.

VITAS®
Innovative
Hospice Care®

Rosanna Pérez
Page 2

Rosanna, we hope this letter summarizes your discussions with Alissa Murgia and describes agreeable terms for your employment. If so, please sign this letter in the space below as well as the terms and conditions set forth in the non-compete/non-solicitation agreement and return the letter and non-compete/non-solicitation agreement to me, thereby acknowledging that you understand and accept these terms and conditions. In accordance with VITAS policy, this job offer is contingent upon the successful completion of a background check and drug screening test to be taken within 48 hours of this job offer.

Everyone here is very excited about the prospect of you joining us. You will bring valuable experience and perspective and will make a great addition to VITAS Innovative Hospice Care® and to the Coastal Cities Program.

Sincerely,

Kal Mistry
Chief Administrative Officer/SVP

KM/cg

Accepted and agreed to as of this

18th Day of April 2013

Rosanna Perez

VITAS®
Innovative
Hospice Care®

# Exhibit B

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GOVERNOR EDMUND G. BROWN JR.
DEPARTMENT OF FAIR EMPLOYMENT & HOUSING DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

January 28, 2016

Michael Murphy
2625 Townsgate Road Suite 330
Westlake Village California 91361

RE: **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 729969-206419
Right to Sue: Perez / Vitas Healthcare Corporation

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer. You or your attorney must serve the complaint. If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GOVERNOR EDMUND G. BROWN JR.
DEPARTMENT OF FAIR EMPLOYMENT & HOUSING DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

January 28, 2016

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 729969-206419
Right to Sue: Perez / Vitas Healthcare Corporation

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GOVERNOR EDMUND G. BROWN JR.

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

January 28, 2016

Rosanna Perez
464 Via Val Verde
Montebello, California 90640

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 729969-206419
Right to Sue: Perez / Vitas Healthcare Corporation

Dear Rosanna Perez,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective January 28, 2016 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GOVERNOR EDMUND G. BROWN JR.
DEPARTMENT OF FAIR EMPLOYMENT & HOUSING DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Enclosures

cc:

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

**BEFORE THE STATE OF CALIFORNIA**

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**

**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of
Rosanna Perez, Complainant.
464 Via Val Verde
Montebello, California 90640

DFEH No. 729969-206419

vs.

Vitas Healthcare Corporation, Respondent.
100 SOUTH BISCAYNE BLVD SUITE 1500
Miami, Florida 33131

Complainant alleges:

1. Respondent **Vitas Healthcare Corporation** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **December 11, 2015**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination Terminated**, . Complainant believes respondent committed these actions because of their: **Medical Condition - including Cancer** .

3. Complainant **Rosanna Perez** resides in the City of **Montebello**, State of **California**. If complaint includes co-respondents please see below.

DFEH 902-1

**Additional Complaint Details:**

8.On or about April 18, 2013, Plaintiff entered into an employment agreement with Defendant Vitas and would hold the job title of sales representative at the Torrance, CA office location. Plaintiff started her first day of work on or about April 22, 2013.9.In consideration for Plaintiffs employment services as a sales representative, Defendant Vitas promised to pay Plaintiff a bi-weekly salary of $2,884.61, or an annual salary of approximately $75,000.00. Plaintiff would also receive a guaranteed incentive compensation amount of $1,000 per month for the first three months of employment. Further, Plaintiff would be eligible to participate in an incentivized earned compensation program starting the second month of employment, which would be paid out monthly. Lastly, Plaintiff would be entitled to participate in benefits available to all of Defendant Vitas employees, including but not limited to, short term disability insurance, long term disability insurance, vision care plans, dental benefits, health care insurance, 401(k) retirement benefits, paid time off benefits, and more. A true and correct copy of this employment agreement is attached hereto as Exhibit A. 10.In or around April of 2014, Defendant Vitas assigned Plaintiff to the admission liaison position. As an admission liaison, Plaintiff was primarily responsible for developing and supporting appropriate referrals by creating and sustaining educational and consultative relationships as well as present Defendant Vitas services and philosophy to patients and families in a manner that would result in the admission of appropriate patients who chose to elect hospice services. 11.After more than two years of employment, on or about October 26, 2015, Plaintiffs physician diagnosed her with thyroid cancer and informed Plaintiff that she would need to take time off from work to undergo surgery. 12.On or about October 27, 2015, Plaintiff filled out a form requesting time off from work and submitted it to Defendant Vitas human resources department for approval. Plaintiff gave actual notice that starting on or around November 17, 2015, she needed approximately two (2) weeks to attend hospital visits, to undergo thyroid cancer surgery, to allow for recovery time and pain management, and to attend post-operative follow-up visits with her doctor. 13.Further, Plaintiff informed her direct supervisor, Nicole Giles, that she needed to take medical leave from work for the purpose of undergoing surgery to treat her thyroid cancer. Prior to November 17, 2015, Ms. Giles informed Plaintiff that the general manager, Raymund Villaluz, had approved her time off request. 14.On or about November 19, 2015, Plaintiff underwent thyroidectomy surgery to remove her thyroid gland. 15.Sometime after Plaintiffs thyroidectomy surgery, Ms. Giles informed Plaintiff that she needed a doctors note before returning to work. 16.On or about December 2, 2015, Plaintiff had a follow-up visit her surgeon, Dr. Michael Yeh, and obtained a doctors note from him giving her permission to return to work. After Plaintiffs doctors visit, she promptly returned to work that day and submitted her doctors note to the human resources department. Plaintiff resumed her job duties as normal and continued to work throughout the week. 17.On or about December 10, 2015, Plaintiffs direct supervisor, Ms. Giles, had an informal discussion with Plaintiff regarding future

admissions quotas for that particular office. During the conversation, Ms. Giles informed Plaintiff that if the Torrance, CA office did not turn around its admissions intake, that particular office could be closed in as early as six months. Plaintiff appreciated the seriousness of this discussion because she knew that her job as well as everybody elses jobs at that location could be at stake and immediately returned to work. 18.Despite the seriousness of the conversation between Plaintiff and Ms. Giles, Plaintiff expected to continue employment with Defendant Vitas because she had consistently and continuously held an admissions conversion rate within the top tier and remained one of its top performers for its hospice client intake. Further, Plaintiff had remained loyal and hardworking in carrying out all of her job responsibilities and duties.19.The next day, on December 11, 2015, the general manager, Raymund Villaluz, called Plaintiff into his office and stated that the overall financial condition of the office was not doing very well. Mr. Villaluz stated that her position was being terminated and offered Plaintiff a three (3) week severance check and a release form to sign, which would be in effect for only 45 days thereafter. 20.Despite Mr. Villaluzs assertion that her job position as admission liaison was being terminated, Plaintiff was informed the week after being terminated that there was a job opening that was being advertised on indeed.com for a new admission liaison position at the Torrance, CA office location. After reviewing Defendant Vitas main website, seven (7) sales and admissions related job positions were being advertised for the Torrance, CA office location. 21.As a direct and proximate result of Defendant Vitas wrongful acts and/or omissions, Plaintiff has suffered harm in an amount to be proven at trial. 34.Plaintiff is informed and believes, and thereon alleges, that Defendants primary and substantial motive and/or purpose for which Defendant Vitas terminated its employment relationship with Plaintiff was because she had been diagnosed with cancer and for fear that Plaintiff would not be able to fulfill her job duties and responsibilities as admissions liaison with the same turnaround admissions rate and performance that she had previously produced at the Torrance, CA office location. 35.It is the public policy of the State of California to protect all persons from employment discrimination and from abridgment on account of a serious medical condition, specifically cancer. 36.Defendant Vitas acts of terminating Plaintiffs employment due to her cancer are in violation of public policy pursuant to Government Code Sections 12920 and 12921.37.Plaintiff is informed and believes, and thereon alleges, that the improper motive and/or purpose for which Defendant Vitas terminated its employment relationship with Plaintiff was a substantial factor in its decision to terminate Plaintiff from employment, thus causing her harm. 38.Plaintiff would have continued and expected to continue employment with Defendant Vitas but for Defendant Vitas wrongful acts and/or omissions of terminating Plaintiff as a result of her serious medical conditions.

VERIFICATION

I, Michael C. Murphy, Jr., Esq., am the Attorney for Complainant in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On January 28, 2016, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Westlake Village, CA
Michael C. Murphy, Jr., Esq.

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address)
LAW OFFICES OF MICHAEL C. MURPHY
Michael C. Murphy, Esq. (S.B. No. 104872)
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
TELEPHONE NO.: 805-494-8929 FAX NO.
ATTORNEY FOR (Name): Plaintiff, Rosanna M. Perez

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 03 2016

Sherri R. Carter, Executive Officer/Clerk
By: [signature], Deputy
Ishayla Chambers

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME:
Perez v. Vitas Healthcare, et al.

CASE NUMBER: BC 6 0 8 9 2 6

# CIVIL CASE COVER SHEET

☑ Unlimited (Amount demanded exceeds $25,000)
☐ Limited (Amount demanded is $25,000 or less)

Complex Case Designation
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify)*: Four: (1) Wrongful Termination in Violation of Public Policy; etc.
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 29, 2016
Michael C. Murphy, Esq.
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

## NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| SHORT TITLE: Perez v. Vitas Healthcare, et al. | CASE NUMBER BC 6 0 8 9 2 6 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ✓ YES CLASS ACTION? YES LIMITED CASE? YES TIME ESTIMATED FOR TRIAL 7 HOURS/ ✓ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

SHORT TITLE: Perez v. Vitas Healthcare, et al.

CASE NUMBER

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | ☑ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 2., 5., 6, 11<br>2., 5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Perez v. Vitas Healthcare, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE: Perez v. Vitas Healthcare, et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | ADDRESS: 990 W. 190th St., Suite 120 |
|---|---|---|---|
| CITY: Torrance | STATE: CA | ZIP CODE: 90502 | |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a).

Dated: January 29, 2016

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)
Case Number BC 6 0 8 9 2 6

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|---|
| | Hon. Kevin C. Brazile | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 | |
| | Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| | Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 | |
| | Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 | |
| | Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| | Hon. Richard E. Rico | 17 | 309 | | Hon. Steven J. Kleifield | 53 | 513 | |
| | Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| | Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| X | Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 | |
| | Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| | Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 | |
| | Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Daniel S. Murphy | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| | Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 | |
| | Hon. Gregory Alarcon | 36 | 410 | | Hon. Suzanne G. Bruguera | 71 | 729 | |
| | Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 | |
| | Hon. Elizabeth Feffer | 39 | 415 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| | Hon. Michelle R. Rosenblatt | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 | |
| | Hon. Holly E. Kendig | 42 | 416 | | | | | |
| | Hon. Mel Red Recana | 45 | 529 | | Hon. Emile H. Elias | 324 | CCW | |
| | Hon. Frederick C. Shaller | 46 | 500 | | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 324 | CCW | |
| | Hon. Debre K. Weintraub | 47 | 507 | | | | | |

***Complex**

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on FEB 03 2016 SHERRI R. CARTER, Executive Officer/Clerk

By Ishayla Chambers, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

CT Corporation

**Service of Process Transmittal**
02/10/2016
CT Log Number 528623923

**TO:** Tamara Mclendon-Coleman
Vitas Healthcare Corporation
201 S Biscayne Blvd Ste 400
Miami, FL 33131-4324

**RE:** **Process Served in Delaware**

**FOR:** Vitas Healthcare Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ROSANNA M. PEREZ,, etc., Pltf. vs. VITAS HEALTHCARE CORPORATION OF CALIFORNIA, etc., et al., Dfts. // To: Vitas Healthcare Corporation |
| **DOCUMENT(S) SERVED:** | Summons, Instructions, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central District, CA<br>Case # BC608926 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - On the Basis disability |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/10/2016 at 14:53 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Michael C. Murphy<br>LAW OFFICES OF MICHAEL C. MURPHY<br>2625 Townsgate Road, Suite 330<br>Westlake Village, CA 91361<br>(805) 494-8929 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 782352998627 |
| **SIGNED:** | The Corporation Trust Company |
| **ADDRESS:** | 1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **TELEPHONE:** | 302-658-7581 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.