REED E. SCHAPER (SBN 082792)
rschaper@hkemploymentlaw.com
FERRY LOPEZ (SBN 274080)
flopez@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard - Suite 600
Santa Monica, CA  90401
Telephone:  (310) 255-0705
Facsimile:  (310) 255-0986

Attorneys for Defendants
VITAS HEALTHCARE CORPORATION
OF CALIFORNIA and VITAS
HEALTHCARE CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSANNA M. PEREZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a Delaware corporation; VITAS HEALTHCARE CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  2:16-cv-01681 DSF (AJWx)<br>Hon. Dale S. Fisher – Dept. 7D<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS VITAS HEALTHCARE CORPORATION OF CALIFORNIA AND VITAS HEALTHCARE CORPORATION'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[Filed concurrently with Defendants' Reply to Plaintiff's Statement of Genuine Disputes; Defendants' Objections to Plaintiff's Evidence; and Defendants' Reply to Plaintiff's Objections to Evidence]<br><br>**DATE:    March 27, 2017**<br>**TIME:    1:30 p.m.**<br>**DEPT.:   7D**<br><br>State Court Case No: BC608926<br><br>**Complaint Filed: February 3, 2016** |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ..................................................................................................1

II. PEREZ'S CLAIM FOR FAILURE TO ACCOMMODATE FAILS BECAUSE VITAS' DUTY TO ACCOMMODATE NEVER AROSE ............2

   A. The Undisputed Evidence Proves That Perez Returned To Work With No Restrictions Or Limitations And Did Not Request An Accommodation ........................................................................................2

      1. A Vague Need For "Treatment In The Future" Is Not A Limitation, Restriction, Or Adequate Request For Time Off Under California Or Federal Law .........................................2

      2. A Vague Need For "Treatment In The Future" Is Not A Limitation, Restriction, Or Adequate Request For Accommodation Even Under The Cases Perez Relies Upon ..........................................4

      3. Any "Disputes" Raised By Perez Regarding The Absence Of Limitations, Restrictions, Or Request For Accommodation Are Artificial Self-Contradictions Because She Has Adequately Requested Time Off In The Past .........................................................7

   B. Because Perez Had No Limitations Or Restrictions And Failed To Request An Accommodation, Perez's 216 Additional Facts Are Immaterial And Irrelevant ........................................................................8

III. PEREZ'S WRONGFUL TERMINATION CLAIMS BASED ON DISABILITY DISCRIMINATION FAIL .......................................................9

   A. It Is Undisputed That Perez Was Not Disabled After Her Surgery ............9

   B. It Is Undisputed That Neither Mack Or Villaluz Had Knowledge Of Perez's Alleged Disability ..........................................................................9

   C. There is No Evidence That VITAS' Stated Reasons for Perez's Layoff Are Pretextual ................................................................................10

   D. Perez Fails to Meet Her Legal Burden to Provide Substantial Responsive Evidence of Intentional Discrimination ................................11

IV. PEREZ'S CLAIM FOR BREACH OF IMPLIED COVENANT FAILS BECAUSE THERE IS NO EVIDENCE THAT VITAS VIOLATED ANY TERM OF ANY AGREEMENT WITH PEREZ ..................................12

V. CONCLUSION ..................................................................................................12

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Alejandro v. ST Micro Elecs.*,
   129 F. Supp. 3d 898 (N.D. Cal. 2015).................................................................. 6

*Del Carmen Guadalupe v. Agosto*,
   299 F.3d 15 (1st Cir. 2002) .................................................................................. 8

*Kennedy v. Allied Mutual Insurance Co.*,
   952 F.2d 262 (9th Cir. 1991)................................................................................ 7

*O'Connor v. PCA Family Health Plan, Inc.*,
   200 F. 3d 1349 (11th Cir. 2000)......................................................................... 10

*Raytheon Co. v. Hernandez*,
   540 U.S. 44 (2003) ............................................................................................. 10

*Throneberry v. McGehee Desha County Hosp.*,
   403 F.3d 972 (8th Cir. 2005).............................................................................. 10

**State Cases**

*Avila v. Continental Airlines, Inc.*,
   165 Cal. App. 4th 1237 (2008)............................................................................. 2

*Gelfo v. Lockheed Martin Corp.*,
   140 Cal. App. 4th 34 (2006).............................................................................2, 9

*Guthrey v. State of California*,
   63 Cal.App.4th 1108 (1998)................................................................................. 9

*Guz v. Bechtel Nat'l, Inc.*,
   24 Cal. 4th 317 (2000)................................................................................. 11, 12

*King v. United Parcel Service, Inc.*,
   52 Cal. App. 4th 426 (2007).................................................................. 3, 4, 8, 12

*Mixon v. Fair Employment & Housing Comm.*,
   192 Cal. App. 3d 1306 (1987)............................................................................ 10

*Moore v. Regents of University of California*,
   248 Cal. App. 4th 216 (2016) .............................................................................. 6

*Soria v. Univision Radio Los Angeles, Inc.*,
   5 Cal. App. 5th 570 (2016) .................................................................................. 5

*Trop v. Sony Pictures Entertainment Inc.*,
   129 Cal. App. 4th 1133 (2005) .......................................................................... 10

## I. INTRODUCTION

None of Plaintiff Rosanna Perez's additional 216 *immaterial* facts[1] or cases in her Opposition alters the conclusion that VITAS cannot be liable for failing to provide an accommodation or related claims. The *undisputed material* facts still prove that VITAS did not breach any duty to accommodate Perez after her surgery because Perez (1) returned to work with no limitations/restrictions, (2) failed to identify any limitation/restriction needing accommodation at that time, and (3) failed to request an accommodation. With respect to her discrimination claims, Perez has admitted that she has no evidence that the two individuals who made the decision to eliminate her position had any knowledge of her alleged disability. Each of these bedrock issues are confirmed by Perez's own undisputable deposition testimony:

- Perez testified that since her thyroid surgery, none of her physicians has informed her that she had limitations or was unable to perform her job as an Admissions Liaison (Pl. Dep. 111:9-11; 112:17-20);

- Perez testified that she felt that she could perform the essential functions of her job "100 percent" and did not request an accommodation (Pl. Dep. 93:15-24);

- Perez admitted she *never* told Raymund Villaluz or Jo Ann Mack that she had thyroid cancer, surgery, or needed an accommodation (Pl. Dep. 97:19-21; 101:12-13, 21-102:7);

- It is irrefutable that Villaluz and Mack – the sole termination decision makers – had no knowledge of any alleged disability. (Mack Dep. 52:6-17, 54:11-55:12; Villaluz Dep. 30:21-24; 36:15-17, 22-37:11; 45:2-7, 48:3-7). Perez again has adduced absolutely no evidence to the contrary.

Based on this, Perez simply cannot establish a *prima facie* case for failure to accommodate or related disability discrimination claims. Even if she could, her claims still fail because she has no evidence that VITAS' stated reason for eliminating her position was false or evidence of pretext. VITAS' motion for summary judgment should be granted in its entirety.

---

[1] Indeed, as discussed in VITAS' Reply Statement, all such "disputes" are illusory, immaterial, and/or unsupported by the required evidence.

1

## II. PEREZ'S CLAIM FOR FAILURE TO ACCOMMODATE FAILS BECAUSE VITAS' DUTY TO ACCOMMODATE NEVER AROSE

### A. The Undisputed Evidence Proves That Perez Returned To Work With No Restrictions Or Limitations And Did Not Request An Accommodation

Perez cannot proceed with any disability-related claim unless she can establish that she had a limitation or restriction and requested an accommodation. *See, e.g.*, *Avila v. Continental Airlines, Inc.*, 165 Cal. App. 4th 1237, 1252-1253 (2008) ("the duty of an employer reasonably to accommodate an employee's handicap does not arise until the employer is aware of [employee]'s disability and physical limitations."); *Gelfo v. Lockheed Martin Corp.,* 140 Cal. App. 4th 34, 54 (2006). Perez cannot dispute that even when she returned to work after her thyroid surgery, she returned with a doctor's note stating she had no restrictions or limitations. (UF 13; Declaration of Rosanna Perez in Support of Opposition to Motion for Summary Judgment ["Perez Decl."], ¶ 24, Ex. 37; Pl. Dep. 93:15-24). At the time she returned to work – and at the time the decision to eliminate her position was made – there simply was no physical limitation to accommodate.

#### 1. A Vague Need For "Treatment In The Future" Is Not A Limitation, Restriction, Or Adequate Request For Time Off Under California Or Federal Law

Contrary to her own deposition testimony and documentation, Perez's Opposition marks the first time she contends that she actually did have a limitation or restriction when she returned to work from her thyroid surgery (Opp. 12:25-26; 13:26-28) and requested an accommodation for time off. (Opp. 11:27-12:1). Her sole basis for both is only that she mentioned to Giles, Ayala, and Murray that she would need "treatment in the future." (Perez Decl. ¶¶ 25-26; Opp. 11:12-23; 12:25-13:17).

What she described, however, is neither a limitation nor a restriction requiring accommodation. Indeed, there was no accommodation she currently needed to perform her job. She did not need time off (she had just returned from

leave, at her own request, early), and there is certainly no basis to assume that if and when the need for time off in the future arose, it would not have been made available to her. Every time Perez had needed time off for any reason related to her medical care, VITAS had made it available without question. No one had suggested time off, or even the potential need for time off, was creating any issues whatsoever. She was never disciplined or cautioned about the use of time off. The only evidence in this matter – that Perez herself has confirmed – is that Giles confirmed that VITAS would work through any issues: "Nicole Giles told Ms. Perez that she went through cancer treatment, was very supportive, told her everything was going to be okay, and not to worry about work." (Plaintiff's Additional Fact 69).

The decision in *King v. United Parcel Service, Inc.*, 52 Cal. App. 4th 426 (2007) is most instructive. In *King*, the plaintiff truck driver was transferred from a daytime shift to a more demanding evening schedule. *King, supra*, 152 Cal. App. 4th at 434. After he was diagnosed with a blood disorder, he took a five-month medical leave. *Id.* Upon returning from the leave, the plaintiff presented a note from his doctor, stating that he was released to perform his regular duties and hours. *Id.* at 444. The plaintiff was returned to his evening schedule, and later discharged. He asserted disability-related FEHA claims, alleging that his employer failed to accommodate his blood disorder. *Id.* at 442-444. The trial court granted summary judgment on the claims, reasoning that the driver neither made a specific request for a necessary accommodation nor presented a "concise list of restrictions." In affirming summary judgment, the appellate court noted that the plaintiff neither communicated his disorder-related work limitations to his supervisors nor clarified his medical restrictions. *Id.* at 443. The court found that the plaintiff's discussions with his supervisor were "vague at best" and any "discrepancy over just what plaintiff said to whom does not, given what is not disputed, rise to the level of material fact." *Id.* The court stated: "We agree with the trial court that plaintiff has

3

not sustained his burden of demonstrating a genuine issue of material fact given his failure to get additional clarification from his doctor . . . and to communicate his limitations to his supervisors." *Id.* at 444. Moreover, "given [plaintiff's] apparent ability to work them and 'get the job done' after his return, it was incumbent upon him to produce clear and unambiguous doctor's orders restricting the hours he could work." *Id.* at 443.

Like the plaintiff in *King*, Perez returned to work after her thyroid surgery with a note from her doctor stating she had no restrictions or limitations. (UF 13; Perez Decl., ¶ 24, Ex. 37; Pl. Dep. 93:15-24). Also like *King*, Perez confirmed she "felt great" and could get her job done "100 percent" when she returned to work. (UF 14). At the time Perez mentioned to Giles, Ayala, and Murray that she might need "radioactive iodine treatment *in the future*" (Perez Decl. ¶¶ 25-26) (emphasis added), she did not know *when* she needed time off, *how much* time off, or even *if* she needed time off for her future treatment. In fact, she did not know any specific information about her treatment until *after* her employment with VITAS ended. Perez states, "At this particular time period, my radioactive iodine treatment had not been scheduled with the hospital and I did not know how much additional time off I would need from work. I did not start my radioactive iodine treatment until December 23, 2015." (Perez Decl. ¶¶ 27). Perez's employment ended on December 11, 2015. (UF 23). Perez could not have possibly initiated an interactive dialogue (and VITAS could not have responded) because she did not know what she needed or when she needed it. As in *King*, Perez's statement that she would need future treatment is "vague at best" and "far less than what FEHA demands" to trigger an employer's duty to accommodate. *King, supra*, 52 Cal. App. 4th at 444. VITAS is entitled to summary judgment on Perez's failure to accommodate claim.

### 2. A Vague Need For "Treatment In The Future" Is Not A Limitation, Restriction, Or Adequate Request For Accommodation Even Under The Cases Perez Relies Upon

There is no authority to support Perez's contention that a need for treatment

4

in the future is a limitation in the present. Nor is there authority to suggest that treatment in future requires an accommodation in the present. Perez's broad interpretation of the disability accommodation laws is unsupported by even the cases on which she relies.

For instance, the case on which Perez primarily relies. *Soria v. Univision Radio Los Angeles, Inc.*, 5 Cal. App. 5th 570 (2016) presents fundamentally different facts. There, the court found that the plaintiff actually requested an accommodation because she specifically told her supervisor that she intended to have surgery to remove a tumor and needed time off for her surgery in December (the month following her request). *Soria, supra*, 5 Cal. App 5th at 598-99. In other words, the plaintiff told her supervisor what she needed (time off for surgery) and when she would need it (December).[2] Perez, however, did not made any such specific request. She did not know when she needed time off or even if she needed additional time off for "future treatment" when she returned to work. Because Perez did not learn any concerning possible future treatment until after her employment ended (Pl. Additional Facts 97, 98), there is no possible way that she told anyone at VITAS what she needed or when she needed it. Moreover, the plaintiff in *Soria* was ultimately terminated in connection with attendance-related issues arguably aggravated by her need for time off during treatment. Here, however, there is no connection between Perez's ultimate need for time off and the decision to eliminate her position. That decision was unrelated to her time off associated with prior treatment and, because she had not determined the timing of future treatment, was unrelated to any potential future need as well.

---

[2] Moreover, the supervisor in *Soria* denied the plaintiff's request for time off for surgery in December because another employee had already requested time off for an operation in December, which is not the case here. *Soria, supra*, 5 Cal. App 5th at 598-99. Perez does not (and cannot) dispute that VITAS granted her request for paid time off and approved her FMLA leave for her thyroid surgery. (UF 11, 12; Pl. Additional Fact 85).

5

Similarly, while Perez cites *Prillman v. United Air Lines, Inc.* to argue that an employer's "duty to investigate and accommodate an employee with cancer arises even when the employee has not requested any accommodations" (Opp. 11:16-18), none of the plaintiffs in *Prillman* had cancer. 53 Cal. App. 4th 935, 940 (1997). Nor does *Prillman* recognize this heightened duty suggested by Perez. Instead, consistent with established legal standards, the court explained that "[d]uty of an employer reasonably to accommodate an employee's handicap *does not arise* until the employer is aware of the [employee]'s disability *and physical limitations*. 53 Cal. App. 4th 935, 949-950 (1997) (internal citations omitted) (emphasis added). As discussed above, even assuming Perez had limitations or restrictions, Perez has offered no evidence in Opposition to establish the requisite employer knowledge. (See Section II.A., *supra*).

Perez's remaining cases in her Opposition equally offer her no meaningful support:

- *Alejandro v. ST Micro Elecs.*, 129 F. Supp. 3d 898, 911 (N.D. Cal. 2015) instructs that "[i]t is an employee's responsibility to . . . present the employer at the earliest opportunity with a concise list of restrictions which must be met to accommodate the employee." Perez failed to meet this prerequisite.

- *Moore v. Regents of University of California*, 248 Cal. App. 4th 216 (2016) also unequivocally holds that "the employee must request an accommodation" which Perez indisputably did not do. Unlike Perez, the plaintiff in *Moore* actually told management what she needed (2-3 days off for surgery) and when she needed it (in April). *Id.* at 228. If anything, *Moore* confirms that had VITAS assumed some limitation and explored an unneeded accommodation, it would be regarding Perez as disabled rather than appropriately dealing with her as someone who stated she had no restrictions. *See id.* at 227, 243 (plaintiff was not disabled since she stated she "could do her work and her job fine," but the employer "regarded" her as disabled by imposing an unneeded accommodations like

6

"lighten[ing] [plaintiff's] load to get rid of some of the stress.").

### 3. Any "Disputes" Raised By Perez Regarding The Absence Of Limitations, Restrictions, Or Request For Accommodation Are Artificial Self-Contradictions Because She Has Adequately Requested Time Off In The Past

Not unexpectedly, Perez attempts to manufacture some "dispute" of the facts concerning the absence of her limitations and request of an accommodation. These "disputes" are readily false, especially since they rely on contradictions between arguments Perez makes in her Opposition and admissions she made in deposition concerning those same issues. *See Kennedy v. Allied Mutual Insurance Co.*, 952 F.2d 262, 266 (9th Cir. 1991).

Specifically, Perez labels facts as "disputed" but cites no evidence in support and ignores VITAS' evidence that contain quotes from her own deposition testimony. For example, Fact 15 reads: "Since her thyroid surgery, none of Perez's physicians has informed her that she had limitations or was unable to perform her job as an Admission Liaison." In support, VITAS cites Perez's deposition testimony admitting this fact. (Pl. Dep. 111:9-11; 112:17-20). For ease, Perez's exact testimony reads:

> Q. After you returned to work, did any doctors tell you you had any limitations to perform your job?
> A. No.

(Pl. Dep. 111:9-11)

> Q. Okay. And after Vitas laid you off, has any doctor told you that you are unable to perform your job as admissions liaison?
> A. Absolutely not, no.

(Pl. Dep. 112:17-20).

Yet, Perez labels this fact as "disputed" without addressing her deposition testimony. Similarly, Perez labels as "disputed" the fact that she did not request an accommodation without offering any supporting evidence. The veracity of her disputes is belied by the undisputed fact that Perez knew how to request time off and indeed had taken time off for her thyroid surgery. (UF 11, 12). Had Perez

7

actually believed she had a limitation/restriction or needed time off for future treatment when she returned to work, there is no reason to believe that she would not have followed the same steps she had previously taken. Indeed, it is undisputed that VITAS has never denied her requests for paid time off to attend doctor's appointments nor her request for paid time off and FMLA for her thyroid surgery. (UF 8, 9, 11, 12).

A dispute, however, is not genuine simply because the plaintiff labels a fact as "disputed." Courts have held that "[a] genuine issue of material fact does not spring into being simply because a litigant claims that one exists." *Del Carmen Guadalupe v. Agosto*, 299 F.3d 15, 23 (1st Cir. 2002). Instead, the plaintiff must come forth with specific evidence demonstrating that a particular fact is disputed. *See id.* She has not. Instead, the evidence is clear that Perez did not have any limitations necessitating an accommodation nor did she request an accommodation. Perez has offered no evidence to the contrary. *See King, supra*, 152 Cal. App. 4th at 442-444 (granting summary judgment on failure to accommodate claim where employee's note from doctor did not contain limitations or restrictions). VITAS is again entitled to summary judgment on Perez's failure to accommodate claim.

**B. Because Perez Had No Limitations Or Restrictions And Failed To Request An Accommodation, Perez's 216 Additional Facts Are Immaterial And Irrelevant**

Perez has forced VITAS and this Court to wade through pages of "evidence," arguments, and statements about how well Perez believed she was performing and the existence of various unauthenticated job postings she has seen on search engines, yet fails to set forth *any* evidence to support her disability discrimination-based claims. Because Perez has failed to set forth a *prima facie* case as set forth above, it is immaterial whether she satisfactorily performed her duties or whether VITAS' other programs had job openings. These "facts" provide nothing more than distraction.

### III. PEREZ'S WRONGFUL TERMINATION CLAIMS BASED ON DISABILITY DISCRIMINATION FAIL

#### A. It Is Undisputed That Perez Was Not Disabled After Her Surgery

"[A plaintiff] must demonstrate his injury or physical condition . . . makes 'difficult' the achievement of work or some other major life activity." *Gelfo, supra,* 140 Cal. App. 4th at 47. As detailed in Section II.A.1.-3., Perez was not limited in any way when she returned to work. Her doctor released her with no restrictions or limitations and she asserted that she was 100% able to perform and did not need an accommodation. (UF 13, 14). She did not have a disability that currently required any accommodation, and thus cannot establish the first element of her claim.

#### B. It Is Undisputed That Neither Mack Or Villaluz Had Knowledge Of Perez's Alleged Disability

It is undisputed that neither Mack nor Villaluz – the two decision makers – knew that Perez had a disability when they made the decision to terminate her employment. (UF 21). Although Perez labels this fact as "disputed," she offers no evidence in support. In fact, Perez concedes in her Statement of Genuine Disputes that "Plaintiff does not have sufficient information or evidence to know whether Ms. Mack or Mr. Villaluz did in fact have knowledge about Perez's disability prior to her termination." (Plaintiff Rosanna Perez's Statement of Genuine Disputes ["Pl. Stmt."] Response to UF 21). The absence of any such knowledge – and the absence of any evidence at this point – is fatal to her claims. Mere "speculation is insufficient" to establish a claim of discrimination. *Guthrey v. State of California*, 63 Cal.App.4th 1108, 1118 (1998) (rejecting plaintiff's subjective opinion as basis for discrimination). Moreover, Perez's unfounded speculation is completely contradicted and *proven untrue* by the *actual evidence:*

- Mack and Villaluz both testified under penalty of perjury that they had no knowledge of Perez's thyroid cancer until after her termination. (Mack Dep. 52:6-17, 54:11-55:12; Villaluz Dep. 30:21-24; 36:15-17, 22-37:11; 45:2-7, 48:3-7).
- Perez testified that she did not discuss her thyroid cancer with Mack or Villaluz. (Pl. Dep. 97:19-21; 101:12-13, 21-102:7).

9

In the face of this evidence, which was adduced in depositions – Perez's unsupported speculative theory is simply irrelevant. Absent specific evidence that those who made the decision to terminate Perez had knowledge of her disability, Perez cannot make the required showing "that there was a 'causal connection' between the employee's protected status and the adverse employment decision." *Mixon v. Fair Employment & Housing Comm.*, 192 Cal. App. 3d 1306, 1319 (1987) (emphasis added); *see also Raytheon Co. v. Hernandez*, 540 U.S. 44, 55 n.7 (2003) (requiring evidence that the employer had knowledge of alleged disability); *Trop v. Sony Pictures Entertainment Inc.*, 129 Cal. App. 4th 1133, 1145 (2005) (holding that "[a]n employee cannot make out a *prima facie* case of discrimination based upon pregnancy under FEHA in the absence of evidence the employer knew the employee was pregnant."). As a result of her and all other witnesses' deposition admissions and declarations, Perez cannot establish a *prima facie* case for wrongful termination based on disability discrimination against VITAS.

### C. There is No Evidence That VITAS' Stated Reasons for Perez's Layoff Are Pretextual

Villaluz and Mack eliminated Perez's position after a significant review and analysis of the Coastal Cities Program's expenses and declining admissions rate. (UF 18-20). Perez has offered no admissible evidence that VITAS' legitimate, non-discriminatory justifications for Perez's layoff and the elimination of her position are pretextual. *See, e.g.*, *Throneberry v. McGehee Desha County Hosp.*, 403 F.3d 972 (8th Cir. 2005) (an employer may deny reinstatement where an employee's position was eliminated during FMLA leave, or the employee would have been laid off or otherwise terminated for reasons unrelated to the leave); *O'Connor v. PCA Family Health Plan, Inc.*, 200 F. 3d 1349, 1354 (11th Cir. 2000) (employee terminated during leave as part of reduction-in-force).

While she questions whether a decision was ever made to eliminate the Admission Liaison position (Pl. Stmt. 20), her cynicism is contradicted by her

concessions and evidence: Perez does not dispute the fact that Villaluz and Mack "had discussions about the Coastal Cities Program waning in productivity." (Pl. Stmt. 18). Nor does she dispute that "Villaluz informed Perez of her position's elimination due to the Program's declining patient census." Finally, Perez does not dispute that "the Coastal Cities Program has not employed an Admission Liaison since her termination." (Pl. Stmt. Response to UF 23, 24).

### D. Perez Fails to Meet Her Legal Burden to Provide Substantial Responsive Evidence of Intentional Discrimination

Even assuming Perez could somehow prove that VITAS' reasons were false (which she has not and cannot), she has completely failed to meet her difficult burden of proving that the real reason was discrimination based upon her alleged disability. A FEHA plaintiff must prove not only (1) that the defendant's reason is false, *but* must *also* (2) provide substantial responsive evidence of intentional discrimination to survive summary judgment. *See University of Southern California*, 222 Cal. App. 3d 1028, 1039 (1990); *Guz v. Bechtel Nat'l, Inc*., 24 Cal. 4th 317, 361 (2000) (requiring "evidence supporting a rational inference [of] intentional discrimination"). Perez has offered no such evidence that the reason is false. While Perez relies on VITAS' job advertisements, the advertisements are either unauthenticated inadmissible hearsay (from Indeed.com) or irrelevant (for other positions in other VITAS programs). Moreover, Perez's own evidence confirms that the only advertisement for an Admission Liaison position in the Coastal Cities Program was posted in August 3, 2015, well before Villaluz and Mack determined the need to downsize the department. (Plaintiff's Evidence in Support of Opposition ["Pl. Evid."], Exs. 56 and 57) It was never filled and never actually pursued by VITAS. (Pl. Evid., Exs. 56 and 57; Pl. Stmt. Response to UF 23, 24). Thus, Perez has presented absolutely no evidence, much less substantial responsive evidence, of intentional discrimination. Without such evidence, summary judgment is absolutely warranted.

11

Additionally, under the FEHA "[i]t is the employer's honest belief in the stated reasons for firing an employee and not the objective truth or falsity of the underlying facts that is at issue in a discrimination case." *King, supra*, 152 Cal. App. 4th at 436 (emphasis added); *Guz, supra*, 24 Cal. 4th at 357-58 (as long as the employer's proffered termination reason is "'nondiscriminatory on [its] face'" and "'honestly believed' by the employer," the reason need not be "wise or correct," and will suffice even if determined to be "foolish or trivial or baseless."). It was Perez's burden to set forth specific substantial evidence to prove that there was intentional discrimination to avoid summary judgment. She has failed. Thus, summary judgment is appropriate.

### IV. PEREZ'S CLAIM FOR BREACH OF IMPLIED COVENANT FAILS BECAUSE THERE IS NO EVIDENCE THAT VITAS VIOLATED ANY TERM OF ANY AGREEMENT WITH PEREZ

As confirmed by her Opposition, Perez's claim for breach of implied covenant of good faith and fair dealing is completely derivative of her discrimination-based claims. (Opp. 25:12-18). Since, for the reasons previously stated, Plaintiff's discrimination-based claims fail as a matter of law, this derivative claim must also fail.

### V. CONCLUSION

Perez's Opposition does not establish the fundamental prerequisites to her claims. Considering this complete factual and legal inability, VITAS respectfully requests that the Court grant this motion and enter summary judgment.

Dated: March 13, 2017                    HIRSCHFELD KRAEMER LLP

                                         By:  */s/ Reed E. Schaper*
                                              Reed E. Schaper
                                              Ferry Lopez
                                         Attorneys for Defendants
                                         VITAS HEALTHCARE CORPORATION
                                         OF CALIFORNIA and VITAS
                                         HEALTHCARE CORPORATION

12