REED E. SCHAPER (SBN 082792)
  rschaper@hkemploymentlaw.com
FERRY LOPEZ (SBN 274080)
  flopez@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard - Suite 600
Santa Monica, CA  90401
Telephone:  (310) 255-0705
Facsimile:  (310) 255-0986

Attorneys for Defendants
VITAS HEALTHCARE CORPORATION
OF CALIFORNIA and VITAS
HEALTHCARE CORPORATION

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSANNA M. PEREZ, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a Delaware corporation; VITAS HEALTHCARE CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.  2:16-cv-01681 DSF (AJWx)<br><br>Hon. Dale S. Fisher – Dept. 7D<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES RE: DEFENDANTS VITAS HEALTHCARE CORPORATION OF CALIFORNIA AND VITAS HEALTHCARE CORPORATION'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[Filed concurrently with Defendants' Reply Memorandum of Points and Authorities; Defendants' Reply to Plaintiff's Objections to Evidence; and Defendants' Objections to Plaintiff's Evidence]<br><br>**DATE:     March 27, 2017**<br>**TIME:**     **1:30 p.m.**<br>**DEPT**.:     **7D**<br><br>**State Court Case No: BC608926**<br><br>**Complaint Filed: February 3, 2016** |

1

4850-2138-2724

Defendants VITAS HEALTHCARE CORPORATION OF CALIFORNIA and VITAS HEALTHCARE CORPORATION (collectively "VITAS" or "Defendants") hereby submit the following Reply to Plaintiff's Statement of Genuine Disputes in response to Plaintiff's Opposition and in support of Defendants' Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment:

| | **DEFENDANTS' UNCONTROVERTED MATERIAL FACTS** | | **PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE** |
|---|---|---|---|
| 1. | On or about February 28, 2013, Plaintiff Rosanna Perez submitted an employment application to work for VITAS' Coastal Cities Program in which she acknowledged her understanding that her "employment [would be] for no definite or determinable period and may be terminated at any time, with or without prior notice, at the option of either [Perez] or VITAS". Deposition of Plaintiff Rosanna Perez ("Pl. Dep.") 53:9-54:18; Declaration of Ferry E. Lopez ["Lopez Decl."], ¶ 10, Ex. H.[1] | 1. | Undisputed. |
| 2. | On or about April 22, 2013, Perez began working as a Sales Representative for VITAS' Coastal Cities Program, with a base annual salary of approximately $75,000. Compl., ¶¶8-9; Pl. Dep. 55:24-56:2. | 2. | Undisputed. |
| 3. | Perez was told that she was not meeting her sales goals and had a conversation with her supervisor | 3. | Disputed. **Objection:** |

---

[1] True and correct copies of all excerpts of citations to Plaintiff Rosanna Perez's deposition transcript are attached as Ex. A to Lopez Decl.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| **DEFENDANTS' UNCONTROVERTED MATERIAL FACTS** | **PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE** |
|---|---|
| about her "waning" admissions sales rate.  Pl. Dep. 63:7-9; 67:1-3. | This statement violates the rule of completeness. Fed. R. Evid. 106.  **Evidence:** While Ms. Perez was a sales representative, she expressed frustration to her supervisor that she had lost accounts and her sales numbers were waning because there had been service failures by VITAS. Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 63:8-12; 67:13-23. |

**REPLY:** Plaintiff's response does not dispute this fact and is in large part wholly unrelated to the fact at issue.[2] Rather, Plaintiff blatantly ignores her own testimony in which she unequivocally states:

> Q. Did anyone ever tell you that you weren't meeting your sales goals?
> A. Yeah. Yes.

(Pl. Dep. 67:1-3).

Moreover, Plaintiff specifically admits that "her sales numbers were waning" in Plaintiff's Additional Material Fact 46. The remainder of Plaintiff's response simply adds irrelevant and immaterial commentary for why she believed her admission sales rate was "waning" but does nothing to place this fact in dispute.

---

[2] Throughout, Plaintiff appears to copy and paste lengthy responses that are largely unrelated in any way to the fact in question. While the evidence cited for these albeit unrelated assertions does not always accurately corroborate the assertions they profess to support, Defendants will refrain from pointing out such misconstructions of evidence on each and every occurrence. Rather, to avoid further needless repetition, Defendants will only do so in the appropriate places, namely where such evidence actually addresses the fact in question. This should not be construed as an implicit agreement to such unrelated assertions.

HIRSCHFELD KRAEMER LLP  ATTORNEYS AT LAW  SANTA MONICA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| | **DEFENDANTS' UNCONTROVERTED MATERIAL FACTS** | | **PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE** |
|---|---|---|---|
| 4. | In July 2013, Perez was credited with only 4 admissions out of an admissions target of 12.<br><br>Pl. Dep. 62-16-24. | 4. | Undisputed. |
| 5. | In or around January 2014, Perez accepted a liaison position and said, "Great, let's do it."<br><br>Pl. Dep. 67:20-24; 69:13-16. | 5. | Undisputed. |
| 6. | As an Admission Liaison, Perez was no longer required to meet admission sales goals.<br><br>Pl. Dep. 68:23-25. | 6. | Undisputed. |
| 7. | Perez was the only Admission Liaison in the Coastal Cities Program with a combination of admission and community liaison responsibilities.<br><br>Deposition of Raymund Villaluz ("Villaluz Dep.")[3] 24:10-16; Pl. Dep. 72:7-13. | 7. | Undisputed. |
| 8. | Perez attended doctor's appointments to monitor her thyroid since approximately 2002 or 2004.<br><br>Pl. Dep. 52:2-18. | 8. | Undisputed. |
| 9. | Perez testified that she "absolutely" took time off for doctor's appointments when she was monitoring her thyroid, may have filled out PTO forms to attend her doctor's appointments, and was | 9. | Undisputed. |

[3] True and correct copies of all excerpts of citations to Raymund Villaluz's deposition transcript are attached as Ex. D to Lopez Decl.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| | DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | never denied PTO.<br><br>Pl. Dep. 89:3-22. | | |
| 10. | Perez was diagnosed with thyroid cancer on October 26, 2015 and had surgery to remove her thyroid on November 19, 2015.<br><br>Compl., ¶ 11; Pl. Dep. 50:2-8; 74:12-25; 76:3-8; 79:14-18. | 10. | Undisputed. |
| 11. | Perez filled out a PTO form in which she only stated that she needed paid time off from November 19 to 27, 2015 for "scheduled surgery."<br><br>Pl. Dep. 83:7-84:4; 105:2-13; Lopez Decl., ¶11, Ex. I. | 11. | Undisputed. |
| 12. | Although Perez was approved for FMLA through December 7, 2015, she wanted to return to work earlier, and returned on December 2, 2015.<br><br>Pl. Dep. 93:2-9; 108:16-20, 25-109:1, 8-19. | 12. | Undisputed. |
| 13. | On December 2, 2015, Perez submitted a return-to-work authorization from her physician to the Business Manager Peggy Murray, which stated that Perez had no limitations or restrictions.<br><br>Pl. Dep. 93:2-9; Lopez Decl., ¶12, Ex. J. | 13. | Undisputed. |
| 14. | When Perez returned to work from leave, Perez felt that she could | 14. | Disputed in part. |

5

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| perform the essential functions of her job "100 percent" and did not request any accommodation.<br><br>Pl. Dep. 93:2-18. | **Response:**<br>Plaintiff does not dispute the contention that when she recovered from surgery and returned to work following her surgery, she felt she could perform the essential functions of her job and felt great.<br><br>Plaintiff does dispute the contention that she did not request any accommodations. Plaintiff informed the interim manager, her immediate manager and the human resources manager that she needed future medical treatment, the cancer had begun to metastasize, and she needed radioactive iodine treatment. Keeping Plaintiff's job open while she heals and recuperates is a form of reasonable accommodation and she needed to take time off work to heal. Transferring or assigning her to another position is also a form of reasonable accommodation. Once Plaintiff informed her managers that she needed to take time off work in the future to attend future medical treatment, she requested a reasonable accommodation. Therefore, there is a triable issue of material fact on this issue.<br><br>**Evidence:**<br>While Ms. Perez was an admission liaison in July 2015, she directly reported to the admissions |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

6

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | manager, Nicole Giles. Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 25:17-25; 26:1-3.

Ms. Jennifer Ayala was the interim manager for Ms. Perez when her supervisor was not around. Murphy Decl., ¶ 3; Exhibit 74; Ayala Deposition, 18:17-22.

Ms. Peggy Murray is the Business Manager of Human Resources at the Torrance, CA office. Murphy Decl., ¶ 6; Exhibit 76; Murray Deposition, 19:7-15.

When Ms. Perez returned from surgery on December 2, 2015, she let her immediate manager Nicole Giles and interim manager Jennifer Ayala know that the cancer had begun to metastasize to the parathyroid region and that she was going to require radioactive iodine treatment in the future. Perez Decl., ¶ 25; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 48:17-24; 90:20-25; 91:1-2; 111:9-21.

Ms. Giles admitted that she had a conversation with Ms. Perez where Ms. Perez told her that the surgery was not good and that she may need additional time off. Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 60:3-10. |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | On December 2, 2015, Ms. Perez brought a return-to-work form to human resources manager Peggy Murray, showed her the scar on her neck from the surgery, and told Peggy Murray that she had thyroid cancer and now the doctor is telling her she will need radioactive iodine treatment in the future. Perez Decl., ¶ 26; Murphy Decl., ¶ 4; Exhibits 32, 37, and 78; Perez Deposition, 48:17-24; 91:7-15; 111:9-21. |

**REPLY:** Plaintiff's response does not dispute any part of this fact. Rather, Plaintiff blatantly ignores and contradicts her own deposition testimony in which she unequivocally states:

> Q. Okay. And when you returned to work on December 2nd, you said you felt great, did you feel as though you were able to do your job?
> A. 100 percent.
> Q. And did you **request to take additional time off** when you came back?
> **A. *No.***
> Q. And when you talked to Peggy, did you tell her that you **needed any kind of accommodation?**
> **A. *No.***

(Pl. Dep. 93:15-24) (emphasis added).

There can be no disputes at issue between arguments Plaintiff makes in her Opposition and admissions she made in deposition concerning those same issues. "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting [her] prior deposition testimony." *Kennedy v. Allied Mutual Insurance Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (citing *Foster v. Arcata Associates,* 772 F.2d 1453, 1462 (9th Cir.1985)); *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 543-44 (9th Cir.1975) (explaining that a contradiction of prior deposition testimony through a later affidavit is a "sham issue

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|

of fact.").

In any event, none of Plaintiff's cited evidence actually supports Plaintiff's contention that she requested an accommodation when she returned to work from leave.  Plaintiff relies on ambiguous testimony of others wherein testimony that coworkers generally discussed something with Plaintiff is cited to support the assertion that very specific details were shared.  Instead, the evidence actually establishes only that she told some coworkers that she *may* need time off *in the future*, which is not equivalent to requesting an accommodation under the FEHA. *Soria v. Univision Radio Los Angeles, Inc.*, 5 Cal. App. 5th 570, 599 (2016) (finding that the plaintiff's request for time off for her operation was a request for accommodation because "her testimony was that she told [the manager] that she wanted to do so, not that she might have the operation or was considering it.").

| 15. | Since her thyroid surgery, none of Perez's physicians has informed her that she had limitations or was unable to perform her job as an Admission Liaison.<br><br>Pl. Dep. 111:9-11; 112:17-20. | 15. | Disputed.<br><br>**Response:**<br>There is a triable issue of material fact of whether Ms. Perez had limitations or restrictions during her radioactive iodine treatment. While Ms. Perez was undergoing treatment, she was unable to perform her job as an Admission Liaison and needed about a month off work to recover.<br><br>**Evidence:**<br>On December 23, 2015, Ms. Perez started her radioactive iodine treatment and had to take a radioactive pill at the hospital, which lasted approximately five days. Perez Decl., ¶ 34; Murphy |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| **DEFENDANTS' UNCONTROVERTED MATERIAL FACTS** | **PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE** |
|---|---|
|  | Decl., ¶ 4; Exhibit 78; Perez Deposition, 38:15-20.<br><br>After the treatment, Ms. Perez could not work for about two additional weeks due to the side effects of the radiation and because it made her ill and nauseous. Perez Decl., ¶¶ 36, 37; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 38:23-25.<br><br>Ms. Perez was not ready to go back to work until mid-to-late January 2016 because the radiation had not been completely released from her body and she was feeling ill during her treatment. Perez Decl., ¶¶ 36, 37.<br><br>Ms. Perez needed about a month off from work from the time she started her radioactive iodine treatment before she could return to work.  Perez Decl., ¶ 37. |

**REPLY:**  Plaintiff's response does not dispute this fact.  Rather, Plaintiff blatantly ignores and contradicts her own testimony in which she unequivocally states:

> Q.  After you returned to work, did any doctors tell you you had any limitations to perform your job?
> A.  No.

(Pl. Dep. 111:9-11)

> Q.  Okay.  And after Vitas laid you off, has any doctor told you that you are unable to perform your job as admissions liaison?
> A.  Absolutely not, no.

(Pl. Dep. 112:17-20).

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting [her] prior deposition testimony." *Kennedy, supra*, 952 F.2d 262 at 266 (citing *Foster, supra*, 772 F.2d 1453 at 1462); *Radobenko, supra*, 520 F.2d 540 at 543-44. "[I]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting [her] own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Foster*, 772 F.2d at 1462; *Radobenko*, 520 F.2d at 544. The remainder of Plaintiff's response does nothing to place this fact in dispute, is loaded with unsupported and unsupportable argument, and is in large part wholly unrelated to the fact at issue. ||
| 16. Giles and Ayala both had been diagnosed with cancer and Ayala underwent her cancer treatment during her employment at VITAS.<br><br>Pl. Dep. 77:6-13; 81:24-82:5; 97:4-7; Deposition of Nicole Giles ("Giles Dep.") 55:22-56 :3.[4] | 16. Undisputed.<br><br>**Objection:**<br>This statement is irrelevant; waste of time; confusing the issues. Fed. R. Evid. 401, 403. |
| 17. Giles and Ayala remain employed at VITAS' Coastal Cities Program.<br><br>Giles Dep. 25:13-21; 26:8-10; Deposition of Jennifer Ayala ("Ayala Dep.") 19:2-5.[5] | 17. Disputed.<br><br>**Objection:**<br>This statement is irrelevant; waste of time; confusing the issues. Fed. R. Evid. 401, 403.<br><br>**Response:**<br>Plaintiff does not have sufficient information or evidence to know |

[4] True and correct copies of all excerpts of citations to Nicole Giles' deposition transcript are attached as Ex. F to Lopez Decl.

[5] True and correct copies of all excerpts of citations to Jennifer Ayala's deposition transcript are attached as Ex. E to Lopez Decl.

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | whether Giles or Ayala in fact remain employed at the present date. |

**REPLY:**  Plaintiff's response does not dispute this fact.  Her response confirms that she has absolutely no basis ("information or evidence") to support a dispute. "A genuine issue of material fact does not spring into being simply because a litigant claims that one exists."  *Del Carmen Guadalupe v. Agosto*, 299 F.3d 15, 23 (1st Cir. 2002).

| | | | |
|---|---|---|---|
| 18. | During the fourth quarter of 2015, Villaluz and Mack had discussions about the Coastal Cities Program's waning productivity and the possibility of eliminating a position to help alleviate the Program's financial burden.<br><br>Villaluz Dep. 37:16-38:2; Deposition of Jo Ann Mack ("Mack Dep.") 45:6-47:18;[6] Declaration of Jo Ann Mack ("Mack Decl.") ¶6. | 18. | Disputed in part.<br><br>**Response:**<br>Plaintiff does not dispute the fact that Mr. Villaluz and Ms. Mack may have had discussions about the Coastal Cities Program waning in productivity.<br><br>Plaintiff does dispute the fact that Mr. Villaluz and Ms. Mack had a discussion about eliminating the Admission Liaison position. There is a triable issue of material fact of whether there was ever a decision to eliminate the Admission Liaison position given the online advertisements for the Admission Liaison position at the Torrance, CA office through April 2016.<br><br>**Evidence:** |

[6] True and correct copies of all excerpts of citations to Jo Ann Mack's deposition transcript are attached as Ex. B to Lopez Decl.

12

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | On or about December 18, 2015, Ms. Perez went online looking for jobs and noticed that "Indeed.com" had posted an advertisement for Vitas Healthcare Corporation where they were seeking someone to fill the "admissions liaison" position at the Torrance, CA office. Perez Decl., ¶ 44; Exhibit 58. |
| | Vitas uses Indeed.com and LinkedIn as an outside service for job postings. Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 93:20-25. |
| | Ms. Murray created a requisition form to create job postings and stated that this particular job posting, meaning the admission liaison position, was submitted to an external job board. Murphy Decl., ¶ 6; Exhibits 56 and 76; Murray Deposition, 89:4-8. |
| | On or about January 14, 2016, Ms. Perez went online at Vitas Healthcare Corporation's website to look at their online career job board and noticed that they were advertising seeking someone to fill the "admissions liaison" position at the Torrance, CA office. Perez Decl., ¶ 46; Exhibit 59; Murphy Decl., ¶ 15, per Stipulation. |
| | On May 12, 2016, Ms. Perez went |

Hirschfeld Kraemer LLP
Attorneys At Law
Santa Monica

13

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | online looking for jobs and she noticed that Indeed.com had posted an advertisement for Vitas Healthcare Corporation where they were seeking someone to fill the "admissions liaison" position at the Torrance, CA office. Perez Decl., ¶ 49; Exhibit 62. |
| | On April 6, 2016, Ms. Murray acknowledged that she received an email from a company employee who informed her that the Admission Liaison job advertisement for the Torrance, CA office was going to be closing. Murphy Decl., ¶ 6; Exhibits 57 and 76; Murray Deposition, 95:10-25; 96:1-20. |

**REPLY:**  Plaintiff's response does not dispute any part of this fact.  Her response begins with a concession that cuts against any existence of a dispute:  "Plaintiff does not dispute the fact that Mr. Villaluz and Ms. Mack may have had discussions about the Coastal Cities Program waning in productivity."  Moreover, Plaintiff does not dispute that "Villaluz informed Perez of her position's elimination due to the Program's declining patient census."  (Plaintiff's Statement of Genuine Disputes ["Pl. Stmt."], Response to Undisputed Fact ["UF"] 23).  In addition, Plaintiff does not dispute that "the Coastal Cities Program has not employed an Admission Liaison since her termination."  (Pl. Stmt. Response to UF 24).  Thus, while Plaintiff now speculates whether a discussion between Mack and Villaluz ever took place to eliminate the Admission Liaison position, her cynicism is contradicted by her own concessions.  Plaintiff's response does nothing to place this fact in dispute,

14

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| is loaded with unsupported and unsupportable argument, speculation, and unauthenticated and inadmissible evidence, and is in large part wholly unrelated to the fact at issue. Whether there may have been some legacy job posting – which was actually placed in August 2015 (Plaintiff's Exhibits 56 and 57) months before Mack and Villaluz were considering laying off Perez – does not undercut the fact that the position has not been filled or that those who made the decision were unaware of Perez's medical status. | |
| 19. After reviewing the various duties of the positions in the Program, Villaluz determined that Perez's position should be eliminated because (i) there was only one employee in that position and (ii) the position's duties were redundant and covered by Admissions Nurses who also had the medical training to assess and admit patients, which an Admission Liaison could not do.<br><br>Villaluz Dep. 62:23-25; 85:19-86:16; Declaration of Raymund Villaluz ("Villaluz Decl.") ¶ 5. | 19. Disputed.<br><br>**Response:**<br>There is a triable issue of material fact of whether there was ever a decision to eliminate the Admission Liaison position given the online advertisements for the Admission Liaison position at the Torrance, CA office.<br><br>**Evidence:**<br>On or about December 18, 2015, Ms. Perez went online looking for jobs and noticed that "Indeed.com" had posted an advertisement for Vitas Healthcare Corporation where they were seeking someone to fill the "admissions liaison" position at the Torrance, CA office. Perez Decl., ¶ 44; Exhibit 58.<br><br>Vitas uses Indeed.com and LinkedIn as an outside service for job postings. Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

15

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | 93:20-25. |
| | Ms. Murray created a requisition form to create a job posting and stated that this particular job posting, meaning the admission liaison position, was submitted to an external job board. Murphy Decl., ¶ 6; Exhibits 56 and 76; Murray Deposition, 89:4-8. |
| | On or about January 14, 2016, Ms. Perez went online at Vitas Healthcare Corporation's website to look at their online career job board and noticed that they were advertising seeking someone to fill the "admissions liaison" position at the Torrance, CA office. Perez Decl., ¶ 46; Exhibit 59; Murphy Decl., ¶ 15, per Stipulation. |
| | On May 12, 2016, Ms. Perez went online looking for jobs and she noticed that Indeed.com had posted an advertisement for Vitas Healthcare Corporation where they were seeking someone to fill the "admissions liaison" position at the Torrance, CA office. Perez Decl., ¶ 49; Exhibit 62. |
| | On April 6, 2016, Ms. Murray acknowledged that she received an email from a company employee who informed her that the Admission Liaison job advertisement for the Torrance, |

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | CA office was going to be closing. Murphy Decl., ¶ 6; Exhibits 57 and 76; Murray Deposition, 95:10-25; 96:1-20. |

**REPLY:**  Plaintiff's response does not dispute this fact.  While she questions whether a decision was ever made to eliminate the Admission Liaison position, her cynicism is contradicted by her concessions:  Perez does not dispute the fact that Villaluz and Mack "had discussions about the Coastal Cities Program waning in productivity."  (Pl. Stmt. Response to UF 18).  Nor does she dispute that "Villaluz informed Perez of her position's elimination due to the Program's declining patient census."  (Pl. Stmt. Response to UF 23).  Moreover, Perez does not dispute that "the Coastal Cities Program has not employed an Admission Liaison since her termination."  (Pl. Stmt. Response to UF 24).  Plaintiff's response does nothing to place this fact in dispute, is loaded with unsupported and unsupportable argument, speculation, and unauthenticated and inadmissible evidence, and is in large part wholly unrelated to the fact at issue.  Whether there may have been some legacy job posting – which was actually placed in August 2015 (Plaintiff's Exhibits 56 and 57), months before Mack and Villaluz were considering laying off Perez – does not undercut the fact that the position has not been filled or that those who made the decision were unaware of Perez's medical status.

| 20. | In early December 2015, Villaluz and Mack made the decision to proceed with the elimination of the Admission Liaison position and Perez's layoff.  Villaluz Decl. ¶ ¶6-7; Mack Decl. ¶¶ 6-7. | 20. | Disputed.  **Response:** There is a triable issue of material fact of whether a decision was ever made to eliminate Admission Liaison position given the online advertisements for the Admission Liaison position at the Torrance, CA office. |
|---|---|---|---|

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | **Evidence:** On or about December 18, 2015, Ms. Perez went online looking for jobs and noticed that Indeed.com had posted an advertisement for Vitas Healthcare Corporation where they were seeking someone to fill the "admissions liaison" position at the Torrance, CA office. Perez Decl., ¶ 44; Exhibit 58. <br><br> Vitas uses Indeed.com and LinkedIn as an outside service for job postings. Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 93:20-25. <br><br> Ms. Murray created a requisition form to create a job posting and stated that this particular job posting, meaning the admission liaison position, was submitted to an external job board. Murphy Decl., ¶ 6; Exhibits 56 and 76; Murray Deposition, 89:4-8. <br><br> On or about January 14, 2016, Ms. Perez went online at Vitas Healthcare Corporation's website to look at their online career job board and noticed that they were advertising seeking someone to fill the "admissions liaison" position at the Torrance, CA office. Perez Decl., ¶ 46; Exhibit 59; Murphy Decl., ¶ 15, per Stipulation. |

18

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | On May 12, 2016, Ms. Perez went online looking for jobs and she noticed that Indeed.com had posted an advertisement for Vitas Healthcare Corporation where they were seeking someone to fill the "admissions liaison" position at the Torrance, CA office. Perez Decl., ¶ 49; Exhibit 62.<br><br>On April 6, 2016, Ms. Murray acknowledged that she received an email from a company employee who informed her that the Admission Liaison job advertisement for the Torrance, CA office was going to be closing. Murphy Decl., ¶ 6; Exhibits 57 and 76; Murray Deposition, 95:10-25; 96:1-20. |

**REPLY:**  Plaintiff's response does not dispute this fact.  While she questions whether a decision was ever made to eliminate the Admission Liaison position, her cynicism is contradicted by her concessions:  Perez does not dispute the fact that Villaluz and Mack "had discussions about the Coastal Cities Program waning in productivity."  (Pl. Stmt. Response to UF 18).  Nor does she dispute that "Villaluz informed Perez of her position's elimination due to the Program's declining patient census."  (Pl. Stmt. Response to UF 23).  Moreover, Perez does not dispute that "the Coastal Cities Program has not employed an Admission Liaison since her termination."  (Pl. Stmt. Response to UF 24).  Plaintiff's response does nothing to place this fact in dispute, is loaded with unsupported and unsupportable argument, speculation, and unauthenticated and inadmissible evidence, and is in large part

HIRSCHFELD KRAEMER LLP<br>ATTORNEYS AT LAW<br>SANTA MONICA

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | |

wholly unrelated to the fact at issue.  Whether there may have been some legacy job posting – which was actually placed in August 2015 (Plaintiff's Exhibits 56 and 57), months before Mack and Villaluz were considering laying off Perez – does not undercut the fact that the position has not been filled or that those who made the decision were unaware of Perez's medical status.

| 21. | Villaluz and Mack had no knowledge about Perez's disability when they made the decision to eliminate Perez's position.<br><br>Pl. Dep. 97:19-21; 101:12-13, 21-102:7; Mack Dep. 52:6-17, 54:11-55:12; Villaluz Dep. 30:21-24; 36:15-17, 22-37:11; 45:2-7, 48:3-7; Giles Dep. 49:7-50:4; Deposition of Peggy Murray ("Murray Dep.")[7] 57:22-25; Declaration of Peggy Murray ("Murray Decl.") ¶ 4; Declaration of Jennifer Ayala ("Ayala Decl.") ¶ 4; Declaration of Nicole Giles ("Giles Decl.") ¶ 4. | 21. | Disputed.<br><br>**Response:**<br>Plaintiff does not have sufficient information or evidence to know whether Ms. Mack or Mr. Villaluz did in fact have knowledge about Perez's disability prior to her termination.  However, enough managers at the Coastal Cities Program knew about Ms. Perez's cancer condition to create an inference that Ms. Mack and/or Mr. Villaluz did know about Ms. Perez's medical condition. Mr. Villaluz was the one who approved of Ms. Perez's leave of absence to complete her cancer surgery.  Therefore, there is a triable issue of material fact whether Ms. Mack and/or Mr. Villaluz knew about Ms. Perez's disability prior to terminating her.<br><br>Further, there is also a triable issue of material fact whether a decision |

---

[7] True and correct copies of all excerpts of citations to Peggy Murray's deposition transcript are attached as Ex. G to Lopez Decl.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | was ever made to eliminate the Admission Liaison position.

**Evidence:**
Raymund Villaluz signed Rosanna's PTO form requesting time off for scheduled surgery. Murphy Decl., ¶¶ 2, 5; Exhibits 26, 73, and 75; Giles Deposition, 48:11-21; Villaluz Deposition, 32:12-25; 33:1-6.

When Ms. Perez returned from surgery on December 2, 2015, she let her immediate manager, Nicole Giles, as well as interim manager Jennifer Ayala, and human resources manager Peggy Murray know that the cancer had begun to metastasize to the parathyroid region and that she was going to require radioactive iodine treatment in the future. Perez Decl., ¶ 25; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 48:17-24; 90:20-25, 91:1-2; 111:9-21; Perez Decl., ¶ 26; Murphy Decl., ¶ 4; Exhibits 32, 37, and 78; Perez Deposition, 48:17-24; 91:7-15.

On or about December 18, 2015, Ms. Perez went online looking for jobs and noticed that "Indeed.com" had posted an advertisement for Vitas Healthcare Corporation where they were seeking someone to fill the |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | "admissions liaison" position at the Torrance, CA office. Perez Decl., ¶ 44; Exhibit 58. |
| | Vitas uses Indeed.com and LinkedIn as an outside service for job postings. Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 93:20-25. |
| | Ms. Murray created a requisition form to create a job posting and stated that this particular job posting, meaning the admission liaison position, was submitted to an external job board. Murphy Decl., ¶ 6; Exhibits 56 and 76; Murray Deposition, 89:4-8. |
| | On or about January 14, 2016, Ms. Perez went online at Vitas Healthcare Corporation's website to look at their online career job board and noticed that they were advertising seeking someone to fill the "admissions liaison" position at the Torrance, CA office. Perez Decl., ¶ 46; Exhibit 59; Murphy Decl., ¶ 15, per Stipulation. |
| | On May 12, 2016, Ms. Perez went online looking for jobs and she noticed that Indeed.com had posted an advertisement for Vitas Healthcare Corporation where they were seeking someone to fill the "admissions liaison" position at the Torrance, CA office. Perez |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
|  | Decl., ¶ 49; Exhibit 62. On April 6, 2016, Ms. Murray acknowledged that she received an email from a company employee who informed her that the Admission Liaison job advertisement for the Torrance, CA office was going to be closing. Murphy Decl., ¶ 6; Exhibits 57 and 76; Murray Deposition, 95:10-25; 96:1-20. |

**REPLY:**  Plaintiff's response does not dispute this fact.  Her response begins with a confirmation of the very fact she claims to be in dispute:  "Plaintiff does not have sufficient information or evidence to know whether Ms. Mack or Mr. Villaluz did in fact have knowledge about Perez's disability prior to her termination."  The remainder of Plaintiff's response does nothing to place this fact in dispute, is loaded with unsupported and unsupportable argument, speculation, and unauthenticated and inadmissible evidence, and is in large part wholly unrelated to the fact at issue. Whether there may have been some legacy job posting – which was actually placed in August 2015 (Plaintiff's Exhibits 56 and 57), months before Mack and Villaluz were considering laying off Perez – does not undercut the fact that the position has not been filled or that those who made the decision were unaware of Perez's medical status.

| | | | |
|---|---|---|---|
| 22. | Neither Murray, Giles, or Ayala participated in the discussions or decision to eliminate Perez's position. Villaluz Dep. 37:16-38:2; Mack Dep. 47:19-48:25; Murray Decl. ¶¶ | 22. | Disputed. **Response:** Plaintiff does not have sufficient information or evidence to know whether Murray, Giles, or Ayala participated in the discussions to |

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 2-3; Giles Decl. ¶¶ 2-3; Ayala Decl. ¶¶ 2-3. | allegedly eliminate Perez's position and remains a disputed material fact.<br><br>Further, there is also a triable issue of material fact whether a decision was ever made to eliminate the Admission Liaison position.<br><br>**Evidence:**<br>Ms. Giles stated that she was notified the night before that Ms. Perez was going to be laid off and that Raymund Villaluz had informed Ms. Giles of that fact. Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 65:14-19; 66:1-9.  This admission suggests that she did participate in those discussions regarding the alleged elimination of Plaintiff's position.<br><br>During the termination meeting, Ms. Murray stated to Mr. Villaluz that she did know what was going on with Ms. Perez and that this is just business and that this is not personal. Perez Decl., ¶ 28; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 104:7-15.<br><br>**Evidence:**<br>Raymund Villaluz signed Rosanna's PTO form requesting time off for scheduled surgery. Murphy Decl., ¶¶ 2, 5; Exhibits 26, 73, and 75; Giles Deposition, 48:11-21; Villaluz Deposition, |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

24

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | 32:12-25; 33:1-6.

When Ms. Perez returned from surgery on December 2, 2015, she let her immediate manager, Nicole Giles, her interim manager, Jennifer Ayala, and human resources manager, Peggy Murray, know that the cancer had begun to metastasize to the parathyroid region and that she was going to require radioactive iodine treatment in the future. Perez Decl., ¶ 25; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 48:17-19; 90:20-25; 91:1-2; 111:9-21; Perez Decl., ¶ 26; Murphy Decl., ¶ 4; Exhibits 32, 37, and 78; Perez Deposition, 48:17-24; 91:7-15.

On or about December 18, 2015, Ms. Perez went online looking for jobs and noticed that Indeed.com had posted an advertisement for Vitas Healthcare Corporation where they were seeking someone to fill the "admissions liaison" position at the Torrance, CA office. Perez Decl., ¶ 44; Exhibit 58.

Vitas uses Indeed.com and LinkedIn as an outside service for job postings. Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 93:20-25. |

Hirschfeld Kraemer LLP
Attorneys At Law
Santa Monica

25

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Ms. Murray created a requisition form to create a job posting and stated that this particular job posting, meaning the admission liaison position, was submitted to an external job board. Murphy Decl., ¶ 6; Exhibits 56 and 76; Murray Deposition, 89:4-8. |
| | On or about January 14, 2016, Ms. Perez went online at Vitas Healthcare Corporation's website to look at their online career job board and noticed that they were advertising seeking someone to fill the "admissions liaison" position at the Torrance, CA office. Perez Decl., ¶ 46; Exhibit 59; Murphy Decl., ¶ 15, per Stipulation. |
| | On May 12, 2016, Ms. Perez went online looking for jobs and she noticed that Indeed.com had posted an advertisement for Vitas Healthcare Corporation where they were seeking someone to fill the "admissions liaison" position at the Torrance, CA office. Perez Decl., ¶ 49; Exhibit 62. |
| | On April 6, 2016, Ms. Murray acknowledged that she received an email from a company employee who informed her that the Admission Liaison job advertisement for the Torrance, CA office was going to be closing. Murphy Decl., ¶ 6; Exhibits 57 and |

26

| | DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | 76; Murray Deposition, 95:10-25; 96:1-20. |

**REPLY:**  Plaintiff's response does not dispute this fact.  Her response begins with a confirmation of the very fact she claims to be in dispute:  "Plaintiff does not have sufficient information or evidence to know whether Murray, Giles, or Ayala participated in the discussions to allegedly eliminate Perez's position."  The remainder of Plaintiff's response does nothing to place this fact in dispute, is loaded with unsupported and unsupportable argument, speculation, and unauthenticated and inadmissible evidence, and is in large part wholly unrelated to the fact at issue.

| | | | |
|---|---|---|---|
| 23. | On or about December 11, 2015, Villaluz informed Perez of her position's elimination due to the Program's declining patient census.<br><br>Pl. Dep. 113:20-114:3; Villaluz Dep. 50:12-22; Murray Dep. 63:19-22; 64:11-13. | 23. | Undisputed. |
| 24. | The Coastal Cities Program is still experiencing low patient census and has not employed an Admission Liaison since Perez's layoff.<br><br>Ayala Dep. 28:24-29:2; Giles Dep. 75:9-14; Villaluz Dep. 86:17-19. | 24. | Disputed in part.<br><br>**Response:**<br>Plaintiff does not dispute the contention that the Coastal Cities Program has not employed an Admission Liaison since her termination.<br><br>Plaintiff does dispute the contention that the Coastal Cities Program is still experiencing low patient census.  No evidence is cited or produced showing it is still experiencing low patient census numbers at the present date. |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | **Evidence:** Ms. Mack stated that between 2015 and 2016, sales and census numbers remained flat. Murphy Decl., ¶ 7; Exhibit 77; Mack Deposition, 70:13-19. |

**REPLY:**  Defendants acknowledge based on Plaintiff's response that they inadvertently failed to cite to evidence regarding whether the Coastal Cities Program is still experiencing low patient census. Defendants amend that fact accordingly. This amendment has no consequence to this Motion as Plaintiff admits that she "does not dispute the contention that the Coastal Cities Program has not employed an Admission Liaison since her termination." Nor does she dispute that she was informed of her position's elimination "due to the Program's declining patient census." (Pl. Stmt. Response to UF 23). Moreover, Plaintiff's response provides the missing citation to evidence that supports this fact. Specifically, Mack has testified that the sales and census numbers "remained flat" since Plaintiff's termination, which indisputably were declining at the time. Indeed, Plaintiff adds Fact 108, in which she states that "Ms. Mack stated that she recalled talking with Mr. Villaluz and Ms. Giordano about how the program was declining and admissions were declining."

| | | | |
|---|---|---|---|
| 25. | Perez underwent radioactive iodine treatment on December 23 through December 27.<br><br>Pl. Dep. 84:6-16. | 25. | Disputed.<br><br>**Response:**<br>Plaintiff's radioactive iodine treatment last for five days and her recovery time lasted two additional weeks beyond that five-day period. Plaintiff needed approximately a month off from work to finish her radioactive iodine treatment. |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | **Evidence:**<br>On December 23, 2015, Ms. Perez started her radioactive iodine treatment started and had to take a radioactive pill at the hospital, which lasted approximately five days. Perez Decl., ¶ 34; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 38:15-20.<br><br>After the treatment, Ms. Perez could not work for about two additional weeks due to the side effects of the radiation and because it made her very ill and nauseous. Perez Decl., ¶¶ 36, 37; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 38:23-25.<br><br>Ms. Perez was not ready to go back to work until mid-to-late January 2016 because the radiation had not been completely released from her body and she was feeling ill during her treatment. Perez Decl., ¶¶ 36, 37.<br><br>Ms. Perez needed about a month off from work from the time she started her radioactive iodine treatment before she could return to work.  Perez Decl., ¶ 37. |

**REPLY:**  Plaintiff's response does not dispute this fact.  Her response begins with a confirmation of the very fact she claims to be in dispute:  "Plaintiff's radioactive iodine treatment last for five days. . . ."  Plaintiff's response and evidence further admit that "On December 23, 2015, Ms. Perez started her radioactive iodine

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|

treatment." The undisputed fact simply states "Perez underwent radioactive iodine treatment on December 23 through December 27", which is completely in line with her response. Moreover, the veracity of this "dispute" is independently questionable as this fact mirrors Plaintiff's Additional Material Fact 145, which states: "On December 23, 2015, Ms. Perez started her radioactive iodine treatment and had to take a radioactive pill at the hospital, which lasted approximately five days." The remainder of Plaintiff's response does nothing to place this fact in dispute, is loaded with unsupported and unsupportable argument and immaterial commentary, and is in large part wholly unrelated to the fact at issue.

| | | | |
|---|---|---|---|
| 26. | When Perez returned to work on or about December 2, 2015, she did not know when she needed time off or how much time she needed for her radioactive iodine treatment and did not even choose a date to schedule her radioactive iodine treatment until after her employment with VITAS ended.<br><br>Pl. Dep. 111:16-112:2; 123:5-13. | 26. | Disputed in part.<br><br>**Response:**<br>Plaintiff does not dispute the contention that when she returned to work on December 2, 2015, she did not know when she needed time off for her radioactive iodine treatment.<br><br>Plaintiff does dispute the contention that she did not even choose a date to schedule her radioactive iodine treatment until after her employment with VITAS had ended. The doctor's availability is not within Plaintiff's control.<br><br>**Evidence:**<br>When Plaintiff returned to work on December 2, 2015, she was waiting to hear from her doctor with a date to start her radioactive |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| DEFENDANTS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | iodine treatment. Perez Decl., ¶ 55. |

**REPLY:** Plaintiff's response does not dispute any part of this fact and is in large part wholly unrelated to the fact at issue. Rather, Plaintiff blatantly ignores her own testimony in which she unequivocally states that she did not "find out" when her radioactive iodine treatment would be scheduled until after she was laid off:

> Q.  When did you find out when your radioactive iodine therapy would be scheduled?
> A.  The exact date, I can't tell you.  I don't remember my appointment with Dr. Arbach, (phonetic), but it was between -- obviously between December 11th and the 23rd.  I apologize, I can't give you an exact date.
> Q.  That's fine.  Okay.  So it was after you were already laid off?
> A.  Yes.

(Pl. Dep. 123:5-13).

The remainder of Plaintiff's response simply adds irrelevant and immaterial commentary as to the reason she did not choose a date for her treatment until after she was laid off.  Neither her deposition testimony nor after-the-fact declaration presents evidence to place this fact in dispute.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

31

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**DEFENDANTS' RESPONSE TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS IN DISPUTE AND SUPPORTING EVIDENCE**

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE | |
|---|---|---|---|
| 27. | On April 18, 2013, Ms. Perez signed an offer of employment with Vitas Healthcare Corporation to begin employment as a sales representative.<br><br>**Evidence:**<br>Perez Decl., ¶ 1; Exhibit 5. | 27. | Undisputed and duplicative of UF 2. |
| 28. | On April 22, 2013, Ms. Perez filled out a medical health questionnaire where she checked a box that she had thyroid problems.<br><br>**Evidence:**<br>Murphy Decl., ¶ 6; Exhibits 6 and 76.  Murray Deposition, 23:17-25. | 28. | Undisputed, immaterial and irrelevant.  Plaintiff does not allege that Defendants failed to hire her due to her thyroid condition.  Indeed, it is undisputed that Defendants hired Plaintiff in April 2013 and that she continued her employment until December 11, 2015.  Nor is this issue raised by this Motion.<br><br>**Objection:**<br>This statement is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  Further, it is improper hearsay.  Fed. R. Evid. 802, 803. |
| 29. | Vitas Healthcare Corporation employs 12,051 professionals and operates in 15 states offering hospice care to end-of-life patients.<br><br>**Evidence:**<br>Murphy Decl., ¶ 11; Exhibit 83. | 29. | Undisputed, immaterial, and irrelevant to this motion.  While this may provide background commentary, it is not material to this case or motion, and it is undisputed in any event. |
| 30. | While Ms. Perez was an admission liaison in 2015, she directly reported to defendant's admissions | 30. | Undisputed and immaterial to this motion. |

1

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE | |
|---|---|---|---|
| | manager, Nicole Giles.<br><br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 25:17-25; 26:1-3. | | |
| 31. | Ms. Giles would report to Mr. Villaluz, the General Manager, on what Ms. Perez was doing.<br><br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 26:6-10 | 31. | Undisputed with respect to Villaluz's testimony regarding the reporting structure for monitoring work performance, but immaterial. |
| 32. | Ms. Jennifer Ayala was the interim manager for Ms. Perez when her supervisor was not around.<br><br>**Evidence:**<br>Murphy Decl., ¶ 3; Exhibit 74; Ayala Deposition, 18:17-22. | 32. | Immaterial, irrelevant, and unsupported by the cited evidence.<br><br>**Evidence:**<br>Ayala actually testified that she was an interim manager during a time when the department did not have one appointed.<br><br>Ayala Dep., 18:17-22. |
| 33. | Peggy Murray is the Business Manager of Human Resources at the Torrance, CA office.<br><br>**Evidence:**<br>Murphy Decl., ¶ 6; Exhibit 76; Murray Deposition, 19:7-15. | 33. | Undisputed and immaterial to this motion. |
| 34. | On January 1, 2014, Ms. Perez was transitioned from the sales representative position to the "admission liaison" position.<br><br>**Evidence:**<br>Murphy Decl., ¶ 6; Exhibits 13 and 76; Murray Deposition, 35:25; 36:1- | 34. | Undisputed and duplicative of UF 5. |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

2

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 2; 36:24-25; 37:1-4. | |
| 35. Ms. Perez was very good with the families and Ms. Mack felt that Ms. Perez would be better suited meeting with families instead of working in sales.<br><br>**Evidence:**<br>Murphy Decl., ¶ 7; Exhibit 77; Mack Deposition, 34:10-18 | 35. Immaterial, irrelevant, and not supported by the cited evidence. In any event, this statement is immaterial and irrelevant as the issue of Plaintiff's performance as an Admission Liaison is not raised by this Motion.<br><br>**Evidence:**<br>Mack testified:<br>Q.  And do you recall the feedback from Kristine Giordano that Rosanna Perez was not making her numbers?<br>A.  What I recall is that that was not her forte, that she was not a very good sales rep, that she was very good with the families. And our sales team at VITAS does not meet with families. So it was felt at the time that she would be better suited meeting with families.<br><br>Mack Deposition, 34:10-18 |
| 36. If a sales rep was achieving under 70% of their sales goals, they were underperforming.<br><br>**Evidence:**<br>Murphy Decl., ¶ 7; Exhibit 77; Mack Deposition, 36:10-15. | 36. Undisputed, immaterial, and irrelevant to this motion. |
| 37. Some months Ms. Perez was achieving over 70% of her sales goals and in other months she was achieving under 70% of her sales | 37. Undisputed, immaterial, and irrelevant to this motion. |

3

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE | |
|---|---|---|---|
| | goals.<br><br>**Evidence:**<br>Murphy Decl., ¶ 7; Exhibit 77; Mack Deposition, 37:19-22 | | |
| 38. | Ms. Mack acknowledged that there were some months Ms. Perez did better than the other sales reps in a month and other times when some of the other sales reps did less to achieve their goals in bringing in admits.<br><br>**Evidence:**<br>Murphy Decl., ¶ 7; Exhibit 77; Mack Deposition, 38:9-15 | 38. | Undisputed, immaterial, and irrelevant to this motion. |
| 39. | Of all of the sales representatives at the Torrance, CA office, Ms. Perez was performing roughly in the middle of the pack.<br><br>**Evidence:**<br>See Murphy Decl., ¶ 7; Exhibits 10 and 77; Mack Deposition, 34:24-25; 35:1-10. | 39. | Immaterial, irrelevant, and not supported by the cited evidence. |
| 40. | On September 24, 2013, Ms. Perez received an employment evaluation while she was a sales representative and achieved all performance expectations.<br><br>**Evidence:**<br>Murphy Decl., ¶ 6; Exhibits 18, 76; Murray Deposition, 31:4-16 | 40. | Immaterial, irrelevant, and not supported by the cited evidence.<br><br>**Evidence:**<br>Plaintiff received a "partially achieved" for "continuous process improvement" on Page 2 of her 90-Day Performance Evaluation.<br><br>Murphy Decl., ¶ 6; Ex. 18. |
| 41. | On October 6, 2014, Ms. Perez received an employment evaluation while she was working as an | 41. | Undisputed, immaterial, and irrelevant to this motion. Plaintiff's performance as an |

4

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | Admission Liaison and achieved all performance expectations. **Evidence:** Murphy Decl., ¶ 6; Exhibits 19, 76; Murray Deposition, 35:5-24 | Admission Liaison is not at issue in this case or motion. |
| 42. | On April 23, 2015, Ms. Perez received an employment evaluation and she achieved all performance expectations. **Evidence:** Murphy Decl., ¶ 6; Exhibits 20, 76; Murray Deposition, 33:8-25; 34:1-11 | 42. Undisputed, immaterial, and irrelevant to this motion. Plaintiff's performance as an Admission Liaison is not at issue in this case or motion. |
| 43. | Ms. Giles was unaware of any negative write-ups for anything that Rosanna Perez did while she worked for the company and never received any negative reviews. **Evidence:** Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 36:9-16 | 43. Undisputed, immaterial, and irrelevant to this motion. Plaintiff's performance as an Admission Liaison is not at issue in this case or motion. |
| 44. | Ms. Giles never made any negative reports about Rosanna Perez to anybody in management about the quality of Rosanna's work or services that she was providing to the company. **Evidence:** Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 36:23-25; 37:1-2. | 44. Undisputed, immaterial, and irrelevant to this motion. Plaintiff's performance as an Admission Liaison is not at issue in this case or motion. |
| 45. | Ms. Giles never heard about any negative reports about Ms. Perez's job performance from anybody else within the company or any negative | 45. Undisputed, immaterial, and irrelevant to this motion. Plaintiff's performance as an Admission Liaison is not at issue |

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| reports about her conduct or behavior.<br><br>**Evidence:**<br>Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 37:3-10 | in this case or motion. |
| 46. While Ms. Perez was a sales representative, she expressed frustration to her supervisor that she had lost accounts and her sales numbers were waning because there had been service failures by VITAS.<br><br>**Evidence:**<br>Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 63:8-12 | 46. Undisputed, immaterial, and irrelevant to this motion. Defendants do not contend that Plaintiff did not express frustration in her waning sales numbers. There is no claim or allegation by Plaintiff that she did not want to change positions from a sales representative to an admissions liaison. This is simply not at issue in this case. |
| 47. A service failure can be anything from equipment not being delivered entirely to a patient and the family being upset, staff taking too long to get to a patient's home, not bringing a patient on to service while making the hospital think the patient was going to be admitted into service when they were not, and the fact that there were not Spanish speaking nurses available when the territory she covered was highly Spanish speaking.<br><br>**Evidence:**<br>Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 63:13-23; 67:13-23. | 47. Undisputed, immaterial, and irrelevant to this motion. Defendants do not contend that Plaintiff did not express frustration in her waning sales numbers. There is no claim or allegation by Plaintiff that she did not want to change positions from a sales representative to an admissions liaison. This is simply not at issue in this case. |
| 48. On October 1, 2015, Ms. Perez received permission from her | 48. Undisputed and duplicative of UF 9. |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

6

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| immediate supervisor, Nicole Giles, to attend a personal doctor's appointment.<br>**Evidence:**<br>Perez Decl., ¶ 5; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 75:1-6. | **Objection:**<br>Exhibit 32 is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 49. On October 26, 2015, Ms. Perez was diagnosed with thyroid cancer after having an appointment with her doctor from UCLA, Dr. Yeh.<br>**Evidence:**<br>Perez Decl., ¶ 8; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 50:6-8. | 49. Undisputed and duplicative of UF 10. |
| 50. Dr. Yeh made findings that there was a probable risk of thyroid cancer and recommended surgery.<br>**Evidence:**<br>Perez Decl., ¶ 10; Murphy Decl., ¶ 4; Exhibits 32 and 78; Perez Deposition, 74:12-25. | 50. Undisputed and duplicative of UF 10.<br><br>**Objection:**<br>Exhibit 32 is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 51. After Ms. Perez left Dr. Yeh's office on October 26, 2015, she called her interim manager Jennifer Ayala and informed her about the cancer and that she will need surgery.<br>**Evidence:**<br>Perez Decl., ¶ 9; Murphy Decl., ¶ 4; Exhibits 78 and 79; Perez Deposition, 79:9-17. | 51. Undisputed, immaterial and irrelevant purposes of this motion. Ms. Ayala's knowledge of Plaintiff's thyroid surgery is not contested by Defendants or at issue in this motion. Indeed, the fact that Plaintiff underwent thyroid surgery is not in dispute. This statement has no bearing on the ultimate issue in this motion of whether Plaintiff needed or requested an accommodation *after* she returned to work from her |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

7

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | thyroid surgery or contradicts the fact that she submitted a doctor's note stating that she had no limitations or restrictions.<br><br>**Objection:**<br>Exhibit 79 is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 52. Ms. Perez told Ms. Ayala to let her immediate supervisor Nicole Giles know about her cancer and surgery because Ms. Giles is her immediate supervisor and she felt close to her.<br><br>**Evidence:**<br>Perez Decl., ¶ 9; Murphy Decl., ¶ 4; Exhibits 78 and 79; Perez Deposition, 79:17-22. | 52. Undisputed, immaterial and irrelevant purposes of this motion. Ms. Ayala's and Ms. Giles' knowledge of Plaintiff's thyroid surgery is not contested by Defendants or at issue in this motion. Indeed, the fact that Plaintiff underwent thyroid surgery is not in dispute. This statement simply has no bearing on the ultimate issue in this motion of whether Plaintiff needed or requested an accommodation *after* she returned to work from her thyroid surgery or contradicts the fact that she submitted a doctor's note stating that she had no limitations or restrictions.<br><br>**Objection:**<br>Exhibit 79 is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 53. Ms. Perez wanted Ms. Ayala to let Ms. Giles know about her cancer diagnosis at the time because Ms. | 53. Undisputed, immaterial and irrelevant purposes of this motion. Ms. Ayala's and Ms. Giles' |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

8

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | Perez was emotional.<br><br>**Evidence:**<br>Perez Decl., ¶ 9; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 79:23¬25; 80:1-3. | knowledge of Plaintiff's thyroid surgery is not contested by Defendants or at issue in this motion.  Indeed, the fact that Plaintiff underwent thyroid surgery is not in dispute.  This statement simply has no bearing on the ultimate issue in this motion of whether Plaintiff needed or requested an accommodation *after* she returned to work from her thyroid surgery or contradicts the fact that she submitted a doctor's note stating that she had no limitations or restrictions.<br><br>**Objection:**<br>Exhibit 79 is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403. |
| 54. | On October 27, 2015, Ms. Perez walked into the office, told Ms. Ayala that Dr. Yeh had done an ultrasound and stated that she had thyroid cancer, and showed her the doctor's paperwork.<br><br>**Evidence:**<br>Perez Decl., ¶ 10; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 75:8¬10; 75:12-20 | 54. | Undisputed, immaterial and irrelevant purposes of this motion.  Ms. Ayala's knowledge of Plaintiff's thyroid surgery is not contested by Defendants or at issue in this motion.  Indeed, the fact that Plaintiff underwent thyroid surgery is not in dispute.  This statement simply has no bearing on the ultimate issue in this motion of whether Plaintiff needed or requested an accommodation *after* she returned to work from her thyroid surgery or contradicts the fact that she submitted a doctor's note stating |

HIRSCHFELD KRAEMER LLP<br>ATTORNEYS AT LAW<br>SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | that she had no limitations or restrictions.<br><br>**Objection:**<br>Exhibit 32 is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 55. The doctor's paperwork had a diagram of a lower part of the face and a person's thyroid and written on the paperwork that she was scheduled for surgery on November 19, 2015.<br>**Evidence:**<br>Perez Decl., ¶ 10; Murphy Decl., ¶ 4; Exhibits 32 and 78; Perez Deposition, 76:1-8; 81:17-19. | 55. Undisputed, immaterial and irrelevant for purposes of this motion. Defendants do not contest that Plaintiff had thyroid surgery on November 19 in this motion. This statement simply has no bearing on the actual issue in this motion of whether Plaintiff needed or requested an accommodation *after* she returned to work from her thyroid surgery or contradicts the fact that she submitted a doctor's note stating that she had no limitations or restrictions.<br><br>**Objection:**<br>Exhibit 32 is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 56. Ms. Perez was friends with Jennifer Ayala and Jennifer told her that she had gone through cancer too.<br>**Evidence:**<br>Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 77:1-10 | 56. Undisputed. |
| 57. Ms. Perez asked Ms. Ayala if she told Ms. Giles about her cancer and she said, "yes." | 57. Undisputed, immaterial and irrelevant purposes of this motion. Ms. Ayala's and Ms. Giles' |

10

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| **Evidence:**<br>Perez Decl., ¶ 10; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 80:4-8; 24-25; 81:1-2. | knowledge of Plaintiff's thyroid cancer is not contested by Defendants or at issue in this motion. Indeed, the fact that Plaintiff underwent thyroid surgery is not in dispute. This statement simply has no bearing on the actual issue in this motion of whether Plaintiff needed or requested an accommodation *after* she returned to work from her thyroid surgery or contradicts the fact that she submitted a doctor's note stating that she had no limitations or restrictions. |
| 58. Ms. Ayala admitted that she was aware of Ms. Perez having medical problems and was having some problems with her thyroid.<br>**Evidence:**<br>Murphy Decl., ¶ 3; Exhibit 74; Ayala Deposition, 22:24-25; 23:1-5 | 58. Undisputed, immaterial and irrelevant purposes of this motion. Ms. Ayala's knowledge of Plaintiff's thyroid problems is not contested by Defendants or at issue in this motion. Indeed, the fact that Plaintiff underwent thyroid surgery is not in dispute. This statement simply has no bearing on the actual issue in this motion of whether Plaintiff needed or requested an accommodation *after* she returned to work from her thyroid surgery or contradicts the fact that she submitted a doctor's note stating that she had no limitations or restrictions. |
| 59. Ms. Ayala stated that Ms. Perez told | 59. Undisputed, immaterial and |

11

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| her that she was going to have a surgery done and that Ms. Perez went on a leave after her surgery.<br><br>**Evidence:**<br>Murphy Decl., ¶ 3; Exhibit 74; Ayala Deposition, 23:16-23 | irrelevant purposes of this motion. Ms. Ayala's knowledge of Plaintiff's thyroid surgery is not contested by Defendants or at issue in this motion. Indeed, the fact that Plaintiff underwent thyroid surgery is not in dispute. This statement simply has no bearing on the actual issue in this motion of whether Plaintiff needed or requested an accommodation *after* she returned to work from her thyroid surgery or contradicts the fact that she submitted a doctor's note stating that she had no limitations or restrictions. |
| 60. Ms. Ayala stated that Ms. Perez told her that the doctors thought it was cancerous. Murphy Decl., ¶3; Exhibit 74; Ayala Deposition, 23:20-21.<br><br>**Evidence:**<br>Murphy Decl., ¶3; Exhibit 74; Ayala Deposition, 23:20-21. | 60. Undisputed, immaterial and irrelevant purposes of this motion. Ms. Ayala's knowledge of Plaintiff's thyroid cancer or surgery is not contested by Defendants or at issue in this motion. Indeed, the fact that Plaintiff underwent thyroid surgery is not in dispute. This statement simply has no bearing on the actual issue in this motion of whether Plaintiff needed or requested an accommodation *after* she returned to work from her thyroid surgery or contradicts the fact that she submitted a doctor's note stating that she had no limitations or restrictions. |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 61. Ms. Ayala also stated that Ms. Perez told her that she was going to need some kind of treatment for her cancer.<br><br>**Evidence:**<br>Murphy Decl., 3; Exhibit 74; Ayala Deposition, 23:22-23. | 61. Undisputed, immaterial and irrelevant purposes of this motion. This statement simply has no bearing on the actual issue in this motion of whether Plaintiff needed or requested an accommodation *after* she returned to work from her thyroid surgery or contradicts the fact that she submitted a doctor's note stating that she had no limitations or restrictions. "Vague or conclusory statements revealing an unspecified incapacity are not sufficient to put an employer on notice of its obligations." *Soria v. Univision Radio Los Angeles, Inc.*, 5 Cal. App. 5th 570, 592 (2016).<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 62. On October 27, 2015, Ms. Perez walked into Ms. Giles office and told her about the cancer diagnosis and showed her the paperwork with the diagram and that she needed to have surgery for the cancer.<br><br>**Evidence:**<br>Perez Decl., ¶ 11; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 48:4-6; 79:25; 80:1-3. | 62. Undisputed, immaterial and irrelevant purposes of this motion. Ms. Giles' knowledge of Plaintiff's thyroid cancer or surgery is not contested by Defendants or at issue in this motion. Indeed, the fact that Plaintiff underwent thyroid surgery is not in dispute. This statement simply has no bearing on the actual issue in this motion of whether Plaintiff needed or requested an accommodation *after* |

Hirschfeld Kraemer LLP
Attorneys At Law
Santa Monica

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | she returned to work from her thyroid surgery or contradicts the fact that she submitted a doctor's note stating that she had no limitations or restrictions.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 63. Ms. Giles did admit that Ms. Perez was having an issue with her thyroid, which was the reason for her surgery.<br>**Evidence:**<br>Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 38:19-23. | 63. Undisputed, immaterial and irrelevant purposes of this motion. Ms. Giles' knowledge of Plaintiff's thyroid cancer or surgery is not contested by Defendants or at issue in this motion. Indeed, the fact that Plaintiff underwent thyroid surgery is not in dispute. This statement simply has no bearing on the actual issue in this motion of whether Plaintiff needed or requested an accommodation *after* she returned to work from her thyroid surgery and submitted a doctor's note stating that she had no limitations or restrictions. |
| 64. Before her surgery, Ms. Perez also told two of the nurses at the office, Dietra and Andrea Santos, that she had cancer treatment.<br>**Evidence:**<br>Perez Decl., ¶ 15; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 48:7-16. | 64. Undisputed, immaterial and irrelevant purposes of this motion.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 65. Ms. Perez told Ms. Giles she was | 65. Undisputed, immaterial and |

14

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| devastated and showed her the paperwork.<br><br>**Evidence:**<br>Perez Decl., ¶ 11; Murphy Decl., ¶ 4; Exhibits 32 and 78; Perez Deposition, 81:13-15. | irrelevant purposes of this motion. Ms. Giles' knowledge of Plaintiff's thyroid surgery is not contested by Defendants or at issue in this motion. Indeed, the fact that Plaintiff underwent thyroid surgery is not in dispute. This statement simply has no bearing on the actual issue in this motion of whether Plaintiff needed or requested an accommodation *after* she returned to work from her thyroid surgery and submitted a doctor's note stating that she had no limitations or restrictions.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 66. Ms. Perez told Ms. Giles that she was scared and that she told Dr. Yeh that she wanted to do the surgery between Christmas and New Year but the doctor said she has cancer, it is serious, and has to get the surgery done as soon as possible.<br><br>**Evidence:**<br>Perez Decl., ¶ 12; Murphy Decl., ¶ 4; Exhibits 32 and 78; Perez Deposition, 81:20-22. | 66. Undisputed, immaterial and irrelevant purposes of this motion. The fact that Plaintiff underwent thyroid surgery is not in dispute. Nor is the fact that Plaintiff was approved for time off for her scheduled surgery. This statement simply has no bearing on the actual issue in this motion of whether Plaintiff needed or requested an accommodation *after* she returned to work from her thyroid surgery and submitted a doctor's note stating that she had no limitations or restrictions. |
| 67. Ms. Perez wanted to do the surgery | 67. Undisputed. |

15

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| between Christmas and New Year's because it's slower at the office, but Ms. Giles told her to take care of herself and not to worry.<br><br>**Evidence:**<br>Perez Decl., ¶ 13; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 82:6-12. | |
| 68. Ms. Perez told Ms. Nicole Giles that she is scheduled for surgery and then Ms. Nicole Giles shared with Rosanna that she had had cancer too.<br><br>**Evidence:**<br>Perez Decl., ¶ 13; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 81:23-25. | 68. Undisputed. |
| 69. Nicole Giles told Ms. Perez that she went through cancer treatment, was very supportive, told her everything was going to be okay, and not to worry about work.<br><br>**Evidence:**<br>Perez Decl., ¶ 13; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 82:1-5.  Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 55:22-24. | 69. Undisputed. |
| 70. Ms. Giles expressed to Ms. Perez that she felt that maybe the purpose of why she was brought to Vitas was to help her get through this situation because she herself was a cancer survivor.<br><br>**Evidence:**<br>Perez Decl., ¶ 13. | 70. Undisputed. |

16

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 71. Ms. Ayala stated that Ms. Perez told her that she spoke to Ms. Giles in private about what was going on with her situation.<br><br>**Evidence:**<br>Murphy Decl. ¶ 3; Exhibit 74; Ayala Deposition, 26:15-20; 27:4-6. | 71. Vague and incomplete.  In any event, this statement is immaterial and irrelevant.<br><br>**Objection:**<br>Violates the rule of completeness. Fed. R. Evid. 106. |
| 72. Following Ms. Perez's conversation with Ms. Giles, she grabbed a request for time off form from Peggy Murray's door, filled it out, and requested time off from November 19, 2015 to November 30, 2015 for scheduled surgery.<br><br>**Evidence:**<br>Perez Decl., ¶ 14; Murphy Decl., ¶ 4; Exhibits 26 and 78; Perez Deposition, 82:21-25; 83:1-4. | 72. Undisputed and duplicative of UF 11. |
| 73. Ms. Peggy Murray, the human resources manager, acknowledged that she was familiar when Ms. Perez came in and requested personal time off because she was required to have surgery sometime in October 2015.<br><br>**Evidence:**<br>Murphy Decl., ¶ 6; Exhibit 76; Murray Deposition, 44:18-22; 45:22¬25; 46:1-6. | 73. Not exactly supported by the cited evidence.  In any event, the fact that Peggy Murray was familiar with Plaintiff requesting paid time off for surgery is undisputed. Further, this additional fact is irrelevant and duplicative as it is already undisputed that Plaintiff filled out a PTO form for her scheduled surgery and received paid time off for it.<br><br>**Evidence:**<br>UF 11, 12. |
| 74. Ms. Giles stated that she became aware that Ms. Perez needed to take some time off from work because she needed surgery when Ms. Perez | 74. Undisputed, immaterial and irrelevant purposes of this motion. The fact that Plaintiff underwent thyroid surgery is not in dispute. |

17

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| submitted a request off form.<br><br>**Evidence:**<br>Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 44:11-14. | Nor is the fact that Plaintiff was approved for time off for her scheduled surgery.<br><br>Further, this additional fact is irrelevant and duplicative as it is already undisputed that Plaintiff filled out a PTO form for her scheduled surgery and received paid time off for it.<br><br>**Evidence:**<br>UF 11, 12. |
| 75. Ms. Giles stated that Ms. Perez told her she was going to have thyroid surgery.<br><br>**Evidence:**<br>Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 47:13-14. | 75. Undisputed, immaterial and irrelevant purposes of this motion. Ms. Giles' knowledge of Plaintiff's thyroid surgery is not contested by Defendants or at issue in this motion. Indeed, the fact that Plaintiff underwent thyroid surgery is not in dispute. This statement simply has no bearing on the actual issue in this motion of whether Plaintiff needed or requested an accommodation *after* she returned to work from her thyroid surgery and submitted a doctor's note stating that she had no limitations or restrictions. |
| 76. Raymund Villaluz signed Ms. Perez's PTO form requesting time off for scheduled surgery.<br><br>**Evidence:**<br>Murphy Decl., ¶¶ 2, 5; Exhibits 26, | 76. Undisputed. |

HIRSCHFELD KRAEMER LLP<br>ATTORNEYS AT LAW<br>SANTA MONICA

18

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 73, and 75; Giles Deposition, 48:11¬21; Villaluz Deposition, 32:12-25; 33:1-6. | |
| 77. After Ms. Giles and Mr. Villaluz signed Rosanna's PTO form requesting time off for scheduled surgery, it was provided to Ms. Peggy Murray.<br><br>**Evidence:**<br>Murphy Decl., ¶ 6; Exhibit 76; Murray Deposition, 47:7-10. | 77. Undisputed. |
| 78. Ms. Murray did speak to Ms. Perez about applying for an FMLA leave.<br><br>**Evidence:**<br>Murphy Decl. ¶ 6; Exhibit 76; Murray Deposition, 48: 15-18. | 78. Undisputed, immaterial, and irrelevant for purposes of this motion.  It is undisputed that Plaintiff was granted PTO and FMLA for her surgery.<br><br>**Evidence:**<br>UF 9, 11, 12. |
| 79. Mr. Villaluz acknowledged that he did not really pay that much attention to this PTO request form.<br><br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 32:23-25. | 79. Undisputed, immaterial, and irrelevant for purposes of this motion.  It is undisputed that Plaintiff was granted PTO and FMLA for her surgery.<br><br>**Evidence:**<br>UF 9, 11, 12. |
| 80. On November 16, 2015, Ms. Giles sent Ms. Perez an email sending her many, many prayers and was very supportive during this time.<br><br>**Evidence:**<br>Perez Decl., ¶ 18; Murphy Decl., ¶ 4; Exhibits 28,29, and 78; Perez Deposition, 88:15-25. | 80. Undisputed, immaterial and irrelevant purposes of this motion.  Ms. Giles' knowledge of Plaintiff's thyroid surgery is not contested by Defendants or at issue in this motion.  Indeed, the fact that Plaintiff underwent thyroid surgery is not in dispute.  This statement simply has no |

19

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | bearing on the actual issue in this motion of whether Plaintiff needed or requested an accommodation *after* she returned to work from her thyroid surgery and submitted a doctor's note stating that she had no limitations or restrictions. |
| 81. On November 16, 2015, Ms. Perez sent a response e-mail to Ms. Giles thanking her for the prayers, informed that she was getting more nervous, not sleeping, cleaning like a mad woman to keep her mind occupied, and that she will be glad when it is all over. **Evidence:** Perez Decl., ¶ 19; Exhibit 29. | 81. Undisputed, immaterial and irrelevant purposes of this motion. Ms. Giles' knowledge of Plaintiff's thyroid surgery is not contested by Defendants or at issue in this motion. Indeed, the fact that Plaintiff underwent thyroid surgery is not in dispute. This statement simply has no bearing on the actual issue in this motion of whether Plaintiff needed or requested an accommodation *after* she returned to work from her thyroid surgery and submitted a doctor's note stating that she had no limitations or restrictions. |
| 82. Ms. Giles stated that the reason she sent the e-mail with many, many prayers was because Rosanna was close to surgery and any nice person would say that. **Evidence:** Murphy Decl., ¶ 2; Exhibits 29 and 78; Giles Deposition, 54:5-9. | 82. Undisputed, immaterial and irrelevant purposes of this motion. Ms. Giles' knowledge of Plaintiff's thyroid surgery is not contested by Defendants or at issue in this motion. Indeed, the fact that Plaintiff underwent thyroid surgery is not in dispute. This statement simply has no bearing on the actual issue in this motion of whether Plaintiff needed |

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | or requested an accommodation *after* she returned to work from her thyroid surgery and submitted a doctor's note stating that she had no limitations or restrictions. |
| 83. Ms. Giles stated that she was not very concerned about Rosanna's surgery.<br><br>**Evidence:**<br>Murphy Decl., ¶ 2; Exhibits 29 and 78; Giles Deposition, 54:12-18. | 83. Argumentative, misleading, materially incomplete and therefore not supported by the cited evidence. In any event, this statement is immaterial, irrelevant, and intended to confuse the issues.<br><br>**Evidence:**<br>Plaintiff fails to mention that when asked, "So you were very concerned about her and her surgery; correct?", Giles also testified, "I -- yes, I would say. . . ."<br><br>Giles Dep. 54:12-14.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 801, 802. TThis statement violates the rule of completeness. Fed. R. Evid. 106. |
| 84. On November 19, 2015, Dr. Yeh performed a thyroidectomy and removed Ms. Perez's thyroid gland.<br><br>**Evidence:**<br>Perez Decl., ¶ 20; Exhibit 32. | 84. Undisputed and duplicative of UF 10. |
| 85. On November 20, 2015, Lincoln Financial sent Ms. Perez and Ms. | 85. Undisputed and duplicative of UF 12. |

HIRSCHFELD KRAEMER LLP<br>ATTORNEYS AT LAW<br>SANTA MONICA

21

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Murray a letter approving Ms. Perez's FMLA and CFRA leave of absence through December 7, 2015.<br><br>**Evidence:**<br>Perez Decl., ¶ 21; Exhibit 31. | |
| 86. On November 30, 2015, Lincoln Financial sent Ms. Perez and Ms. Murray a letter approving Ms. Perez's FMLA and CFRA leave of absence through December 2, 2015.<br>**Evidence:**<br>Perez Decl., ¶ 22; Exhibit 36. | 86. Undisputed and duplicative of UF 12. |
| 87. Sometime after the thyroid surgery, Ms. Giles informed Ms. Perez that she needed a doctor's note releasing her back to work.<br><br>**Evidence:**<br>Perez Decl., ¶ 23; Exhibit 79. | 87. Undisputed. |
| 88. On December 2, 2015, Ms. Perez obtained a release to return to work from her doctor, Dr. Yeh.<br><br>**Evidence:**<br>Perez Decl., ¶ 24; Exhibit 37. | 88. Undisputed and duplicative of UF 13. |
| 89. When Ms. Perez returned from surgery on December 2, 2015, she let Nicole Giles and Jennifer Ayala know that the cancer had begun to metastasize to the parathyroid region and that she was going to need additional time off work for future medical treatment involving radioactive iodine treatment.<br><br>**Evidence:**<br>Perez Decl., ¶ 25; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, | 89. Undisputed and immaterial purposes of this motion. "Vague or conclusory statements revealing an unspecified incapacity are not sufficient to put an employer on notice of its obligations." *Soria v. Univision Radio Los Angeles, Inc.*, 5 Cal. App. 5th 570, 592 (2016).<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403.. |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

22

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 48:17-24; 90:20-25; 91:1-2; 111:9-21. | |
| 90. Ms. Ayala stated that Ms. Perez had a form of surgery, which she thought would be a biopsy. **Evidence:** Murphy Decl., ¶ 3; Exhibit 74; Ayala Deposition, 23:9-12. | 90. Undisputed, immaterial and irrelevant purposes of this motion. The fact that Plaintiff underwent thyroid surgery is not in dispute, and what type of surgery Ayala thought is irrelevant. |
| 91. Ms. Giles admitted that she had a conversation with Ms. Perez where Ms. Perez told her that the surgery was not good and that she may need additional time off. **Evidence:** Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 60:3-10; Perez Deposition; 111:12-21. | 91. Undisputed, immaterial, and irrelevant. None of Plaintiff's cited evidence is material to the actual issues in this motion. A statement that Plaintiff told a coworker that she *may* need time off *in the future* is not equivalent to requesting an accommodation under the FEHA. *Soria v. Univision Radio Los Angeles, Inc.*, 5 Cal. App. 5th 570, 599 (2016) (finding that the plaintiff's request for time off for her operation was a request for accommodation because "her testimony was that she told [the manager] that she wanted to do so, not that she might have the operation or was considering it."). Accordingly, this statement has no bearing on the issues in this motion. **Objection:** Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 92. Ms. Giles stated that she never told anyone in management what Ms. | 92. Undisputed. |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Perez had told her about her surgery and that the surgery did not go well.<br><br>**Evidence:**<br>Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 61:8-13. | |
| 93. Ms. Giles stated that she did not tell anyone in upper management because she felt if Rosanna wanted to tell them, she would do that directly.<br><br>**Evidence:**<br>Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 61:14-16. | 93. Undisputed, but immaterial. |
| 94. Mr. Villaluz stated that Ms. Giles did not tell him anything about Ms. Perez's medical condition after she had her surgery.<br><br>**Evidence:**<br>Murphy Decl., ¶ 2; Exhibit 75; Villaluz Deposition, 36:8-11; 36:18¬25; 37:1-11. | 94. Undisputed. |
| 95. On December 2, 2015, Ms. Perez brought a return-to-work form to Peggy Murray, showed her the scar on her neck from the surgery, and told Peggy Murray that she had thyroid cancer and that she will need to take additional time off work for future medical treatment involving radioactive iodine treatment.<br><br>**Evidence:**<br>Perez Decl., ¶ 26; Murphy Decl., ¶ 4; Exhibits 32, 37, and 78; Perez Deposition, 48:17-24; 91:7-15; | 95. Undisputed and immaterial purposes of this motion. "Vague or conclusory statements revealing an unspecified incapacity are not sufficient to put an employer on notice of its obligations." *Soria v. Univision Radio Los Angeles, Inc.*, 5 Cal. App. 5th 570, 592 (2016). |

HIRSCHFELD KRAEMER LLP<br>ATTORNEYS AT LAW<br>SANTA MONICA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 92:19-25; 93:1; 111:12-21. | |
| 96. After Ms. Perez informed Peggy Murray that she had surgery, had cancer, and needed radioactive iodine treatment, she received no response from Ms. Murray and no emotion and was really hurt and sad by that.<br><br>**Evidence:**<br>Perez Decl., ¶ 26; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 49:1-4. | 96. Argumentative, immaterial, and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 801, 802. |
| 97. Ms. Perez did not know at that time how much additional time off she would need for her future treatment.<br><br>**Evidence:**<br>Perez Decl., ¶¶ 27, 55; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 111:24-25; 112:1-2. | 97. Undisputed. |
| 98. Ms. Perez did not start her radioactive iodine treatment until December 23, 2015.<br><br>**Evidence:**<br>Perez Decl., ¶ 27, 34. Exhibits 32, 33, and 35. | 98. Undisputed. |
| 99. Mr. Villaluz did not make any inquiries to find out what Ms. Perez's medical status was after she returned from her surgery.<br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 42:15-21. | 99. Undisputed. |
| 100 Mr. Villaluz also stated that no one provided him with any information on how Ms. Perez was doing after | 100. Undisputed. |

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE | |
|---|---|---|---|
| | her surgery.<br><br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 42:22-25. | | |
| 101 | Ms. Murray stated that she did not find out about Ms. Perez's cancer until after the lawsuit was filed.<br><br>**Evidence:**<br>Murphy Decl., ¶ 6; Exhibit 76; Murray Deposition, 69:17-21. | 101 | Undisputed but immaterial for purposes of this motion. Defendants' motion has assumed Plaintiff's version of events. Thus, this statement is immaterial, irrelevant, and intended to confuse the issues.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 102 | Ms. Murray stated that Ms. Perez's radioactive iodine treatment that was mentioned during her deposition was the first time she had ever heard of that.<br><br>**Evidence:**<br>Murphy Decl., 6; Exhibit 76; Murray Deposition, 70:2-9. | 102 | Undisputed but immaterial for purposes of this motion. Defendants' motion has assumed Plaintiff's version of events. Thus, this statement is immaterial, irrelevant, and intended to confuse the issues.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 103 | Ms. Murray acknowledged receiving an email from Ms. Perez on December 21, 2015 wherein Ms. Perez informed her that she was undergoing iodine treatment for her cancer that week and needed her to fill out the Vitas' portion for her disability insurance. | 103 | Undisputed but immaterial for purposes of this motion. Defendants' motion has assumed Plaintiff's version of events. Thus, this statement is immaterial, irrelevant, and intended to confuse the issues.<br><br>**Objection:** |

HIRSCHFELD KRAEMER LLP<br>ATTORNEYS AT LAW<br>SANTA MONICA

26

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE | |
|---|---|---|---|
| | **Evidence:** Murphy Decl., 6; Exhibit 76; Murray Deposition, 71:5-18. | | Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 104 | When asked whether Ms. Perez did in fact notify Ms. Murray that she had cancer and was being treated for it, Ms. Murray responded that she guess Ms. Perez did notify her but she is not a nurse. **Evidence:** Murphy Decl., 6; Exhibit 76; Murray Deposition, 71:22-23. | 104 | Argumentative and misleading.  In any event, this statement is immaterial, irrelevant, and intended to confuse the issues. This fact relates to Murray's discussions with Perez regarding her treatment on December 21, 2015, *after* her employment ended, which has no bearing on any of the issues raised in Defendants' motion.  **Evidence:** Murray Dep. 71:7-23.  **Objection:** Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.   Hearsay.  Fed. R. Evid. 801, 802.  Speculative.  Fed. R. Evid. 602.  This statement violates the rule of completeness. Fed. R. Evid. 106. |
| 105 | Ms. Murray stated that she did not know the iodine treatment was for cancer and that the email does not say what type of cancer. **Evidence:** Murphy Decl., 6; Exhibit 76; Murray Deposition, 71:23-24. | 105 | Argumentative and misleading.  In any event, this statement is immaterial, irrelevant, and intended to confuse the issues. This fact relates to Murray's discussions with Perez regarding her treatment on December 21, 2015, *after* her employment ended, which has no bearing on any of the issues raised in Defendants' |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

27

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | motion.<br><br>**Evidence:**<br>Murray Dep. 71:7-23.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 801, 802. Speculative. Fed. R. Evid. 602. This statement violates the rule of completeness. Fed. R. Evid. 106. |
| 106 | Ms. Murray admitted that she did in fact know Ms. Perez had cancer on December 21, 2015.<br><br>**Evidence:**<br>Murphy Decl., 6; Exhibit 76; Murray Deposition, 71:25; 72:1-6. | 106 | Immaterial, irrelevant, and intended to confuse the issues. This fact relates to Murray's discussions with Perez regarding her treatment on December 21, 2015, *after* her employment ended, which has no bearing on any of the issues raised in Defendants' motion.<br><br>**Evidence:**<br>Murray Dep. 71:7-72:6. |
| 107 | Ms. JoAnn Mack is the Senior Vice President of Operations in California.<br><br>**Evidence:**<br>Murphy Decl., 7; Exhibit 77; Mack Deposition, 18:13-14; 20:4-7. | 107 | Undisputed and immaterial to this motion. |
| 108 | Ms. Mack stated that she recalled talking with Mr. Villaluz and Ms. Giordano about how the program was declining and admissions were declining. | 108 | Undisputed. |

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE | |
|---|---|---|---|
| | **Evidence:** Murphy Decl., 7; Exhibit 77; Mack Deposition, 45:21-25; 46:1. | | |
| 109 | Ms. Mack stated that as the admissions were declining, they were looking at the entire admissions team and trying to determine whether they need all those people. **Evidence:** Murphy Decl., 7; Exhibit 77; Mack Deposition, 47:24-25; 48:1-3. | 109. | Undisputed. |
| 110 | On December 8, 2015, Raymund Villaluz sent an email stating that the office needs to downsize the admissions side, mainly Rosanna. **Evidence:** Murphy Decl., 5; Exhibits 47 & 48; Villaluz Deposition, 39:10-15. | 110. | Undisputed. |
| 111 | Mr. Villaluz stated that he remembers having a discussion with Ms. JoAnn Mack in terms of possibly downsizing Mr. [*sic*] Perez's position, but not specifically Ms. Perez. **Evidence:** Murphy Decl., 5; Exhibit 75; Villaluz Deposition, 37:19-21. | 111. | Undisputed. |
| 112 | Mr. Villaluz stated he knew that this conversation regarding downsizing Ms. Perez's job position took place before she had returned from her surgery. **Evidence:** Murphy Decl., 5; Exhibit 75; | 112. | Immaterial, irrelevant, and intended to confuse the issues. **Objection:** Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. This statement violates the rule of completeness. Fed. R. Evid. |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE | |
|---|---|---|---|
| | Villaluz Deposition, 38:8-10. | | 106 |
| 113 | Mr. Villaluz stated that this conversation regarding downsizing Ms. Perez's job position took place after she had returned from her surgery.<br><br>**Evidence:**<br>Murphy Decl., 5; Exhibit 75; Villaluz Deposition, 38:22-24. | 113 | Immaterial, irrelevant, and intended to confuse the issues.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 114 | Mr. Villaluz could not remember whether the decision to terminate Ms. Perez was made before or after she had returned from her surgery.<br><br>**Evidence:**<br>Murphy Decl., 5; Exhibit 75; Villaluz Deposition, 41:21-25. | 114 | Immaterial, irrelevant, and intended to confuse the issues.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. This statement violates the rule of completeness. Fed. R. Evid. 106 |
| 115 | Ms. Mack stated that around the time of December 8, 2015, she was never informed that prior to the decision being made to terminate Ms. Perez that she had taken a medical leave from the company to have surgery.<br><br>**Evidence:**<br>Murphy Decl., 7; Exhibit 77; Mack Deposition, 52:6-10. | 115 | Undisputed. |
| 116 | Ms. Mack stated that no one told her that Ms. Perez had cancer, had her thyroid removed, or that she was going to require future treatment.<br><br>**Evidence:**<br>Murphy Decl., 7; Exhibit 77; Mack Deposition, 52:11-17. | 116 | Undisputed. |
| 117 | Ms. Giles stated that she was | 117 | Undisputed. |

30

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE | |
|---|---|---|---|
| | notified the night before that Ms. Perez was going to be laid off and that Raymund Villaluz had informed Ms. Giles of that fact.<br><br>**Evidence:**<br>Murphy Decl., 2; Exhibit 73; Giles Deposition, 65:14-19; 66:1-9. | | |
| 118 | Ms. Giles stated that Mr. Villaluz told her that Ms. Perez was being laid off because of the census at the time.<br><br>**Evidence:**<br>Murphy Decl., 2; Exhibit 73; Giles Deposition, 66:10-17. | 118 | Undisputed. |
| 119 | Ms. Giles admitted that she did not tell Mr. Villaluz during that meeting that Ms. Perez had surgery and that it was bad and that she was going to be required to take additional time off for medical treatment.<br><br>**Evidence:**<br>Murphy Decl., 2; Exhibit 73; Giles Deposition, 66:22-25; 67:1-3. | 119 | Undisputed. |
| 120 | Ms. Giles did not tell Mr. Villaluz that Ms. Perez had thyroid surgery and that she was concerned about her medical condition.<br><br>**Evidence:**<br>Murphy Decl., 2; Exhibit 73; Giles Deposition, 67:4-9. | 120 | Undisputed. |
| 121 | On or about December 10, 2015, Ms. Giles and Ms. Perez had an informal discussion wherein Ms. Giles informed her that if the Torrance, CA office did not | 121 | Undisputed, but immaterial and irrelevant.<br><br>**Objection:**<br>Hearsay.  Fed. R. Evid. 801, 802. |

HIRSCHFELD KRAEMER LLP<br>ATTORNEYS AT LAW<br>SANTA MONICA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| increase census, that particular office could be closed in as early as six months.<br><br>**Evidence:**<br>Perez Decl., ¶ 56. | Speculative. Fed. R. Evid. 602. Improper lay opinion. Fed. R. Evid. 602. |
| 122 Ms. Perez was terminated from employment on December 11, 2015, exactly two weeks before Christmas and was told that her job position as "Admission Liaison" was being eliminated.<br><br>**Evidence:**<br>Perez Decl., ¶ 28; Murphy Decl., ¶ 4; see Exhibits 16, 17, 38, 39, 40, 51, 52, 78; Perez Deposition, 47:23-25; 48:1-3. | 122 Argumentative but undisputed and duplicative of UF 23. |
| 123 During the first meeting when Ms. Perez was being laid off, she expressed to Raymund Villaluz that after everything she was going through that they are going to let her go now?<br><br>**Evidence:**<br>Perez Decl., ¶28; Murphy Decl., ¶ 4; see . 78; Perez Deposition, 104:5-6. | 123 Argumentative but undisputed and immaterial. |
| 124 Mr. Villaluz stated that he did not know what was going on with her and then Ms. Murray responded to Mr. Villaluz that she did know what was going on with Ms. Perez and then Ms. Murray turned to Ms. Perez and stated that this is just business and that this is not personal.<br>**Evidence:** | 124 Argumentative but undisputed and immaterial.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 801, 802. |

32

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE | |
|---|---|---|---|
| | Perez Decl., ¶ 28; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 104:7-15. | | |
| 125 | Mr. Villaluz stated that Peggy Murray did say something during the termination meeting, but he could not recall the specifics.<br><br>**Evidence:**<br>Murphy Decl., ¶ 5 Exhibit 75; Villaluz Deposition, 54:15-19. | 125 | Undisputed, but immaterial and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 126 | During the termination meeting, Peggy Murray stated that Ms. Perez did not say anything to her and Ms. Murray did not say anything to Ms. Perez.<br><br>**Evidence:**<br>Murphy Decl., ¶ 6; Exhibit 76; Murray Deposition, 66:2-5. | 126 | Undisputed but immaterial for purposes of this motion. Defendants' motion has assumed Plaintiff's version of events. Thus, this statement is immaterial, irrelevant, and intended to confuse the issues.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 127 | Ms. Perez stated that after the termination meeting, she returned to the office and informed Mr. Villaluz that she had thyroid cancer and now was going to have to have radioactive iodine treatment and asked of all times why they were letting her go.<br><br>**Evidence:**<br>Perez Decl., 29; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 102:15-24. | 127 | Undisputed, immaterial, and irrelevant for purposes of this motion. Plaintiff's discussions regarding her treatment *after* her employment ended is not at issue in this case or relevant to this motion. |
| 128 | When Ms. Perez returned to the office, she also informed Mr. | 128 | This is a "sham issue of fact" and should be disregarded by the |

33

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Villaluz that she had told Nicole Giles, Jennifer Ayala, and Peggy Murray that she was diagnosed with cancer, had cancer surgery, and was going to require future radioactive iodine treatment.<br><br>**Evidence:**<br>Perez Decl., ¶ 29. | Court.<br><br>Plaintiff's deposition testimony regarding her discussion with Villaluz lacks any mention of informing Villaluz that she told Nicole Giles, Jennifer Ayala, and Peggy Murray that she was diagnosed with cancer, had cancer surgery, and was going to require future radioactive iodine treatment. "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting [her] prior deposition testimony." *Kennedy v. Allied Mutual Insurance Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (citing *Foster v. Arcata Associates,* 772 F.2d 1453, 1462 (9th Cir.1985)); *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 543-44 (9th Cir.1975) (explaining that a contradiction of prior deposition testimony through a later affidavit is a "sham issue of fact.").<br><br>In any event, this statement is immaterial and irrelevant to this motion as it took place after Plaintiff's employment ended.<br><br>**Evidence:**<br>Plaintiff was specifically asked if she discussed anything else with Villaluz that she hadn't already |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

34

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | testified about.  Plaintiff responded, "No." |
| | | Pl. Dep. 117:15-118:7 |
| | | **Objection:** Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  Contradicts prior deposition testimony.  *Kennedy v. Allied Mutual Insurance Co.*, 952 F.2d 262, 266 (9th Cir. 1991). |
| 129 | Mr. Villaluz acknowledged that Ms. Perez may have told him that she needed to have more procedures or treatment in the future, but did not recall.  **Evidence:** Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 60:9-16. | 129 | Undisputed, immaterial, and irrelevant for purposes of this motion.  Discussions *after* Plaintiff's employment ended is not at issue in this case or relevant to this motion.  Moreover, Plaintiff's statement of whether something may or may not have happened is not a fact.  **Objection:** Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403. |
| 130 | Even after being putting on notice of Ms. Perez's cancer condition and that she needed future treatment, Mr. Villaluz stated that he was sorry she was going through this, was very compassionate, but told her that her job position needed to be eliminated because they had other people that could do the job that she was doing.  **Evidence:** | 130 | Argumentative, immaterial and irrelevant for purposes of this motion and not supported by the cited evidence.  **Objection:** Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  This statement violates the rule of completeness. Fed. R. Evid. 106. |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE | |
|---|---|---|---|
| | Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 61:8-16. | | |
| 131 | Mr. Villaluz acknowledged that even though he knew Ms. Perez had cancer after the termination meeting and may or may not have known that she required future medical treatment, he was not going to change the decision that she needed to be terminated. **Evidence:** Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 61:17-25; 62:5-6. | 131 | Argumentative. Undisputed, immaterial, and irrelevant for purposes of this motion. Discussions *after* Plaintiff's employment ended is not at issue in this case or relevant to this motion. **Objection:** Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 132 | Mr. Villaluz acknowledged that even after he knew that Ms. Perez had cancer and was going to require future medical treatment, he notified her that the decision to terminate her had been made and that it was final. **Evidence:** Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 62:7-12. | 132 | Argumentative, immaterial and irrelevant for purposes of this motion and not supported by the cited evidence. **Objection:** Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. This statement violates the rule of completeness. Fed. R. Evid. 106. |
| 133 | Mr. Villaluz acknowledged that there was no attempt to reverse the decision once he knew she had cancer because the decision to terminate her was made prior to her saying anything to him about her condition. **Evidence:** Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 62:13-16. | 133 | Argumentative. Undisputed, immaterial, and irrelevant for purposes of this motion. Discussions *after* Plaintiff's employment ended is not at issue in this case or relevant to this motion. |
| 134 | On December 15, 2016, Ms. Mack | 134 | Undisputed. |

36

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| stated that there is no admission liaison person at the Torrance, CA office.<br><br>**Evidence:**<br>Murphy Decl., ¶ 7; Exhibit 77; Mack Deposition, 68:2-9. | |
| 135 On November 17, 2016, Ms. Jennifer Ayala stated that she was the admissions liaison person at the Torrance, CA office.<br><br>**Evidence:**<br>Murphy Decl., ¶ 3; Exhibits 74; Ayala Deposition, 17:15-25; 18-14. | 135 Immaterial and irrelevant for purposes of this motion. This statement is materially incomplete and therefore is not supported by the cited evidence.<br><br>**Evidence:**<br>Ayala testified that she was an Admission Liaison/Admission Coordinator.<br><br>Ayala Dep. 31:22-32:10.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. This statement violates the rule of completeness. Fed. R. Evid. 106. |
| 136 Ms. Perez spoke with Nicole Giles the night of her termination and told her how devastated she was and that Nicole Giles expressed how bad she felt.<br><br>**Evidence:**<br>Perez Decl., ¶ 33 | 136 Undisputed, immaterial, and irrelevant. |
| 137 Vitas Healthcare Corporation terminated Ms. Perez's employment and her employee fringe benefits, including health insurance and | 137 Immaterial, argumentative, and unsupported by the record in this action. This is not a fact but is an irrelevant and unsupported |

37

| | PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | disability insurance, right before she was scheduled to start her radioactive iodine treatment for her thyroid cancer.<br><br>**Evidence:**<br>Perez Decl., ¶ 32; Murphy Decl., ¶ 4; Exhibits 78 and 79; Perez Deposition 130:18-23. | | argument.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  Speculative.  Fed. R. Evid. 602. |
| 138 | After terminating her employee benefits and medical insurance, Ms. Perez was placed on COBRA insurance on January 1, 2016, which was substantially more expensive.<br><br>**Evidence:**<br>Perez Decl., ¶ 33. | 138 | Immaterial, argumentative, and unsupported by the record in this action.  This is not a fact but is an irrelevant and unsupported argument.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  Speculative.  Fed. R. Evid. 602.  Improper lay opinion.  Fed. R. Evid. 701. |
| 139 | Ms. Mack stated that between 2015 and 2016, sales and census numbers remained flat.<br><br>**Evidence:**<br>Murphy Decl., ¶ 7; Exhibit 77; Mack Deposition, 70:13-19. | 139 | Undisputed. |
| 140 | Mr. Villaluz acknowledged that in order to increase the patient census, he needed people who actually worked for the company to go out and increase sales.<br><br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 83:6-10. | 140 | Undisputed, immaterial, and irrelevant. |
| 141 | On January 14, 2016, Ms. Giles prepared a letter of recommendation | 141 | Undisputed, immaterial, and irrelevant. |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| for Ms. Perez and stated that Ms. Perez had a very developed skill set in both marketing and sales and was a top performer averaging in the top 90-100% for conversions in a highly saturated market.<br><br>**Evidence:**<br>Perez Decl., ¶ 47; Exhibits 43. | **Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 802, 803. Improper character evidence. Fed. R. Evid. 404. |
| 142 On January 27, 2016, Sherrie Montgomery, the Director of Market Development for Vitas for the Orange County office, wrote a letter of recommendation for Ms. Perez exemplifying her customer service abilities and ability to build long lasting relationships.<br><br>**Evidence:**<br>Perez Decl., ¶ 48; Exhibit 44. | 142 Undisputed, immaterial, and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 802, 803. Improper character evidence. Fed. R. Evid. 404. |
| 143 Since Ms. Perez has left, Ms. Ayala stated that the company had hired some nurses to do some of Rosanna's former job responsibilities.<br><br>**Evidence:**<br>Murphy Decl., ¶ 3; Exhibit 74; Ayala Deposition, 29:25; 30:1-11. | 143 Undisputed, immaterial, and irrelevant. |
| 144 In Vitas Healthcare Corporation of California's Answer to the Complaint, it denied that Mr. Villaluz told Ms. Perez that the reason she was being terminated was that the financial condition of the office was not doing very well.<br><br>**Evidence:**<br>Murphy Decl., ¶ 12; Exhibit 84, ¶ | 144 Unsupported by the cited evidence. |

HIRSCHFELD KRAEMER LLP<br>ATTORNEYS AT LAW<br>SANTA MONICA

39

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 19 of the Answer. | |
| 145 On December 23, 2015, Ms. Perez started her radioactive iodine treatment and had to take a radioactive pill at the hospital, which lasted approximately five days.<br><br>**Evidence:**<br>Perez Decl., ¶ 34; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 38:15-20. | 145 Undisputed and duplicative of UF 25. |
| 146 Ms. Perez had to start a strict diet on December 17, 2015.<br><br>**Evidence:**<br>Perez Decl., ¶ 34; Exhibits 32-35. | 146 Undisputed, immaterial, and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Speculative. Fed. R. Evid. 602. |
| 147 As a result of the radioactive pill, Ms. Perez had to be in complete isolation for five days through Christmas Eve and Christmas Day.<br><br>**Evidence:**<br>Perez Decl., ¶ 35; Murphy Decl., ¶ 4; Exhibits 32-35, 78; Perez Deposition, 38:20-23. | 147 Undisputed and duplicative of UF 25. |
| 148 After the treatment, Ms. Perez could not work for about two additional weeks due to the side effects of the radiation and because it made her very ill and nauseous.<br><br>**Evidence:**<br>Perez Decl., ¶¶ 36, 37; Murphy Decl., ¶ 4; Exhibit 78; Perez | 148 Undisputed, immaterial, and irrelevant for purposes of this motion. Plaintiff's condition *after* her employment ended is not at issue in this case or motion.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

40

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Deposition, 38:23-25. | 403. Hearsay. Fed. R. Evid. 802, 803. Improper lay opinion. Fed. R. Evid. 701. |
| 149 Ms. Perez was not ready to go back to work until mid-to-late January 2016 because the radiation had not been completely released from her body and she was feeling ill during her treatment. **Evidence:** Perez Decl., ¶¶ 36, 37. | 149 Immaterial and irrelevant for purposes of this motion. Plaintiff's condition *after* her employment ended is not at issue in this case. Moreover, this is a "sham issue of fact" and should be disregarded by the Court. Plaintiff testified at her deposition that she felt great and could "100 percent" perform her duties after her thyroid surgery. "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting [her] prior deposition testimony." *Kennedy v. Allied Mutual Insurance Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (citing *Foster v. Arcata Associates,* 772 F.2d 1453, 1462 (9th Cir.1985)); *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 543-44 (9th Cir.1975) (explaining that a contradiction of prior deposition testimony through a later affidavit is a "sham issue of fact."). **Evidence:** UF 14. **Objection:** |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE | |
|---|---|---|---|
| | | | Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 802, 803. Improper lay opinion. Fed. R. Evid. 701. Contradicts prior deposition testimony. *Kennedy v. Allied Mutual Insurance Co.*, 952 F.2d 262, 266 (9th Cir. 1991).. |
| 150 | Ms. Perez needed about a month off from work from the time she started her radioactive iodine treatment before she could return to work.<br><br>**Evidence:**<br>Perez Decl. ¶ 37. | 150 | Immaterial and irrelevant for purposes of this motion. Plaintiff's condition *after* her employment ended is not at issue in this case.<br><br>Moreover, this is a "sham issue of fact" and should be disregarded by the Court.<br><br>Plaintiff testified that her at her radioactive iodine treatment lasted five days beginning on December 23, 2015. "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting [her] prior deposition testimony." *Kennedy v. Allied Mutual Insurance Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (citing *Foster v. Arcata Associates,* 772 F.2d 1453, 1462 (9th Cir.1985)); *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 543-44 (9th Cir.1975) (explaining that a contradiction of prior deposition testimony through a later affidavit is a "sham issue of fact."). |

HIRSCHFELD KRAEMER LLP<br>ATTORNEYS AT LAW<br>SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE | |
|---|---|---|---|
| | | | **Evidence:**<br>UF 25; Additional Fact 145.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 802, 803. Improper lay opinion. Fed. R. Evid. 701. Contradicts prior deposition testimony. *Kennedy v. Allied Mutual Insurance Co.*, 952 F.2d 262, 266 (9th Cir. 1991). |
| 151 | Ms. Perez's doctors instructed her to have quarterly follow-up visits to monitor her progress.<br><br>**Evidence:**<br>Perez Decl. ¶ 39. | 151 | Undisputed, immaterial, and irrelevant for purposes of this motion. Plaintiff's condition *after* her employment ended is not at issue in this case.<br><br>**Objection:**<br>Hearsay. Fed. R. Evid. 802, 803. |
| 152 | Ms. Perez had follow-up visits related to her cancer condition on February 4, 2016; May 19, 2016; September 30, 2016; November 28, 2016; January 9, 2017; and January 12, 2017.<br><br>**Evidence:**<br>Perez Decl., ¶ 39. | 152 | Undisputed, immaterial, and irrelevant for purposes of this motion. Plaintiff's condition *after* her employment ended is not at issue in this case.<br><br>**Objection:**<br>Speculative. Fed. R. Evid. 602. |
| 153 | On January 12, 2017, Ms. Perez had blood tests taken pursuant to her doctor's instructions in order to monitor her cancer condition.<br>**Evidence:**<br>Perez. Decl., ¶ 40. | 153 | Undisputed, immaterial, and irrelevant for purposes of this motion. Plaintiff's condition *after* her employment ended is not at issue in this case.<br><br>**Objection:**<br>Hearsay. Fed. R. Evid. 802, 803. |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| | PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | | | Improper lay opinion. Fed. R. Evid. 701. |
| 154 | On January 31, 2017, Ms. Perez's doctor left her a voicemail informing her that she had finally been cleared of thyroid cancer.<br><br>**Evidence:**<br>Perez Decl., ¶ 40. | 154 | Undisputed, immaterial, and irrelevant for purposes of this motion. Plaintiff's condition *after* her employment ended is not at issue in this case.<br><br>**Objection:**<br>Hearsay. Fed. R. Evid. 802, 803. Improper lay opinion. Fed. R. Evid. 701. |
| 155 | On February 7, 2017, Ms. Perez spoke with her doctor over the phone where she verified that she had been clear of cancer.<br><br>**Evidence:**<br>Perez Decl., ¶ 40. | 155 | Undisputed, immaterial, and irrelevant for purposes of this motion. Plaintiff's condition *after* her employment ended is not at issue in this case.<br><br>**Objection:**<br>Hearsay. Fed. R. Evid. 802, 803. Improper lay opinion. Fed. R. Evid. 701. |
| 156 | It was the first moment in about a year that Ms. Perez felt any certainty that the cancer was gone; however, her doctors will need to continue to monitor her thyroid region in the future.<br><br>**Evidence:**<br>Perez Decl., ¶ 40. | 156 | This is not a fact but is an irrelevant and unsupported argument. Plaintiff's opinion about her condition *after* her employment ended is not at issue in this case. In any event, it is immaterial.<br><br>**Objection:**<br>Hearsay. Fed. R. Evid. 802, 803. Improper lay opinion. Fed. R. Evid. 701. |
| 157 | Ms. Perez started looking for alternative employment almost immediately after being terminated | 157 | Immaterial and irrelevant.<br><br>**Objection:** |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

44

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| because she knew it would take quite some time to find a new job and was afraid because she knew would not have any income coming in at that time to pay for all of her bills, including future medical treatment.<br><br>**Evidence:**<br>Perez Decl., ¶ 43. | Hearsay. Fed. R. Evid. 802, 803. Improper lay opinion. Fed. R. Evid. 701.. |
| 158 On or about December 18, 2015, Ms. Perez went online looking for jobs and noticed that Indeed.com had posted an advertisement for Vitas Healthcare Corporation where they were seeking someone to fill the "admissions liaison" position at the Torrance, CA office.<br><br>**Evidence:**<br>Perez Decl., ¶ 44; Exhibit 58. | 158 Immaterial and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 802, 803. |
| 159 On or about January 14, 2016, Ms. Perez went online at Vitas Healthcare Corporation's website to look at their online career job board and noticed that they were advertising seeking someone to fill the "admissions liaison" position at the Torrance, CA office.<br><br>**Evidence:**<br>Perez Decl., ¶ 46; Exhibit 59; Murphy Decl., ¶ 15, per Stipulation. | 159 Immaterial and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 802, 803. |
| 160 In Vitas Healthcare Corporation of California's Answer to the Complaint, it denies that it was advertising for the admission liaison job position at the Torrance, CA office. | 160 Immaterial and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403.. |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| **Evidence:** Murphy Decl., ¶12; Exhibit 84, ¶ 20 of the Answer. | |
| 161 On December 24, 2015, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the San Diego, CA office. **Evidence:** Murphy Decl., ¶¶ 15, 16; per Stipulation; Exhibit 80. | 161 Immaterial and irrelevant. **Objection:** Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403. |
| 162 On January 12, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the San Diego, CA office. **Evidence:** Murphy Decl., ¶¶ 15, 16; per Stipulation; Exhibit 80. | 162 Immaterial and irrelevant. **Objection:** Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403. |
| 163 On January 27, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the San Francisco, CA office. **Evidence:** Murphy Decl., ¶¶ 15, 16; per Stipulation; Exhibit 80. | 163 Immaterial and irrelevant. **Objection:** Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403. |
| 164 On March 17, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the | 164 Immaterial and irrelevant. **Objection:** Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

46

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| East Bay office in California. **Evidence:** Murphy Decl., ¶ 15, 16; per Stipulation; Exhibit 80. | 403. Hearsay. Fed. R. Evid. 802, 803. |
| 165  On March 29, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the East Bay office in California. **Evidence:** Murphy Decl., ¶ 15, 16; per Stipulation; Exhibit 80. | 165  Immaterial and irrelevant. **Objection:** Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 802, 803. |
| 166  On April 6, 2016, Ms. Murray acknowledged that she received an email from a company employee who informed her that the Admission Liaison job advertisement for the Torrance, CA office was going to be closing. **Evidence:** Murphy Decl. ¶ 6; Exhibits 57 and 76; Murray Deposition, 95:10-25; 96:1-20. | 166  Vague, misleading, and incomplete. In any event, this statement is immaterial, irrelevant, and intended to confuse the issues. |
| 167  On April 22, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the Sacramento, CA and Walnut Creek, CA offices. **Evidence:** Murphy Decl., ¶ 15, per Stipulation; Exhibit 60. | 167  Immaterial and irrelevant. **Objection:** Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 802, 803. |
| 168  On April 22, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking | 168  Immaterial and irrelevant. **Objection:** |

47

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | someone to fill a "sales representative" position at the Torrance, CA office.<br><br>**Evidence:**<br>Murphy Decl., ¶ 15, per Stipulation; Exhibit 61. | Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 802, 803. |
| 169 | On April 28, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the San Diego, CA office.<br><br>**Evidence:**<br>Murphy Decl., ¶¶ 15, 16; per Stipulation; Exhibit 80. | 169. Immaterial and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 802, 803. |
| 170 | On April 30, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the San Diego, CA office.<br><br>**Evidence:**<br>Murphy Decl., ¶¶ 15, 16; per Stipulation; Exhibit 80. | 170. Immaterial and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 802, 803. |
| 171 | On May 12, 2016, Ms. Perez went online looking for jobs and she noticed that Indeed.com had posted an advertisement for Vitas Healthcare Corporation where they were seeking someone to fill the "admissions liaison" position at the Torrance, CA office.<br><br>**Evidence:**<br>Perez Decl., ¶ 49; Exhibit 62. | 171. Immaterial and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 802, 803. |
| 172 | On May 12, 2016, Vitas Healthcare | 172. Immaterial and irrelevant. |

HIRSCHFELD KRAEMER LLP<br>ATTORNEYS AT LAW<br>SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the Sacramento, CA and Walnut Creek, CA offices.<br><br>**Evidence:**<br>Murphy Decl., ¶ 15, per Stipulation; Exhibit 63. | **Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 802, 803. |
| 173 On August 5, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the Milpitas, CA office.<br><br>**Evidence:**<br>Murphy Decl., ¶ 15, per Stipulation; Exhibit 64. | 173 Immaterial and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 802, 803. |
| 174 On August 5, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill a "sales representative" position at the Riverside, Irvine, San Diego, and Covina offices in California.<br><br>**Evidence:**<br>Murphy Decl., ¶ 15, per Stipulation; Exhibit 66. | 174 Immaterial and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 802, 803. |
| 175 On August 25, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the San Gabriel Cities office in California.<br><br>**Evidence:** | 175 Immaterial and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 802, 803. |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Murphy Decl., ¶ 15, per Stipulation; Exhibit 67. | |
| 176 On September 28, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the San Gabriel Cities office in California. **Evidence:** Murphy Decl., ¶¶ 15, 16, per Stipulation; Exhibit 80. | 176 Immaterial and irrelevant. **Objection:** Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 802, 803. |
| 177 On October 10, 2016, Ms. Perez went online looking for jobs in the hospice industry and she noticed that Indeed.com had posted an advertisement for Vitas Healthcare Corporation where they were seeking someone to fill the "admissions liaison" position at the Covina, CA office. **Evidence:** Perez Decl., ¶ 50; Exhibit 68. | 177 Immaterial and irrelevant. **Objection:** Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 802, 803. |
| 178 On October 25, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the Inland Cities office in California. **Evidence:** Murphy Decl., ¶¶ 15, 16; per Stipulation; Exhibit 80. | 178 Immaterial and irrelevant. **Objection:** Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 802, 803. |
| 179 On January 18, 2017, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill a | 179 Unsupported by the cited evidence. There is no Exhibit 69 attached to Perez Decl., ¶ 15. In any event, it is immaterial and |

50

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | "sales representative" position at the Torrance, CA office.<br><br>**Evidence:**<br>Perez Decl., ¶ 15; Exhibit 69. | irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 802, 803. |
| 180 | Mr. Villaluz acknowledged that he approved of the advertisement for the admission liaison position for the Torrance, CA office.<br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 88:18-21. | 180 | Immaterial and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 181 | Mr. Villaluz also stated that Ms. Mack was required to approve any job postings that he did for his office and that she approved of the advertisement for the admission liaison position for the Torrance, CA office.<br><br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 88:22-24; 89:7-10. | 181 | This statement is materially incomplete and therefore not supported by the cited evidence. In any event, this statement is immaterial, irrelevant, and intended to confuse the issues.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. This statement violates the rule of completeness. Fed. R. Evid. 106. |
| 182 | Mr. Villaluz acknowledged that he approved all job postings that were done for his office.<br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 88:25; 89:1-2. | 182 | Immaterial and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 183 | From October 2014 to December 2015, Mr. Villaluz thought that Ms. | 183 | Immaterial and irrelevant. |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Perez was the only admission liaison person that he had at that office.<br><br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 89:17-25; 90:1-2. | **Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 184 Mr. Villaluz stated that a job posting is supposed to be reviewed and cleaned up monthly.<br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 91:24-35; 92:1-3. | 184 Immaterial and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 185 Mr. Villaluz stated the Peggy Murray is responsible for reviewing and cleaning up the job postings.<br><br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 92:4-8. | 185 Immaterial and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 186 Vitas does use an outside service to do its job postings.<br><br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 93:17-19. | 186 Immaterial and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 187 Vitas uses Indeed.com and LinkedIn as an outside service for job postings.<br><br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 93:20-25. | 187 Immaterial and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 188 Vitas has an in-house corporate recruiter that uses Indeed.com to post job advertisements. | 188 Immaterial and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial |

HIRSCHFELD KRAEMER LLP<br>ATTORNEYS AT LAW<br>SANTA MONICA

52

| | PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | **Evidence:** Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 94:12-18. | | than probative. Fed. R. Evid. 402, 403. |
| 189 | The in-house recruiter goes to a local paper, goes to an association's website, and will post it on Indeed.com. **Evidence:** Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 94:19-23; 95:2-3. | 189 | Immaterial and irrelevant. **Objection:** Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Hearsay. Fed. R. Evid. 801, 802. |
| 190 | Mr. Villaluz stated that he was never involved in having Peggy Murray direct postings to Indeed.com to find people that he needed to fill job positions and that using Indeed.com was only done through corporate. **Evidence:** Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 95:5-13. | 190 | Immaterial and irrelevant. **Objection:** Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 191 | Mr. Villaluz stated that he was never involved in having Peggy Murray direct postings to Indeed.com to find people that he needed to fill job positions and that using Indeed.com was only done through corporate. **Evidence:** Murphy Decl., ¶ 7; Exhibit 75; Mack Deposition, 28:14-21. | 191 | Immaterial and irrelevant. **Objection:** Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 192 | Ms. Mack stated that when they use an outside service, they would use an agency and a posting service. **Evidence:** | 192 | Immaterial and irrelevant. **Objection:** Irrelevant and more prejudicial |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE | |
|---|---|---|---|
| | Murphy Decl., ¶ 7; Exhibit 77; Mack Deposition, 28:22-24. | | than probative. Fed. R. Evid. 402, 403. |
| 193 | Ms. Murray stated that when the admission liaison job posting in 2015 was made, she clicked on an option that says, "External Board Recruiting."<br><br>**Evidence:**<br>Murphy Decl., ¶ 6; Exhibits 56 and 76; Murray Deposition, 88:14-18. | 193 | Immaterial and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 194 | Ms. Murray stated that when she clicks on "External Board and Recruiting," it means that his job posting will be shared through all of the Vitas' programs and when you click on the recruiter part, it is the recruiter's job to post it wherever they do the posting.<br><br>**Evidence:**<br>Murphy Decl., ¶ 6; Exhibits 56 and 76; Murray Deposition, 88:16-22. | 194 | Immaterial and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 195 | Based on this requisition form, Ms. Murray stated that this particular job posting, meaning the admission liaison position, was submitted to an external job board.<br><br>**Evidence:**<br>Murphy Decl., ¶ 6; Exhibits 56 and 76; Murray Deposition, 89:4-8. | 195 | Immaterial and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 196 | Ms. Perez is a single woman with no children and if Vitas Healthcare Corporation had offered her another job position in another city or at a different location instead of being terminated, she would have considered that opportunity. | 196 | This is not a fact but is an irrelevant and immaterial argument.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, |

54

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| **Evidence:** Perez Decl., ¶ 31; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition 121:4-12. | 403. Speculative. Fed. R. Evid. 602. |
| 197 Ms. Mack stated that if she had known that Ms. Perez had thyroid cancer, had thyroid surgery, took leave from the company and came back, and that she was going to require future medical treatment for that thyroid cancer, then the company would have made accommodations.<br><br>**Evidence:** Murphy Decl., ¶ 7; Exhibit 77; Mack Deposition, 53:8-16. | 197 This is not a fact but an argumentative hypothetical. This statement is materially incomplete and therefore not supported by the cited evidence. In any event, this statement is immaterial, irrelevant, and intended to confuse the issues.<br><br>**Objection:** Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. This statement violates the rule of completeness. Fed. R. Evid. 106. |
| 198 Ms. Mack stated that if she had known, she would have asked Ms. Perez if she needed any accommodations.<br><br>**Evidence:** Murphy Decl., ¶ .76; Exhibits 77; Mack Deposition, 53:20-23. | 198 This is not a fact but an argumentative hypothetical. This statement is materially incomplete and therefore not supported by the cited evidence. In any event, this statement is immaterial, irrelevant, and intended to confuse the issues.<br><br>**Objection:** Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. This statement violates the rule of completeness. Fed. R. Evid. 106. |
| 199 Ms. Mack stated that if the employee stated that they needed future medical treatment or it was | 199 This is not a fact but an argumentative hypothetical. This statement is incomplete, materially |

55

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE | |
|---|---|---|---|
| | on their restrictions, then the company would ask what accommodations would be needed.<br><br>**Evidence:**<br>Murphy Decl., ¶ 7; Exhibits 77; Mack Deposition, 64:24-25; 65:1-8. | | misstates the testimony cited, and therefore not supported by the cited evidence.  In any event, this statement is immaterial, irrelevant, and intended to confuse the issues. |
| 200 | Ms. Mack stated that if Ms. Perez needed to be accommodated in any way, her supervisor and Peggy Murray would need to know.<br><br>**Evidence:**<br>Murphy Decl., ¶ 7; Exhibit 77; Mack Deposition, 66:1-4. | 200 | This is not a fact but an argumentative hypothetical.  This statement is materially incomplete and therefore not supported by the cited evidence.  In any event, this statement is immaterial, irrelevant, and intended to confuse the issues. |
| 201 | Ms. Mack stated that it is up to the employee whether they want to release their medical condition and if they have accommodations need, a discussion can be held.<br><br>**Evidence:**<br>Murphy Decl., ¶ 7; Exhibit 77; Mack Deposition, 67:1-4. | 201 | This is not a fact but an argumentative hypothetical.  This statement is materially incomplete and therefore not supported by the cited evidence.  In any event, this statement is immaterial, irrelevant, and intended to confuse the issues. |
| 202 | Ms. Giles stated that an employee may transfer to another office.<br>**Evidence:**<br>Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 81:25; 82:1-5. | 202 | This is not a fact but an argumentative hypothetical.  This statement is materially incomplete and therefore not supported by the cited evidence.  In any event, this statement is immaterial, irrelevant, and intended to confuse the issues.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, |

HIRSCHFELD KRAEMER LLP<br>ATTORNEYS AT LAW<br>SANTA MONICA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE | |
|---|---|---|---|
| | | | 403.  This statement violates the rule of completeness. Fed. R. Evid. 106. |
| 203 | Ms. Ayala stated that she believes that Vitas allows employees to transfer to other office locations upon request.<br><br>**Evidence:**<br>Murphy Decl., ¶ 3; Exhibit 74; Ayala Deposition, 35:12-14. | 203 | This is not a fact but an argumentative hypothetical.  This statement is materially incomplete and therefore not supported by the cited evidence.  In any event, this statement is immaterial, irrelevant, and intended to confuse the issues.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  This statement violates the rule of completeness. Fed. R. Evid. 106. |
| 204 | Vitas Healthcare Corporation never offered Ms. Perez any opportunities to transfer to a job position in another office, never asked her if she needed any accommodations, never had an interactive process meeting with her to discuss her medical condition to see what accommodations were needed, and never offered to give her part-time employment until they found her another position in another office.<br><br>**Evidence:**<br>Perez Decl., ¶ 54. | 204 | Immaterial, argumentative, and unsupported by the record in this action.  This is not a fact but is an irrelevant and unsupported argument.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403. |
| 205 | Mr. Villaluz stated that nobody working in management at his office ever reached out to corporate and attempted to find Ms. Perez a job in another office. | 205 | Immaterial and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, |

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Evidence:** Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 63:23-25; 64:1-2. | 403. |
| 206 | Mr. Villaluz acknowledged that he did not ask Ms. Perez for authorization to release her medical information to the extent necessary to allow her to transfer to another office location. **Evidence:** Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 64:18-21. | 206 Immaterial and irrelevant. **Objection:** Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 207 | Mr. Villaluz acknowledged that he never made an attempt to ask Ms. Perez to ask her for authorization to release her medical information to help her find a job in another office. **Evidence:** Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 65:4-8. | 207 Immaterial and irrelevant. **Objection:** Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 208 | When Mr. Villaluz was asked why he did not ever make an attempt to ask Ms. Perez for her for authorization to release her medical information to help her find a job in another office, he stated, "No specific reason." **Evidence:** Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 65:9-10. | 208 Immaterial and irrelevant. **Objection:** Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. This statement violates the rule of completeness. Fed. R. Evid. 106. |
| 209 | Mr. Villaluz acknowledged telling Ms. Perez during the termination meeting that if she wanted to continue employment with the company that she could apply for a | 209 Immaterial and irrelevant. |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE | |
|---|---|---|---|
| | job at other offices. **Evidence:** Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 53:23-25; 54:1-2. | | |
| 210 | When asked what Mr. Villaluz told Ms. Perez what the process was that she would need to follow to apply for jobs at other offices, Mr. Villaluz stated that the company has a website that people can go into and see the different openings in the different programs. **Evidence:** Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 54:6-11. | 210 | Immaterial and irrelevant. |
| 211 | Mr. Villaluz believes that he referred Ms. Perez to that website at the termination meeting. **Evidence:** Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 54:12-14. | 211 | Immaterial and irrelevant. |
| 212 | After being terminated from employment, Ms. Perez did not consider applying for other jobs at Vitas because she was really, really devastated with what happened. **Evidence:** Perez Decl., ¶ 38; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 46:21-25; 47:1. | 212 | This is not a fact but is an irrelevant and unsupported argument.  In any event, it is immaterial. **Objection:** Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403. |
| 213 | Ms. Perez felt heartbroken with what happened. **Evidence:** Perez Decl., ¶ 38; Murphy Decl., ¶ | 213 | This is not a fact but is an irrelevant and unsupported argument.  In any event, it is immaterial. |

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE | |
|---|---|---|---|
| | 4; Exhibit 78; Perez Deposition, 46:25; 47:1. | | **Objection:** Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403. |
| 214 | If the company had approached Ms. Perez and given her an opportunity to work at another office location, she would have absolutely considered it.<br><br>**Evidence:**<br>Perez Decl., ¶ 31; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 47:6-11. | 214 | This is not a fact but is an irrelevant and unsupported argument.  In any event, it is immaterial.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403. |
| 215 | The termination script that Mr. Villaluz read from during the termination meeting with Ms. Perez stated that Ms. Perez is welcome to re-apply with the company but it is up to her to apply online at the company website and up to her to check back with the company to see if there are any openings.<br><br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibits 51 and 75; Villaluz Deposition, 54:3-5. | 215 | Undisputed, but immaterial and irrelevant. |
| 216 | Vitas admitted that it did not offer Ms. Perez the opportunity to transfer to one of the "admission liaison" job positions that were being advertised at other office locations within the State of California.<br><br>**Evidence:**<br>Murphy Decl., ¶ 10; Exhibit 82. | 216 | Immaterial and irrelevant.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403. |
| 217 | Vitas admitted that it did not offer | 217 | Immaterial and irrelevant. |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Ms. Perez any other job positions at the time it terminated her employment as an accommodation to her cancer disability.<br><br>**Evidence:**<br>Murphy Decl., ¶ 10; Exhibit 82. | **Objection:**<br>Cited evidence violates the Court's Initial Standing Order Rule 8.c.3. |
| 218 Vitas admitted that it did not engage in an interactive process meeting with Ms. Perez prior to terminating her employment.<br><br>**Evidence:**<br>Murphy Decl., ¶ 10; Exhibit 82. | 218 Immaterial, argumentative, and unsupported by the record in this action. This is not a fact but is an irrelevant and unsupported argument.<br><br>**Objection:**<br>Cited evidence violates the Court's Initial Standing Order Rule 8.c.3. |
| 219 Ms. Mack does not know if Raymund Villaluz received any training on how to follow the procedures that are in the policy manual.<br><br>**Evidence:**<br>Murphy Decl., ¶ 17; Exhibit 77; Mack Deposition, 61:14-18. | 219 Immaterial and irrelevant. Plaintiff has not alleged a failure to prevent claim, nor is it relevant to this motion.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 220 Ms. Giles admitted that the company has a policy that says that employees are to report to their immediate supervisor if they have any medical issues and that that information is to be shared with the immediate supervisor.<br><br>**Evidence:**<br>Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 45:1-7. | 220 Immaterial and irrelevant. |
| 221 Ms. Giles stated that she was unaware of the company having a | 221 Immaterial and irrelevant. Plaintiff has not alleged a failure to |

61

| | PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| | policy that requires that if an employee comes to a supervisor and say they have a medical condition, that they're going to need time off in the future, that their surgery is not good, that the supervisor is required to inquire what their medical condition is and report it to upper management.<br><br>**Evidence:**<br>Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 61:17-23; 62:1-2. | | prevent claim, nor is it relevant to this motion.  Moreover, Plaintiff does not dispute that Giles has been accommodating to her, even in her own additional facts.<br><br>**Evidence:**<br>Additional Fact 69 and 70. |
| 222 | Ms. Giles admitted that she was never shown the company policy on medical treatment of employees and their interaction with the supervisor and what the supervisor is required to do in those situations.<br><br>**Evidence:**<br>Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 45:13-19. | 222 | Immaterial and irrelevant. Plaintiff has not alleged a failure to prevent claim, nor is it relevant to this motion.  Moreover, Plaintiff does not dispute that Giles has been accommodating to her, even in her own additional facts.<br><br>**Evidence:**<br>Additional Fact 69 and 70.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403. |
| 223 | Ms. Giles confirmed that nobody from the company ever shared with her the policy manual on what a supervisor was supposed to do if an employee had a medical problem.<br><br>**Evidence:**<br>Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 62:4-8. | 223 | Immaterial and irrelevant. Plaintiff has not alleged a failure to prevent claim, nor is it relevant to this motion.  Moreover, Plaintiff does not dispute that Giles has been accommodating to her, even in her own additional facts.<br><br>**Evidence:**<br>Additional Fact 69 and 70. |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | **Objection:** Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403. |
| 224 | Ms. Giles stated that when she was first trained and hired, she was given an employee handbook but nobody ever sat down and reviewed it with her or what procedures she was to follow if an employee was ill or sick or had a medical condition and reported it to her. **Evidence:** Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 62:9-22. | 224 | Immaterial and irrelevant. Plaintiff has not alleged a failure to prevent claim, nor is it relevant to this motion.  Moreover, Plaintiff does not dispute that Giles has been accommodating to her, even in her own additional facts. **Evidence:** Additional Fact 69 and 70. **Objection:** Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403. |
| 225 | Mr. Villaluz stated that a copy of that policy manual was not distributed to Ms. Nicole Giles. **Evidence:** Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 70:8-15. | 225 | Immaterial and irrelevant. Plaintiff has not alleged a failure to prevent claim, nor is it relevant to this motion.  Moreover, Plaintiff does not dispute that Giles has been accommodating to her, even in her own additional facts. **Evidence:** Additional Fact 69 and 70. **Objection:** Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403. |
| 226 | When asked why any of the managers in his office did not | 226 | Immaterial and irrelevant. Plaintiff has not alleged a failure to |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| receive a copy of the policy manual, Mr. Villaluz stated that he has a copy of it and that is all that is necessary.<br><br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 70:20-25. | prevent claim, nor is it relevant to this motion.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403. |
| 227 Mr. Villaluz stated that it was his understanding that he was the only one that needed to have a copy of the policy manual and he did not need to distribute it to the other managers.<br><br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 71:1-5 | 227 Immaterial and irrelevant. Plaintiff has not alleged a failure to prevent claim, nor is it relevant to this motion.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403. |
| 228 Mr. Villaluz acknowledged that from the time he was hired in October 2014 as general manager all the way up to the present, he never had any meetings or discussions with any of his managers to discuss the policy manual provisions.<br><br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 71:6-16. | 228 Immaterial and irrelevant. Plaintiff has not alleged a failure to prevent claim, nor is it relevant to this motion.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  . |
| 229 Ms. Murray stated that other than herself, Raymund Villaluz, and Pamela Weber, no one else was actually given a copy of the policy manual.<br><br>**Evidence:**<br>Murphy Decl., ¶ 6; Exhibit 76; Murray Deposition, 76:4-6. | 229 Immaterial and irrelevant. Plaintiff has not alleged a failure to prevent claim, nor is it relevant to this motion.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403. |

| | PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|---|
| 230 | Ms. Murray, the human resources person, stated that she does not know whether Mr. Villaluz ever had meetings with any of the people involved in the management of that office where he sat down and reviewed any of the excerpt in the policy manual.<br><br>**Evidence:**<br>Murphy Decl., ¶ 6; Exhibit 76; Murray Deposition, 76:7-12. | 230. | Immaterial and irrelevant. Plaintiff has not alleged a failure to prevent claim, nor is it relevant to this motion.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 231 | Ms. Mack did not know whether Nicole Giles was ever provided with any training on how to use the provision in the policy manual to deal with employees that had disabilities.<br><br>**Evidence:**<br>Murphy Decl., ¶ 7; Exhibit 77; Mack Deposition, 61:20-24. | 231. | Immaterial and irrelevant. Plaintiff has not alleged a failure to prevent claim, nor is it relevant to this motion.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 232 | Ms. Mack did not know whether Peggy Murray was ever provided with any training on how to use the provision in the policy manual to deal with employees that had disabilities.<br><br>**Evidence:**<br>Murphy Decl., ¶ 7; Exhibit 77; Mack Deposition, 62:2-6. | 232. | Immaterial and irrelevant. Plaintiff has not alleged a failure to prevent claim, nor is it relevant to this motion.<br><br>**Objection:**<br>Irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. |
| 233 | Vitas has a company policy to make reasonable accommodations to employees with physical or mental disabilities who are otherwise qualified to perform the essential duties of their position unless to do so causes an undue hardship to the | 233. | Undisputed, immaterial and irrelevant.<br><br>. |

HIRSCHFELD KRAEMER LLP<br>ATTORNEYS AT LAW<br>SANTA MONICA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE | |
|---|---|---|---|
| | company. **Evidence:** Murphy Decl., ¶ 5; Exhibit 54; Villaluz Deposition, 66:23-25; 67:1-5. | | |
| 234 | Vitas has a company policy fully committed to assuring equal opportunity to all employees with regard to layoffs, termination, and all other human resources matters. **Evidence:** Murphy Decl., ¶ 5; Exhibits 54 and 75; Villaluz Deposition, 66:23-25; 67:1-5. | 234 | Undisputed, immaterial and irrelevant. |
| 235 | Vitas has a company policy requiring employees requesting an accommodation contact a company representative and the company may require that the employee provide medical documentation pertaining to his or her disability. **Evidence:** Murphy Decl., ¶ 5; Exhibits 54 and 75; Villaluz Deposition, 66:23-25; 67:1-5. | 235 | Undisputed, immaterial and irrelevant. |
| 236 | Vitas has a company policy requiring employees requesting an accommodation contact the human resources manager and the company will investigate and find possible accommodations. **Evidence:** Murphy Decl., ¶ 5; Exhibits 54 and 75; Villaluz Deposition, 66:23-25; 67:1-5. | 236 | Undisputed, immaterial and irrelevant. |

| PLAINTIFF'S ALLEGED MATERIAL FACTS | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 237 Vitas has a company policy that no qualified person with a disability shall, on the basis of disability, be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination under any program or activity.<br><br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibits 54 and 75; Villaluz Deposition, 66:23-25; 67:1-5. | 237 Undisputed, immaterial and irrelevant. |
| 238 Vitas has a company policy that affirms that the employment and advancement of persons with disabilities is an essential part of social responsibility which employers must assume to benefit such persons.<br><br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibits 54 and 75; Villaluz Deposition, 66:23-25; 67:1-5. | 238 Undisputed, immaterial and irrelevant. |
| 239 Vitas has a company policy that defines an individual with a disability as having an impairment that effects employability and who is likely to experience difficulty in securing, retaining or advancing in employment.<br><br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibits 54 and 75; Villaluz Deposition, 66:23-25; 67:1-5. | 239 Undisputed, immaterial and irrelevant. |
| 240 Vitas has a company policy to ensure that individuals with a disability will not unnecessarily be | 240 Undisputed, immaterial and irrelevant. |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

67

| PLAINTIFF'S ALLEGED MATERIAL FACTS | | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE | |
|---|---|---|---|
| | screened out because of their disability.<br><br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibits 54 and 75; Villaluz Deposition, 66:23-25; 67:1-5. | | |
| 241 | Vitas has a company policy instructing management personnel to meet to explain the intent of Vitas' non- discrimination policy and their responsibilities for implementation of that policy.<br><br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibits 54 and 75; Villaluz Deposition, 66:23-25; 67:1-5. | 241 | Undisputed, immaterial and irrelevant. |
| 242 | Vitas has a company policy establishing a records and reporting system that will assist in the implementation of its non-discrimination policy to protect qualified individuals with a disability.<br><br>**Evidence:**<br>Murphy Decl., ¶ 5; Exhibits 54 and 75; Villaluz Deposition, 66:23-25; 67:1-5. | 242 | Undisputed, immaterial and irrelevant. |

## CONCLUSIONS OF LAW

**1.     CONCLUSION OF LAW NO. 1:  Plaintiff's claim for failure to provide reasonable accommodation under the FEHA fails as a matter of law because Defendants did not have a duty to accommodate after Plaintiff returned from leave as she had no limitations or restrictions to accommodate.**

68

**Plaintiff was already able to perform her present duties with no restrictions or limitations.  Moreover, even assuming Plaintiff had limitations, Defendants had no knowledge of any such limitations.**

Defendants hereby incorporate by reference Uncontroverted Fact Nos. 1-26 in support of this conclusion of law as though fully-stated herein.

**REPLY:**  Plaintiff did not specifically respond to this conclusion of law in her Statement of Genuine Disputes.

**2.    CONCLUSION OF LAW NO. 2:  Plaintiff's claim for failure to provide reasonable accommodation under the FEHA fails as a matter of law because Plaintiff would have needed no accommodation for post-surgery treatment.**

Defendants hereby incorporate by reference Uncontroverted Fact Nos. 1-26 in support of this conclusion of law as though fully-stated herein.

**REPLY:**  Plaintiff did not specifically respond to this conclusion of law in her Statement of Genuine Disputes.

**3.    CONCLUSION OF LAW NO. 3:  Plaintiff's claims for wrongful termination in violation of public policy and the FEHA fail as a matter of law because she cannot establish her *prima facie* case that she was laid off because of her alleged disability as she did not have a disability that required an accommodation.**

Defendants hereby incorporate by reference Uncontroverted Fact Nos. 1-26 in support of this conclusion of law as though fully-stated herein.

**REPLY:**  Plaintiff did not specifically respond to this conclusion of law in her Statement of Genuine Disputes.

**4.      CONCLUSION OF LAW NO. 4:  Plaintiff's claims for wrongful termination in violation of public policy and the FEHA fail as a matter of law because she cannot establish her _prima facie_ case that she was laid off because of her alleged disability as Defendants had no knowledge of Plaintiff's alleged disability.**

Defendants hereby incorporate by reference Uncontroverted Fact Nos. 1-26 in support of this conclusion of law as though fully-stated herein.

**REPLY:**  Plaintiff did not specifically respond to this conclusion of law in her Statement of Genuine Disputes.

**5.      CONCLUSION OF LAW NO. 5:  Plaintiff's claims for wrongful termination in violation of public policy and the FEHA fail as a matter of law because Defendants eliminated Plaintiff's position for legitimate, nondiscriminatory reasons.**

Defendants hereby incorporate by reference Uncontroverted Fact Nos. 1-26 in support of this conclusion of law as though fully-stated herein.

**REPLY:**  Plaintiff did not specifically respond to this conclusion of law in her Statement of Genuine Disputes.

**6.      CONCLUSION OF LAW NO. 6:  Plaintiff's claims for wrongful termination in violation of public policy and the FEHA fail as a matter of law because she cannot prove that Defendants' reasons are false.**

Defendants hereby incorporate by reference Uncontroverted Fact Nos. 1-26 in support of this conclusion of law as though fully-stated herein.

**REPLY:**  Plaintiff did not specifically respond to this conclusion of law in her Statement of Genuine Disputes.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**7.    CONCLUSION OF LAW NO. 7:  Plaintiff's claims for wrongful termination in violation of public policy and the FEHA fail as a matter of law because she cannot prove that the true reason for her termination was intentional discrimination.**

Defendants hereby incorporate by reference Uncontroverted Fact Nos. 1-26 in support of this conclusion of law as though fully-stated herein.

**REPLY:**  Plaintiff did not specifically respond to this conclusion of law in her Statement of Genuine Disputes.

**8.    CONCLUSION OF LAW NO. 8:    Plaintiff's claims for wrongful termination in violation of public policy and the FEHA fail as a matter of law because Defendants had an honest, good faith belief underlying its termination of Plaintiff.**

Defendants hereby incorporate by reference Uncontroverted Fact Nos. 1-26 in support of this conclusion of law as though fully-stated herein.

**REPLY:**  Plaintiff did not specifically respond to this conclusion of law in her Statement of Genuine Disputes.

//
//
//
//
//
//
//
//
//
//

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**9.    <u>CONCLUSION OF LAW NO. 9</u>:  Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails because Plaintiff was an at will employee and she cannot otherwise prove that her termination was motivated by intentional discrimination.**

Defendants hereby incorporate by reference Uncontroverted Fact Nos. 1-26 in support of this conclusion of law as though fully-stated herein.

**REPLY:**  Plaintiff did not specifically respond to this conclusion of law in her Statement of Genuine Disputes.

Dated:  March 13, 2017                    HIRSCHFELD KRAEMER LLP


By:   /s/ *Ferry E. Lopez*
                          Reed E. Schaper
                          Ferry Lopez
Attorneys for Defendants
VITAS HEALTHCARE CORPORATION
OF CALIFORNIA and VITAS
HEALTHCARE CORPORATION

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

72