1 REED E. SCHAPER (SBN 082792)
  rschaper@hkemploymentlaw.com
2 FERRY LOPEZ (SBN 274080)
  flopez@hkemploymentlaw.com
3 HIRSCHFELD KRAEMER LLP
  233 Wilshire Boulevard - Suite 600
4 Santa Monica, CA  90401
  Telephone:  (310) 255-0705
5 Facsimile:  (310) 255-0986

6 Attorneys for Defendant
  VITAS HEALTHCARE CORPORATION
7 OF CALIFORNIA and VITAS
  HEALTHCARE CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSANNA M. PEREZ, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a Delaware corporation; VITAS HEALTHCARE CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No.  2:16-cv-01681 DSF (AJWx)<br>Hon. Dale S. Fisher – Dept. 7D<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S EVIDENTIARY OBJECTIONS RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[Filed concurrently with Defendants' Reply Memorandum of Points and Authorities; Defendants' Reply to Plaintiff's Statement of Genuine Disputes; and Defendants' Objections to Plaintiff's Evidence]<br><br>Date:     March 27, 2017<br>Time:    1:30 p.m.<br>Dept.:    7D<br><br>State Court Case No: BC608926<br><br>**Complaint Filed: February 3, 2016** |

4845-4362-7076

Defendants VITAS Healthcare Corporation of California and VITAS Healthcare Corporation (collectively, "VITAS" or "Defendants") hereby submit the following Reply to Plaintiff's objections to the evidence cited in Defendants' Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment, as follows:

**Separate Statement Paragraph No. 3:**

"Perez was told that she was not meeting her sales goals and had a conversation with her supervisor about her "waning" admissions sales rate." Pl. Dep. 63:7-9; 67:1-3.

**Plaintiff's Objection**: This statement violates the rule of completeness. Fed. R. Evid. 106.

**Defendants' Reply:**

Plaintiff's objection is without basis and does not contest the accuracy or probative value of the cited evidence. Plaintiff's objection and explanation simply adds irrelevant and immaterial commentary for why she believed her admission sales rate was "waning" but does nothing to establish grounds on which the cited evidence should be disregarded. Accordingly, the court should overrule Plaintiff's objection.

**Separate Statement Paragraph No. 16:**

"Giles and Ayala both had been diagnosed with cancer and Ayala underwent her cancer treatment during her employment at VITAS. Pl. Dep. 77:6-13; 81:24-82:5; 97:4-7; Deposition of Nicole Giles ("Giles Dep.") 55:22-56:3.

**Plaintiff's Objection:** This statement is irrelevant; waste of time; confusing the issues. Fed. R. Evid. 401, 403.

**Defendants' Reply:**

A "waste of time [and] confusing the issues" is not a valid objection under the Federal Rules of Evidence. Moreover, the cited evidence is relevant to the non-existence of discriminatory animus, which is at issue in this case and motion.

1  Accordingly, the court should overrule Plaintiff's objection.

**Separate Statement Paragraph No. 17:**

"Giles and Ayala remain employed at VITS' Coastal Cities Program."

**Plaintiff's Objection:** This statement is irrelevant; waste of time; confusing the issues. Fed R. Evid. 401, 403.

**Defendants' Reply:**

A "waste of time [and] confusing the issues" is not a valid objection under the Federal Rules of Evidence. Moreover, the cited evidence is relevant to the non-existence of discriminatory animus, which is at issue in this case and motion. Accordingly, the court should overrule Plaintiff's objection.

Dated: March 13, 2017                     HIRSCHFELD KRAEMER LLP


By: */s/ Ferry E. Lopez*
       Reed E. Schaper
       Ferry Lopez
Attorneys for Defendant
VITAS HEALTHCARE
CORPORATION OF CALIFORNIA
and VITAS HEALTHCARE
CORPORATION