REED E. SCHAPER (SBN 082792)
rschaper@hkemploymentlaw.com
FERRY LOPEZ (SBN 274080)
flopez@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard - Suite 600
Santa Monica, CA 90401
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

Attorneys for Defendants
VITAS HEALTHCARE CORPORATION
OF CALIFORNIA and VITAS
HEALTHCARE CORPORATION

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSANNA M. PEREZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a Delaware corporation; VITAS HEALTHCARE CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:16-cv-01681 DSF (AJWx)<br><br>Hon. Dale S. Fisher – Dept. 7D<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[Filed concurrently with Defendants' Reply Memorandum of Points and Authorities; Defendants' Reply to Plaintiff's Statement of Genuine Disputes; and Defendants' Reply to Plaintiff's Objections to Evidence]<br><br>**DATE:    March 27, 2017**<br>**TIME:    1:30 p.m.**<br>**DEPT**.:    **7D**<br><br>**State Court Case No: BC608926**<br><br>**Complaint Filed: February 3, 2016** |

4847-6179-1044

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

## OBJECTIONS TO PLAINTIFF'S EVIDENCE

Defendants VITAS HEALTHCARE CORPORATION OF CALIFORNIA and VITAS HEALTHCARE CORPORATION (collectively, "VITAS" or "Defendants") respectfully submits these Objections to the evidence submitted by Plaintiff Rosanna Perez in Opposition to Defendants' Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment pursuant to the Court's Initial Standing Order, Rule 8.c.4.

**Separate Statement Paragraph No. 28:**

On April 22, 2013, Ms. Perez filled out a medical health questionnaire where she checked a box that she had thyroid problems. Murphy Decl., ¶ 6; Exhibits 6 and 76. Murray Deposition, 23:17-25.

**Defendants' Grounds for Objection:**

Objection to the "medical health questionnaire" attached as Exhibit 6 to Murphy Decl. on the grounds that it is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. It is already undisputed by the parties that Plaintiff was not diagnosed with thyroid cancer until October 26, 2015. Thus, the fact that she "checked a box that she had thyroid problems" at the beginning of her employment on or about April 22, 2013 is not of consequence in determining the action or this motion. Further, it is offered as improper hearsay. Fed. R. Evid. 802, 803.

**Separate Statement Paragraph No. 1:**

On October 26, 2015, Ms. Perez was diagnosed with thyroid cancer after having an appointment with her doctor from UCLA, Dr. Yeh. Perez Decl., ¶ 8; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 50:6-8.

**Defendants' Grounds for Objection:**

Objection to the "UCLA medical records" attached as Exhibit 32 to Perez Decl., ¶ 8 as it is unauthenticated, conclusory, speculative, and lacks foundation. Fed. R. Evid. 602. Defendants further object on the grounds that it is irrelevant

2

and more prejudicial than probative.  Fed. R. Evid. 402, 403.  The fact that Plaintiff was diagnosed with thyroid cancer is not of consequence in determining the action or this motion.

**Separate Statement Paragraph No.  2:**

Dr. Yeh made findings that there was a probable risk of thyroid cancer and recommended surgery.  Perez Decl. ¶10; Murphy Decl., ¶ 4; Exhibits 32 and 78; Perez Deposition; 74:12-25.

**Defendants' Grounds for Objection:**

Objection to the "UCLA medical records" attached as Exhibit 32 to and referenced in Perez Decl., ¶ 10 as it is unauthenticated, conclusory, speculative, and lacks foundation.  Fed. R. Evid. 602.  Defendants further object on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  The fact that Plaintiff underwent thyroid surgery is not of consequence in determining the action or this motion.

**Separate Statement Paragraph No.  51:**

After Ms. Perez left Dr. Yeh's office on October 26, 2015, she called her interim manager Jennifer Ayala and informed her about the cancer and that she will need surgery.  Perez Decl., ¶ 9; Murphy Decl., ¶ 4; Exhibits 78 and 79; Perez Deposition, 79:9-17.

**Defendants' Grounds for Objection:**

Objection to Exhibit 79 attached to and referenced in Perez Decl., ¶ 9 on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  This fact is not of consequence in determining the action or this motion as Ms. Ayala's knowledge of Plaintiff's thyroid surgery is not contested by Defendants or at issue in this motion.

**Separate Statement Paragraph No.  52:**

Ms. Perez told Ms. Ayala to let her immediate supervisor Nicole Giles know about her cancer and surgery because Ms. Giles is her immediate supervisor

3

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

1 and she felt close to her.  Perez Decl., ¶ 9; Murphy Decl., ¶ 4; Exhibits 78 and 79;

2 Perez Deposition, 79:17-22.

3 **Defendants' Grounds for Objection:**

4       Objection to Exhibit 79 attached to and referenced in Perez Decl., ¶ 9 on the

5 grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid.

6 402, 403.  This fact is not of consequence in determining the action or this motion

7 as Ms. Ayala's and Ms. Giles' knowledge of Plaintiff's thyroid surgery is not

8 contested by Defendants or at issue in this motion.

9 **Separate Statement Paragraph No.  53:**

10       Ms. Perez wanted Ms. Ayala to let Ms. Giles know about her cancer

11 diagnosis at the time because Ms. Perez was emotional.  Perez Decl., ¶ 9; Murphy

12 Decl., ¶ 4; Exhibits 78 and 79; Perez Deposition, 79:23-25; 80:1-3.

13 **Defendants' Grounds for Objection:**

14       Objection to Exhibit 79 attached to and referenced in Perez Decl., ¶ 9 on the

15 grounds that testimony is irrelevant and more prejudicial than probative.  Fed. R.

16 Evid. 402, 403.  This fact is not of consequence in determining the action or this

17 motion as Ms. Ayala's and Ms. Giles' knowledge of Plaintiff's thyroid surgery is

18 not contested by Defendants or at issue in this motion.

19 **Separate Statement Paragraph No.  54:**

20       On October 27, 2015, Ms. Perez walked into the office, told Ms. Ayala that

21 Dr. Yeh had done an ultrasound and stated that she had thyroid cancer, and

22 showed her the doctor's paperwork.  Perez Decl., ¶10; Murphy Decl., ¶ 4; Exhibit

23 78; Perez Deposition, 75:8-10: 75:12-20.

24 **Defendants' Grounds for Objection:**

25       Objection to the "UCLA medical records" attached as Exhibit 32 to and

26 referenced in Perez Decl., ¶ 10 on the grounds that it is unauthenticated,

27 conclusory, speculative, and lacks foundation.  Fed. R. Evid. 602.  Moreover, it is

28 irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  The fact

1  that Plaintiff underwent thyroid surgery is not of consequence in determining the
2  action or this motion.

3  **Separate Statement Paragraph No.  55:**

4      The doctor's paperwork had a diagram of a lower part of the face and a
5  person's thyroid and written on the paperwork that she was scheduled for surgery
6  on November 19, 2015.  Perez Decl., ¶ 10; Murphy Decl., ¶ 4; Exhibits 32 and 78;
7  Perez Deposition, 76:1-8; 81:17-19.

8  **Defendants' Grounds for Objection:**

9      Objection to the "UCLA medical records" attached as Exhibit 32 to and
10  referenced in Perez Decl., ¶ 10 as it is unauthenticated, conclusory, speculative,
11  and lacks foundation.  Fed. R. Evid. 602.  Defendants further object on the
12  grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid.
13  402, 403.  The fact that Plaintiff underwent thyroid surgery is not of consequence
14  in determining the action or this motion.

15  **Separate Statement Paragraph No.  56:**

16      Ms. Ayala also stated that Ms. Perez told her that she was going to need
17  some kind of treatment for her cancer.  Murphy Decl., 3; Exhibit 74; Ayala
18  Deposition, 23:22-23.

19  **Defendants' Grounds for Objection:**

20      Objection to the deposition transcript of Jennifer Ayala at 23:22-23 on the
21  grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid.
22  402, 403.

23  **Separate Statement Paragraph No.  57:**

24      On October 27, 2015, Ms. Perez walked into Ms. Giles office and told her
25  about the cancer diagnosis and showed her the paperwork with the diagram and
26  that she needed to have surgery for the cancer.  Perez Decl., ¶ 11; Murphy Decl., ¶
27  4; Exhibit 78; Perez Deposition, 48:4-6; 79:25; 80:1-3.

28  //

5

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**Defendants' Grounds for Objection:**

Objection to Exhibit 32 attached to and referenced in Perez Decl., ¶ 11 on the grounds that it is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. This fact is not of consequence in determining the action or this motion as Ms. Giles' knowledge of Plaintiff's thyroid surgery is not contested by Defendants or at issue in this motion.

**Separate Statement Paragraph No. 58:**

Before her surgery, Ms. Perez also told two of the nurses at the office, Dietra and Andrea Santos, that she had cancer treatment. Perez Decl., ¶ 15; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 48:7-16.

**Defendants' Grounds for Objection:**

Objection to Perez Decl., ¶ 15 and Perez Deposition, 48:7-16 on the grounds that it is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. This fact is not of consequence in determining the action or this motion as Plaintiff's thyroid surgery is not contested by Defendants or at issue in this motion.

**Separate Statement Paragraph No. 59:**

Ms. Perez told Mr. Giles she was devastated and showed her the paperwork. Perez Decl., ¶ 11; Murphy Decl., ¶ 4; Exhibits 32 and 78; Perez Deposition, 81:13-15.

**Defendants' Grounds for Objection:**

Objection to Exhibit 32 attached to and referenced in Perez Decl., ¶ 11 on the grounds that it is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Objection to the testimony in Perez Decl., ¶ 11 and Perez Deposition, 81:13-15 as it is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**Separate Statement Paragraph No. 60:**

Ms. Ayala stated that Ms. Perez told her that she spoke to Ms. Giles in private about what was going on with her situation. Murphy Decl. ¶ 3; Exhibit 74; Ayala Deposition, 26:15-20; 27:4-6.

**Defendants' Grounds for Objection:**

Objection to testimony cited in Ayala Deposition, 26:15-20; 27:4-6 as the cited evidence violates the rule of completeness. Fed. R. Evid. 106.

**Separate Statement Paragraph No. 61:**

Ms. Giles stated that she was not very concerned about Rosanna's surgery. Murphy Decl., ¶ 2; Exhibits 29 and 78; Giles Deposition, 54:12-18.

**Defendants' Grounds for Objection:**

Objection to the supporting deposition transcript of Nicole Giles at 54:12-18 on the grounds that the statement is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. To the extent that it is offered to prove Ms. Giles' state of mind, it is irrelevant because her state of mind is not at issue. Fed. R. Evid. 801, 802. This statement violates the rule of completeness. Fed. R. Evid. 106. Moreover, the statement is conclusory, speculative, and lacks foundation. Fed. R. Evid. 602.

**Separate Statement Paragraph No. 62:**

When Ms. Perez returned from surgery on December 2, 2015, she let Nicole Giles and Jennifer Ayala know that the cancer had begun to metastasize to the parathyroid region and that she was going to need additional time off work for future medical treatment involving radioactive iodine treatment. Perez Decl., ¶ 25; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 48:17-24; 90:20-25; 91:1-2; 111:9-21.

//

//

//

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**<u>Defendants' Grounds for Objection:</u>**

Objection to the supporting deposition transcript of Rosanna Perez at 48:17-24; 90:20-25; 91:1-2; 111:9-21on the grounds that the statement is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

**<u>Separate Statement Paragraph No.  63:</u>**

Ms. Giles admitted that she had a conversation with Ms. Perez where Ms. Perez told her that the surgery was not good and that she may need additional time off.  Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 60:3-10; Perez Deposition; 111:12-21.

**<u>Defendants' Grounds for Objection:</u>**

Objection to the supporting deposition transcript of Rosanna Perez at 111:12-21 on the grounds that the statement is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

Objection to the supporting deposition transcript of Nicole Giles at 60:3-10 on the grounds that the statement is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403.

**<u>Separate Statement Paragraph No.  64:</u>**

After Ms. Perez informed Peggy Murray that she had surgery, had cancer, and needed radioactive iodine treatment, she received no response from Ms. Murray and no emotion and was really hurt and sad by that.  Perez Decl., ¶ 26; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 49:1-4.

**<u>Defendants' Grounds for Objection:</u>**

Objection to the supporting deposition transcript of Plaintiff Rosanna Perez at 49:1-4 and Perez Decl., ¶ 26 on the grounds that the statements constitute inadmissible hearsay for which no exception applies.  To the extent that it is offered to prove Ms. Murray's state of mind, it is irrelevant because her state of mind is not at issue.  Fed. R. Evid. 801, 802.  Defendants further objects on the

8

grounds that it is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No. 65:**

Ms. Murray stated that she did not find out about Ms. Perez's cancer until after the lawsuit was filed. Murphy Decl., ¶ 6; Exhibit 76; Murray Deposition, 69:17-21.

**Defendants' Grounds for Objection:**

Objection to Murray Deposition at 69:17-21 on the grounds that it is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. This fact is not of consequence in determining the action or this motion.

**Separate Statement Paragraph No. 66:**

Ms. Murray stated that Ms. Perez's radioactive iodine treatment that was mentioned during her deposition was the first time she had ever heard of that. Murphy Decl., 6; Exhibit 76; Murray Deposition, 70:2-9.

**Defendants' Grounds for Objection:**

Objection to Murray Deposition at 70:2-9 on the grounds that it is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. This fact is not of consequence in determining the action or this motion.

**Separate Statement Paragraph No. 67:**

Ms. Murray acknowledged receiving an email from Ms. Perez on December 21, 2015 wherein Ms. Perez informed her that she was undergoing iodine treatment for her cancer that week and needed her to fill out the Vitas' portion for her disability insurance. Murphy Decl., 6; Exhibit 76; Murray Deposition, 71:5-18.

**Defendants' Grounds for Objection:**

Objection to Murray Deposition at 71:5-18 on the grounds that it is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. This fact is not of consequence in determining the action or this motion. This fact relates to Murray's discussions with Perez regarding her treatment on December 21, 2015,

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

*after* her employment ended, which has no bearing on any of the issues raised in Defendants' motion.

**Separate Statement Paragraph No. 68:**

When asked whether Ms. Perez did in fact notify Ms. Murray that she had cancer and was being treated for it, Ms. Murray responded that she guess Ms. Perez did notify her but she is not a nurse.  Murphy Decl., 6; Exhibit 76; Murray Deposition, 71:22-23.

**Defendants' Grounds for Objection:**

Objection to the supporting deposition transcript of Murray Deposition at 71:22-23 on the grounds fthat the statement is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  To the extent that it is offered to prove Ms. Murray's state of mind, it is irrelevant because her state of mind is not at issue. Fed. R. Evid. 801, 802.  This statement violates the rule of completeness. Fed. R. Evid. 106.  This fact is not of consequence in determining the action or this motion.  This fact relates to Murray's discussions with Perez regarding her treatment on December 21, 2015, *after* her employment ended, which has no bearing on any of the issues raised in Defendants' motion.  Moreover, the statement is conclusory, speculative, and lacks foundation.  Fed. R. Evid. 602.

**Separate Statement Paragraph No. 69:**

Ms. Murray stated that she did not know the iodine treatment was for cancer and that the email does not say what type of cancer.  Murphy Decl., 6; Exhibit 76; Murray Deposition, 71:23-24.

**Defendants' Grounds for Objection:**

Objection to the supporting deposition transcript of Murray Deposition at 71:23-24 on the grounds the grounds that the statement is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  To the extent that it is offered to prove Ms. Murray's state of mind, it is irrelevant because her state of mind is not at issue.  Fed. R. Evid. 801, 802.  This statement violates the rule of

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

completeness. Fed. R. Evid. 106.  This fact is not of consequence in determining the action or this motion.  This fact relates to Murray's discussions with Perez regarding her treatment on December 21, 2015, *after* her employment ended, which has no bearing on any of the issues raised in Defendants' motion. Moreover, the statement is conclusory, speculative, and lacks foundation.  Fed. R. Evid. 602.

**Separate Statement Paragraph No.  70:**

Mr. Villaluz stated he knew that this conversation regarding downsizing Ms. Perez's job position took place before she had returned from her surgery. Murphy Decl., 5; Exhibit 75; Villaluz Deposition, 38:8-10.

**Defendants' Grounds for Objection:**

Objection to the supporting deposition transcript of Villaluz Deposition 38:8-10 on the grounds the grounds that the statement is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  This statement violates the rule of completeness. Fed. R. Evid. 106.

**Separate Statement Paragraph No.  71:**

Mr. Villaluz stated that this conversation regarding downsizing Ms. Perez's job position took place after she had returned from her surgery.  Murphy Decl., 5; Exhibit 75; Villaluz Deposition, 38:22-24.

**Defendants' Grounds for Objection:**

Objection to the supporting deposition transcript of Villaluz Deposition at 38:22-24 on the grounds the grounds that the statement is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No.  72:**

Mr. Villaluz could not remember whether the decision to terminate Ms. Perez was made before or after she had returned from her surgery.  Murphy Decl., 5; Exhibit 75; Villaluz Deposition, 41:21-25.

//

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

1 | **Defendants' Grounds for Objection:**

2 |       Objection to the supporting deposition transcript of Villaluz Deposition at
3 | 41:21-25 on the grounds the grounds that the statement is irrelevant and more
4 | prejudicial than probative. Fed. R. Evid. 402, 403. This statement violates the
5 | rule of completeness. Fed. R. Evid. 106.

6 | **Separate Statement Paragraph No. 73:**

7 |       On or about December 10, 2015, Ms. Giles and Ms. Perez had an informal
8 | discussion wherein Ms. Giles informed her that if the Torrance, CA office did not
9 | increase census, that particular office could be closed in as early as six months.
10 | Perez Decl., ¶ 56.

11 | **Defendants' Grounds for Objection:**

12 |       Objection to the supporting Declaration of Plaintiff Rosanna Perez at ¶ 56
13 | on the grounds that the statements constitute inadmissible hearsay for which no
14 | exception applies. Fed. R. Evid. 801, 802, 803. To the extent that it is offered to
15 | prove Ms. Giles' state of mind, it is irrelevant because her state of mind is not at
16 | issue. Fed. R. Evid. 801, 802. To the extent that it is offered to prove the
17 | financial state of the Torrance, CA office, it is an improper lay opinion. Fed. R.
18 | Evid. 701. The statement is also more prejudicial than probative. Fed. R. Evid.
19 | 403. Moreover, the statement is conclusory, speculative, and lacks foundation.
20 | Fed. R. Evid. 602.

21 | **Separate Statement Paragraph No. 74:**

22 |       Mr. Villaluz stated that he did not know what was going on with her and then
23 | Ms. Murray responded to Mr. Villaluz that she did know what was going on with
24 | Ms. Perez and then Ms. Murray turned to Ms. Perez and stated that this is just
25 | business and that this is not personal. Perez Decl., ¶ 28; Murphy Decl., ¶ 4; Exhibit
26 | 78; Perez Deposition, 104:7-15.

27 | //

28 | //

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**Defendants' Grounds for Objection:**

Objection to the supporting Declaration of Plaintiff Rosanna Perez at ¶ 28 and deposition transcript of Plaintiff Rosanna Perez at 104:7-15 on the grounds that the statements constitute inadmissible hearsay for which no exception applies. Fed. R. Evid. 801, 802, 803.  To the extent that it is offered to prove or Ms. Murray's state of mind, it is irrelevant because her state of mind is not at issue. Fed. R. Evid. 801, 802.  The statement is also more prejudicial than probative. Fed. R. Evid. 403.  This statement is not at issue in this case and is irrelevant to the motion.  Fed. R. Evid. 401, 403.

**Separate Statement Paragraph No.  75:**

Mr. Villaluz stated that Peggy Murray did say something during the termination meeting, but he could not recall the specifics.  Murphy Decl., ¶ 5 Exhibit 75; Villaluz Deposition, 54:15-19.

**Defendants' Grounds for Objection:**

Objection to the supporting deposition transcript of Raymund Villaluz at 54:15-19 on the grounds that it is more prejudicial than probative.  Fed. R. Evid. 403.  This statement is irrelevant to the motion.  Fed. R. Evid. 401, 403.

**Separate Statement Paragraph No.  76:**

During the termination meeting, Peggy Murray stated that Ms. Perez did not say anything to her and Ms. Murray did not say anything to Ms. Perez.  Murphy Decl., ¶ 6; Exhibit 76; Murray Deposition, 66:2-5.

**Defendants' Grounds for Objection:**

Objection to the supporting deposition transcript of Peggy Murray at 66:2-5 on the grounds that it is more prejudicial than probative.  Fed. R. Evid. 403.  This statement is irrelevant to the motion.  Fed. R. Evid. 401, 403.

**Separate Statement Paragraph No.  77:**

When Ms. Perez returned to the office, she also informed Mr. Villaluz that she had told Nicole Giles, Jennifer Ayala, and Peggy Murray that she was

1    diagnosed with cancer, had cancer surgery, and was going to require future

2    radioactive iodine treatment.  Perez Decl., ¶ 29.

3    **Defendants' Grounds for Objection**:

4        Objection to the supporting declaration of Rosanna Perez at ¶ 29 on the

5    grounds that the statement is irrelevant and more prejudicial than probative.  Fed.

6    R. Evid. 402, 403.  Defendants further object on the grounds that this is a "sham

7    issue of fact" and should be disregarded by the Court as it contradicts Plaintiff's

8    prior deposition testimony.  "The general rule in the Ninth Circuit is that a party

9    cannot create an issue of fact by an affidavit contradicting [her] prior deposition

10   testimony." *Kennedy v. Allied Mutual Insurance Co.*, 952 F.2d 262, 266 (9th Cir.

11   1991) (citing *Foster v. Arcata Associates*, 772 F.2d 1453, 1462 (9th Cir.1985));

12   *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 543-44 (9th Cir.1975)

13   (explaining that a contradiction of prior deposition testimony through a later

14   affidavit is a "sham issue of fact.").  In any event, this statement is irrelevant to

15   this motion as it took place after Plaintiff's employment ended.

16   **Separate Statement Paragraph No.  78**:

17       Mr. Villaluz acknowledged that Ms. Perez may have told him that she

18   needed to have more procedures or treatment in the future, but did not recall.

19   Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 60:9-16.

20   **Defendants' Grounds for Objection**:

21       Objection to the supporting deposition transcript of Raymund Villaluz at

22   60:9-16 on the grounds that it is more prejudicial than probative.  Fed. R. Evid.

23   403.  This statement is irrelevant to the motion as discussions *after* Plaintiff's

24   employment ended have no bearing on the issues of this case or in this motion.

25   Fed. R. Evid. 401, 403.

26   **Separate Statement Paragraph No.  79**:

27       Even after being putting on notice of Ms. Perez's cancer condition and that

28   she needed future treatment, Mr. Villaluz stated that he was sorry she was going

14

through this, was very compassionate, but told her that her job position needed to be eliminated because they had other people that could do the job that she was doing. Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 61:8-16.

**Defendants' Grounds for Objection:**

Objection to the supporting deposition transcript of Raymund Villaluz at 61:8-16 on the grounds that it is more prejudicial than probative. Fed. R. Evid. 403. This statement is irrelevant to the motion as discussions *after* Plaintiff's employment ended have no bearing on the issues of this case or in this motion. Fed. R. Evid. 401, 403. This statement violates the rule of completeness. Fed. R. Evid. 106.

**Separate Statement Paragraph No. 80:**

Mr. Villaluz acknowledged that even though he knew Ms. Perez had cancer after the termination meeting and may or may not have known that she required future medical treatment, he was not going to change the decision that she needed to be terminated. Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 61:17-25; 62:5-6.

**Defendants' Grounds for Objection:**

Objection to the supporting deposition transcript of Raymund Villaluz at 62:5-6 on the grounds that it is more prejudicial than probative. Fed. R. Evid. 403. This statement is irrelevant to the motion as discussions *after* Plaintiff's employment ended have no bearing on the issues of this case or in this motion. Fed. R. Evid. 401, 403.

**Separate Statement Paragraph No. 81:**

Mr. Villaluz acknowledged that even after he knew that Ms. Perez had cancer and was going to require future medical treatment, he notified her that the decision to terminate her had been made and that it was final. Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 62:7-12.

//

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**Defendants' Grounds for Objection:**

Objection to the supporting deposition transcript of Raymund Villaluz at 62:7-12 on the grounds that it is more prejudicial than probative. Fed. R. Evid. 403. This statement is irrelevant to the motion as discussions *after* Plaintiff's employment ended have no bearing on the issues of this case or in this motion. Fed. R. Evid. 401, 403. This statement violates the rule of completeness. Fed. R. Evid. 106.

**Separate Statement Paragraph No. 82:**

Mr. Villaluz acknowledged that there was no attempt to reverse the decision once he knew she had cancer because the decision to terminate her was made prior to her saying anything to him about her condition. Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 62:13-16.

**Defendants' Grounds for Objection:**

Objection to the supporting deposition transcript of Raymund Villaluz at 62:13-16 on the grounds that it is more prejudicial than probative. Fed. R. Evid. 403. This statement is irrelevant to the motion as management decisions *after* Plaintiff's employment ended have no bearing on the issues of this case or in this motion. Fed. R. Evid. 401, 402, 403.

**Separate Statement Paragraph No. 83:**

On November 17, 2016, Ms. Jennifer Ayala stated that she was the admissions liaison person at the Torrance, CA office. Murphy Decl., ¶ 3; Exhibit 74; Ayala Deposition, 17:15-25; 18:1-4.

**Defendants' Grounds for Objection:**

Objection to the supporting deposition transcript of Jennifer Ayala at 17:15-25; 18:1-4 on the grounds that the cited testimony is materially incomplete and therefore violates the rule of completeness. Fed. R. Evid. 106.

**Separate Statement Paragraph No. 84:**

Vitas Healthcare Corporation terminated Ms. Perez's employment and her employee fringe benefits, including health insurance and disability insurance, right before she was scheduled to start her radioactive iodine treatment for her thyroid cancer.  Perez Decl., ¶ 33.

**Defendants' Grounds for Objection:**

Objection to the supporting declaration of Rosanna Perez at ¶ 33 on the grounds that the statement is more prejudicial than probative.  Fed. R. Evid. 403. Moreover, the statement is conclusory, speculative, and lacks foundation.  Fed. R. Evid. 602.  This statement is irrelevant to the motion as Plaintiff's treatment she scheduled *after* Plaintiff's employment ended has no bearing on the issues of this case or in this motion.  Fed. R. Evid. 401, 402, 403.

**Separate Statement Paragraph No. 85:**

After terminating her employee benefits and medical insurance, Ms. Perez was placed on COBRA insurance on January 1, 2016, which was substantially more expensive.  Perez Decl., ¶ 33.

**Defendants' Grounds for Objection:**

Objection to the supporting declaration of Rosanna Perez at ¶ 33 on the grounds that the statement is more prejudicial than probative.  Fed. R. Evid. 403. Moreover, the statement is conclusory, speculative, and lacks foundation.  Fed. R. Evid. 602.  This statement is irrelevant to the motion.  Fed. R. Evid. 401, 402, 403. Further, the statement constitutes an improper lay opinion.  Fed. R. Evid. 701.

**Separate Statement Paragraph No. 86:**

On January 14, 2016, Ms. Giles prepared a letter of recommendation for Ms. Perez and stated that Ms. Perez had a very developed skill set in both marketing and sales and was a top performer averaging in the top 90-100% for conversions in a highly saturated market.  Perez Decl., ¶ 47; Exhibits 43.

//

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**Defendants' Grounds for Objection:**

Objection to the supporting declaration of Rosanna Perez at ¶ 47 and Exhibit 43 on the grounds that the statements constitute inadmissible hearsay. Fed. R. Evid. 802, 803.  Moreover, the statements are irrelevant to the motion as Plaintiff's performance as an Admission Liaison is not at issue in this motion.  Fed. R. Evid. 401, 402, 403.  Further, the statement constitutes improper character evidence.  Fed. R. Evid. 404.

**Separate Statement Paragraph No.  87:**

On January 27, 2016, Sherrie Montgomery, the Director of Market Development for Vitas for the Orange County office, wrote a letter of recommendation for Ms. Perez exemplifying her customer service abilities and ability to build long lasting relationships.  Perez Decl., ¶ 48; Exhibit 44.

**Defendants' Grounds for Objection:**

Objection to the supporting declaration of Rosanna Perez at ¶ 48 and Exhibit 44 on the grounds that the statements constitute inadmissible hearsay. Fed. R. Evid. 802, 803.  Moreover, the statements are irrelevant to the motion as Plaintiff's performance as an Admission Liaison is not at issue in this motion.  Fed. R. Evid. 401, 402, 403.  Further, the statement constitutes improper character evidence.  Fed. R. Evid. 404.

**Separate Statement Paragraph No.  88:**

Ms. Perez had to start a strict diet on December 17, 2015.  Perez Decl., ¶ 34; Exhibits 32-35.

**Defendants' Grounds for Objection:**

Objection to the supporting declaration of Rosanna Perez at ¶ 34 on the grounds that the statement is more prejudicial than probative.  Fed. R. Evid. 403. Moreover, the statement is conclusory, speculative, and lacks foundation.  Fed. R. Evid. 602.  This statement is irrelevant to the motion.  Fed. R. Evid. 401, 402, 403.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**Separate Statement Paragraph No. 89:**

After the treatment, Ms. Perez could not work for about two additional weeks due to the side effects of the radiation and because it made her very ill and nauseous.  Perez Decl., ¶¶ 36, 37; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 38:23-25.

**Defendants' Grounds for Objection:**

Objection to the supporting declaration of Rosanna Perez at ¶¶ 36, 37 on the grounds that the statements constitute inadmissible hearsay for which no exception applies.  Fed. R. Evid. 802, 803.  Defendants object to the statements on the grounds that the statements are more prejudicial than probative.  Fed. R. Evid. 403.  The statements are conclusory, speculative, and lacks foundation.  Fed. R. Evid. 602.  The statements also constitute an improper lay opinion.  Fed. R. Evid. 701.

Defendants further object to the affidavit statements as they conflict with Plaintiff's prior deposition testimony.  Courts have held that witnesses may not contradict or undermine their deposition testimony with a later affidavit.  *Cleveland v. Policy Management Sys. Corp.*, 526 U.S. 895, 806 (1999).  "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting [her] prior deposition testimony."  *Kennedy v. Allied Mutual Insurance Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (citing *Foster v. Arcata Associates,* 772 F.2d 1453, 1462 (9th Cir.1985)); *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 543-44 (9th Cir.1975) (explaining that a contradiction of prior deposition testimony through a later affidavit is a "sham issue of fact.").  Moreover, Defendants object to the statements on the grounds that they are irrelevant to the motion.  Fed. R. Evid. 401, 402, 403.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**Separate Statement Paragraph No. 90:**

Ms. Perez was not ready to go back to work until mid-to-late January 2016 because the radiation had not been completely released from her body and she was feeling ill during her treatment. Perez Decl., ¶¶ 36, 37.

**Defendants' Grounds for Objection:**

Objection to the supporting declaration of Rosanna Perez at ¶¶ 36, 37 on the grounds that the statements constitute inadmissible hearsay for which no exception applies. Fed. R. Evid. 802, 803. Defendants object to the statements on the grounds that the statements are more prejudicial than probative. Fed. R. Evid. 403. The statements are conclusory, speculative, and lacks foundation. Fed. R. Evid. 602. The statements also constitute an improper lay opinion. Fed. R. Evid. 701.

Defendants further object to the affidavit statements as they conflict with Plaintiff's prior deposition testimony. Courts have held that witnesses may not contradict or undermine their deposition testimony with a later affidavit. *Cleveland v. Policy Management Sys. Corp.*, 526 U.S. 895, 806 (1999). "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting [her] prior deposition testimony." *Kennedy v. Allied Mutual Insurance Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (citing *Foster v. Arcata Associates,* 772 F.2d 1453, 1462 (9th Cir.1985)); *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 543-44 (9th Cir.1975) (explaining that a contradiction of prior deposition testimony through a later affidavit is a "sham issue of fact."). Moreover, Defendants object to the statements on the grounds that they are irrelevant to the motion. Fed. R. Evid. 401, 402, 403.

**Separate Statement Paragraph No. 91:**

Ms. Perez needed about a month off from work from the time she started her radioactive iodine treatment before she could return to work. Perez Decl. ¶ 37. //

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

20

**Defendants' Grounds for Objection:**

Objection to the supporting declaration of Rosanna Perez at ¶ 37 on the grounds that the statement is more prejudicial than probative. Fed. R. Evid. 403. The statement is conclusory, speculative, and lacks foundation. Fed. R. Evid. 602. The statement also constitutes an improper lay opinion. Fed. R. Evid. 701.

Defendants further object to the affidavit statement as it conflicts with Plaintiff's prior deposition testimony. Courts have held that witnesses may not contradict or undermine their deposition testimony with a later affidavit. *Cleveland v. Policy Management Sys. Corp.*, 526 U.S. 895, 806 (1999). "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting [her] prior deposition testimony." *Kennedy v. Allied Mutual Insurance Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (citing *Foster v. Arcata Associates,* 772 F.2d 1453, 1462 (9th Cir.1985)); *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 543-44 (9th Cir.1975) (explaining that a contradiction of prior deposition testimony through a later affidavit is a "sham issue of fact."). Moreover, Defendants object to the statement on the grounds that it is irrelevant to the motion. Fed. R. Evid. 401, 402, 403.

**Separate Statement Paragraph No. 92:**

Ms. Perez's doctors instructed her to have quarterly follow-up visits to monitor her progress. Perez Decl. ¶ 39.

**Defendants' Grounds for Objection:**

Objection to the supporting declaration of Rosanna Perez at ¶ 39 on the grounds that the statements constitute inadmissible hearsay for which no exception applies. Fed. R. Evid. 802, 803.

**Separate Statement Paragraph No. 93:**

Ms. Perez had follow-up visits related to her cancer condition on February 4, 2016; May 19, 2016; September 30, 2016; November 28, 2016; January 9, 2017; and January 12, 2017. Perez Decl., ¶ 39.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**Defendants' Grounds for Objection:**

Objection to the supporting declaration of Rosanna Perez at ¶ 39 on the grounds that the statement is lacks foundation. Fed. R. Evid. 602.

**Separate Statement Paragraph No. 94:**

On January 12, 2017, Ms. Perez had blood tests taken pursuant to her doctor's instructions in order to monitor her cancer condition. Perez. Decl., ¶ 40.

**Defendants' Grounds for Objection:**

Objection to the supporting declaration of Rosanna Perez at ¶ 40 on the grounds that the statements constitute inadmissible hearsay for which no exception applies. Fed. R. Evid. 802, 803. The statement also constitutes an improper lay opinion. Fed. R. Evid. 701.

**Separate Statement Paragraph No. 95:**

On January 31, 2017, Ms. Perez's doctor left her a voicemail informing her that she had finally been cleared of thyroid cancer. Perez Decl., ¶ 40.

**Defendants' Grounds for Objection:**

Objection to the supporting declaration of Rosanna Perez at ¶ 40 on the grounds that the statements constitute inadmissible hearsay for which no exception applies. Fed. R. Evid. 802, 803. The statement also constitutes an improper lay opinion. Fed. R. Evid. 701.

**Separate Statement Paragraph No. 96:**

On February 7, 2017, Ms. Perez spoke with her doctor over the phone where she verified that she had been clear of cancer. Perez Decl., ¶ 40.

**Defendants' Grounds for Objection:**

Objection to the supporting declaration of Rosanna Perez at ¶ 40 on the grounds that the statements constitute inadmissible hearsay for which no exception applies. Fed. R. Evid. 802, 803. The statement also constitutes an improper lay opinion. Fed. R. Evid. 701.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**Separate Statement Paragraph No. 97:**

It was the first moment in about a year that Ms. Perez felt any certainty that the cancer was gone; however, her doctors will need to continue to monitor her thyroid region in the future. Perez Decl., ¶ 40.

**Defendants' Grounds for Objection:**

Objection to the supporting declaration of Rosanna Perez at ¶ 40 on the grounds that the statements constitute inadmissible hearsay for which no exception applies. Fed. R. Evid. 802, 803. The statement also constitutes an improper lay opinion. Fed. R. Evid. 701.

**Separate Statement Paragraph No. 98:**

Ms. Perez started looking for alternative employment almost immediately after being terminated because she knew it would take quite some time to find a new job and was afraid because she knew would not have any income coming in at that time to pay for all of her bills, including future medical treatment. Perez Decl., ¶ 43.

**Defendants' Grounds for Objection:**

Objection to the supporting declaration of Rosanna Perez at ¶ 43 on the grounds that it is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. The statement also constitutes an improper lay opinion. Fed. R. Evid. 701.

**Separate Statement Paragraph No. 99:**

On or about December 18, 2015, Ms. Perez went online looking for jobs and noticed that Indeed.com had posted an advertisement for Vitas Healthcare Corporation where they were seeking someone to fill the "admissions liaison" position at the Torrance, CA office. Perez Decl., ¶ 44; Exhibit 58.

**Defendants' Grounds for Objection:**

Objection to the advertisement on Indeed.com attached as Exhibit 58 to Perez Decl., ¶ 44 on the grounds that it constitutes inadmissible hearsay for which

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

no exception applies.  Fed. R. Evid. 802, 803.  Defendants further object on the grounds that the document lacks foundation and authenticity as Plaintiff lacks personal knowledge of its origin.  Fed. R. Evid. 602, 701, 907.  Defendant objects on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

Objection to the supporting declaration of Rosanna Perez at ¶ 44 on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  Defendants further object on the grounds that Plaintiff's statement constitutes inadmissible hearsay for which no exception applies as it seeks to establish that Indeed.com had just posted the advertisement.  Fed. R. Evid. 802, 803.

**Separate Statement Paragraph No.  100:**

On or about January 14, 2016, Ms. Perez went online at Vitas Healthcare Corporation's website to look at their online career job board and noticed that they were advertising seeking someone to fill the "admissions liaison" position at the Torrance, CA office.  Perez Decl., ¶ 46; Exhibit 59; Murphy Decl., ¶ 15, per Stipulation.

**Defendants' Grounds for Objection:**

Objection to Exhibit 59 attached to Perez Decl., ¶ 46 on the grounds that it constitutes inadmissible hearsay for which no exception applies.  Fed. R. Evid. 802, 803.  Defendants further object on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No.  101:**

In Vitas Healthcare Corporation of California's Answer to the Complaint, it denies that it was advertising for the admission liaison job position at the Torrance, CA office.  Murphy Decl., ¶ 12; Exhibit 84, ¶ 20 of the Answer.

//

//

24

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

1  **Defendants' Grounds for Objection:**

2      Objection to Exhibit 84 attached to Murphy Decl., ¶ 12 on the grounds that

3  it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  It is

4  undisputed by the parties that Defendants have not employed an Admission

5  Liaison in the Coastal Cities Program since Plaintiff's termination.  UF 24.

6  Whether advertisements had been inadvertently left on the internet is of no

7  consequence to this case or motion.  Fed. R. Evid. 401, 403.

8  **Separate Statement Paragraph No.  102:**

9      On December 24, 2015, Vitas Healthcare Corporation was advertising on its

10  online career board seeking someone to fill an "admission liaison" position at the

11  San Diego, CA office.  Murphy Decl., ¶¶ 15, 16; per Stipulation; Exhibit 80.

12  **Defendants' Grounds for Objection:**

13      Objection to Exhibit 80 attached to Murphy Decl., ¶ 16 on the grounds that

14  it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

15  Advertisements in other programs is of no consequence to this case or motion.

16  Fed. R. Evid. 401, 403.  Defendants further object on the grounds that it

17  constitutes inadmissible hearsay for which no exception applies.  Fed. R. Evid.

18  802, 803.

19  **Separate Statement Paragraph No.  103:**

20      On January 12, 2016, Vitas Healthcare Corporation was advertising on its

21  online career board seeking someone to fill an "admission liaison" position at the

22  San Diego, CA office.  Murphy Decl., ¶¶ 15, 16; per Stipulation; Exhibit 80.

23  **Defendants' Grounds for Objection:**

24      Objection to Exhibit 80 attached to Murphy Decl., ¶ 16 on the grounds that

25  it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

26  Advertisements in other programs is of no consequence to this case or motion.

27  Fed. R. Evid. 401, 403.  Defendants further object on the grounds that it

28

constitutes inadmissible hearsay for which no exception applies.  Fed. R. Evid. 802, 803.

**Separate Statement Paragraph No.  104:**

On January 27, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the San Francisco, CA office.  Murphy Decl., ¶¶ 15, 16; per Stipulation; Exhibit 80.

**Defendants' Grounds for Objection:**

Objection to Exhibit 80 attached to Murphy Decl., ¶ 16 on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403. Advertisements in other programs is of no consequence to this case or motion. Fed. R. Evid. 401, 403.  Defendants further object on the grounds that it constitutes inadmissible hearsay for which no exception applies.  Fed. R. Evid. 802, 803.

**Separate Statement Paragraph No.  105:**

On March 17, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the East Bay office in California.  Murphy Decl., ¶ 15, 16; per Stipulation; Exhibit 80.

**Defendants' Grounds for Objection:**

Objection to Exhibit 80 attached to Murphy Decl., ¶ 16 on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403. Advertisements in other programs is of no consequence to this case or motion. Fed. R. Evid. 401, 403.  Defendants further object on the grounds that it constitutes inadmissible hearsay for which no exception applies.  Fed. R. Evid. 802, 803.

**Separate Statement Paragraph No.  106:**

On March 29, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the East Bay office in California.  Murphy Decl., ¶ 15, 16; per Stipulation; Exhibit 80.

**Defendants' Grounds for Objection:**

Objection to Exhibit 80 attached to Murphy Decl., ¶ 16 on the grounds that it is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Advertisements in other programs is of no consequence to this case or motion. Fed. R. Evid. 401, 403. Defendants further object on the grounds that it constitutes inadmissible hearsay for which no exception applies. Fed. R. Evid. 802, 803.

**Separate Statement Paragraph No. 107:**

On April 22, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the Sacramento, CA and Walnut Creek, CA offices. Murphy Decl., ¶ 15, per Stipulation; Exhibit 60.

**Defendants' Grounds for Objection:**

Objection to Exhibit 60 attached to Murphy Decl., ¶ 15 on the grounds that it is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Advertisements in other programs is of no consequence to this case or motion. Fed. R. Evid. 401, 403. Defendants further object on the grounds that it constitutes inadmissible hearsay for which no exception applies. Fed. R. Evid. 802, 803.

**Separate Statement Paragraph No. 108:**

On April 22, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill a "sales representative" position at the Torrance, CA office. Murphy Decl., ¶ 15, per Stipulation; Exhibit 61.

**Defendants' Grounds for Objection:**

Objection to Exhibit 61 attached to Murphy Decl., ¶ 15 on the grounds that it is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. Advertisements in other programs is of no consequence to this case or motion. Fed. R. Evid. 401, 403. Defendants further object on the grounds that it

constitutes inadmissible hearsay for which no exception applies.  Fed. R. Evid. 802, 803.

**Separate Statement Paragraph No.  109:**

On April 28, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the San Diego, CA office.  Murphy Decl., ¶¶ 15, 16; per Stipulation; Exhibit 80.

**Defendants' Grounds for Objection:**

Objection to Exhibit 80 attached to Murphy Decl., ¶ 16 on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403. Advertisements in other programs is of no consequence to this case or motion. Fed. R. Evid. 401, 403.  Defendants further object on the grounds that it constitutes inadmissible hearsay for which no exception applies.  Fed. R. Evid. 802, 803.

**Separate Statement Paragraph No.  110:**

On April 30, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the San Diego, CA office.  Murphy Decl., ¶¶ 15, 16; per Stipulation; Exhibit 80.

**Defendants' Grounds for Objection:**

Objection to Exhibit 80 attached to Murphy Decl., ¶ 16 on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403. Advertisements in other programs is of no consequence to this case or motion. Fed. R. Evid. 401, 403.  Defendants further object on the grounds that it constitutes inadmissible hearsay for which no exception applies.  Fed. R. Evid. 802, 803.

**Separate Statement Separate Statement Paragraph No.  111:**

On May 12, 2016, Ms. Perez went online looking for jobs and she noticed that Indeed.com had posted an advertisement for Vitas Healthcare Corporation

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

where they were seeking someone to fill the "admissions liaison" position at the Torrance, CA office.  Perez Decl., ¶ 49; Exhibit 62.

**Defendants' Grounds for Objection:**

Objection to the advertisement on Indeed.com attached as Exhibit 62 to Perez Decl., ¶ 49 on the grounds that it constitutes inadmissible hearsay for which no exception applies.  Fed. R. Evid. 802, 803.  Defendants further object on the grounds that the document lacks foundation and authenticity as Plaintiff lacks personal knowledge of its origin.  Fed. R. Evid. 602, 701, 907.  Defendant objects on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

Objection to the supporting declaration of Rosanna Perez at ¶ 62 on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  Defendants further object on the grounds that Plaintiff's statement constitutes inadmissible hearsay for which no exception applies as it seeks to establish that Indeed.com had just posted the advertisement.  Fed. R. Evid. 802, 803.

**Separate Statement Paragraph No.  112:**

On May 12, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the Sacramento, CA and Walnut Creek, CA offices.  Murphy Decl., ¶ 15, per Stipulation; Exhibit 63.

**Defendants' Grounds for Objection:**

Objection to Exhibit 63 attached to Murphy Decl., ¶ 15 on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  Advertisements in other programs is of no consequence to this case or motion.  Fed. R. Evid. 401, 403.  Defendants further object on the grounds that it constitutes inadmissible hearsay for which no exception applies.  Fed. R. Evid. 802, 803.

**Separate Statement Paragraph No.  113:**

On August 5, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the Milpitas, CA office.  Murphy Decl., ¶ 15, per Stipulation; Exhibit 64.

**Defendants' Grounds for Objection:**

Objection to Exhibit 64 attached to Murphy Decl., ¶ 15 on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  Advertisements in other programs is of no consequence to this case or motion.  Fed. R. Evid. 401, 403.  Defendants further object on the grounds that it constitutes inadmissible hearsay for which no exception applies.  Fed. R. Evid. 802, 803.

**Separate Statement Paragraph No.  114:**

On August 5, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill a "sales representative" position at the Riverside, Irvine, San Diego, and Covina offices in California.  Murphy Decl., ¶ 15, per Stipulation; Exhibit 66.

**Defendants' Grounds for Objection:**

Objection to Exhibit 66 attached to Murphy Decl., ¶ 15 on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  Advertisements in other programs is of no consequence to this case or motion.  Fed. R. Evid. 401, 403.  Defendants further object on the grounds that it constitutes inadmissible hearsay for which no exception applies.  Fed. R. Evid. 802, 803.

**Separate Statement Paragraph No.  115:**

On August 25, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the San Gabriel Cities office in California.  Murphy Decl., ¶ 15, per Stipulation; Exhibit 67.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

1  **Defendants' Grounds for Objection:**

2       Objection to Exhibit 67 attached to Murphy Decl., ¶ 15 on the grounds that

3  it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

4  Advertisements in other programs is of no consequence to this case or motion.

5  Fed. R. Evid. 401, 403.  Defendants further object on the grounds that it

6  constitutes inadmissible hearsay for which no exception applies.  Fed. R. Evid.

7  802, 803.

8  **Separate Statement Paragraph No. 116:**

9       On September 28, 2016, Vitas Healthcare Corporation was advertising on

10 its online career board seeking someone to fill an "admission liaison" position at

11 the San Gabriel Cities office in California.  Murphy Decl., ¶¶ 15, 16; per

12 Stipulation; Exhibit 80.

13 **Defendants' Grounds for Objection:**

14      Objection to Exhibit 80 attached to Murphy Decl., ¶ 16 on the grounds that

15 it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

16 Advertisements in other programs is of no consequence to this case or motion.

17 Fed. R. Evid. 401, 403.  Defendants further object on the grounds that it

18 constitutes inadmissible hearsay for which no exception applies.  Fed. R. Evid.

19 802, 803.

20 **Separate Statement Paragraph No. 117:**

21      On October 10, 2016, Ms. Perez went online looking for jobs in the hospice

22 industry and she noticed that Indeed.com had posted an advertisement for Vitas

23 Healthcare Corporation where they were seeking someone to fill the "admissions

24 liaison" position at the Covina, CA office.  Perez Decl., ¶ 50; Exhibit 68.

25 **Defendants' Grounds for Objection:**

26      Objection to the advertisement on Indeed.com attached as Exhibit 68 to

27 Perez Decl., ¶ 50 on the grounds that it constitutes inadmissible hearsay for which

28 no exception applies.  Fed. R. Evid. 802, 803.  Defendants further object on the

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

grounds that the document lacks foundation and authenticity as Plaintiff lacks personal knowledge of its origin.  Fed. R. Evid. 602, 701, 907.  Defendant objects on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  Advertisements in other programs is of no consequence to this case or motion.  Fed. R. Evid. 401, 403.

Objection to the supporting declaration of Rosanna Perez at ¶ 50 on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  Defendants further object on the grounds that Plaintiff's statement constitutes inadmissible hearsay for which no exception applies as it seeks to establish that Indeed.com had just posted the advertisement.  Fed. R. Evid. 802, 803.

**Separate Statement Paragraph No.  118:**

On October 25, 2016, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill an "admission liaison" position at the Inland Cities office in California.  Murphy Decl., ¶¶ 15, 16; per Stipulation; Exhibit 80.

**Defendants' Grounds for Objection:**

Objection to Exhibit 80 attached to Murphy Decl., ¶ 16 on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  Advertisements in other programs is of no consequence to this case or motion.  Fed. R. Evid. 401, 403.  Defendants further object on the grounds that it constitutes inadmissible hearsay for which no exception applies.  Fed. R. Evid. 802, 803.

**Separate Statement Paragraph No.  119:**

On January 18, 2017, Vitas Healthcare Corporation was advertising on its online career board seeking someone to fill a "sales representative" position at the Torrance, CA office.  Perez Decl., ¶ 15; Exhibit 69.

//

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**Defendants' Grounds for Objection:**

Objection to reference of Exhibit 69 attached to Perez Decl., ¶ 16 as no such exhibit exists.  Nevertheless, such document is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  Advertisements in other programs for other positions is of no consequence to this case or motion.  Fed. R. Evid. 401, 403.  Defendants further object on the grounds that it constitutes inadmissible hearsay for which no exception applies.  Fed. R. Evid. 802, 803.

**Separate Statement Paragraph No.  120:**

Mr. Villaluz acknowledged that he approved of the advertisement for the admission liaison position for the Torrance, CA office.  Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 88:18-21.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Raymund Villaluz at 88:18-21 on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No.  121:**

Mr. Villaluz also stated that Ms. Mack was required to approve any job postings that he did for his office and that she approved of the advertisement for the admission liaison position for the Torrance, CA office.  Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 88:22-24; 89:7-10.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Raymund Villaluz at 88:22-24; 89:7-10 on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  It also violates the rule of completeness. Fed. R. Evid. 106.

**Separate Statement Paragraph No.  122:**

Mr. Villaluz acknowledged that he approved all job postings that were done for his office.  Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 88:25; 89:1-2.

33

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Raymund Villaluz at 88:25; 89:1-2 on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No.  123:**

From October 2014 to December 2015, Mr. Villaluz thought that Ms. Perez was the only admission liaison person that he had at that office.  Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 89:17-25; 90:1-2.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Raymund Villaluz at 89:17-25; 90:1-2 on the grounds that it is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No.  124:**

Mr. Villaluz stated that a job posting is supposed to be reviewed and cleaned up monthly.  Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 91:24-35; 92:1-3.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Raymund Villaluz at 91:24-35; 92:1-3 on the grounds that it is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No.  125:**

Mr. Villaluz stated the Peggy Murray is responsible for reviewing and cleaning up the job postings.  Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 92:4-8.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Raymund Villaluz at 92:4-8 on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

34

**Separate Statement Paragraph No. 126:**

Vitas does use an outside service to do its job postings. Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 93:17-19.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Raymund Villaluz at 93:17-19 on the grounds that it is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No. 127:**

Vitas uses Indeed.com and LinkedIn as an outside service for job postings. Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 93:20-25.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Raymund Villaluz at 93:20-25 on the grounds that it is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No. 128:**

Vitas has an in-house corporate recruiter that uses Indeed.com to post job advertisements. Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 94:12-18.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Raymund Villaluz at 94:12-18 on the grounds that it is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No. 129:**

The in-house recruiter goes to a local paper, goes to an association's website, and will post it on Indeed.com. Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 94:19-23; 95:2-3.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Raymund Villaluz at 94:19-23; 95:2-3 on the grounds that it is constitutes inadmissible hearsay for which no

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

exception applies.  Fed. R. Evid. 801, 802, 803.  To the extent that it is offered to prove the in-house recruiter's state of mind, it is irrelevant because her state of mind is not at issue.  Fed. R. Evid. 801, 802.  Defendants further object on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No.  130:**

Mr. Villaluz stated that he was never involved in having Peggy Murray direct postings to Indeed.com to find people that he needed to fill job positions and that using Indeed.com was only done through corporate.  Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 95:5-13.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Raymund Villaluz at 95:5-13 on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No.  131:**

The company would sometimes use its own recruitment advertising in-house and they do some outside.  Murphy Decl., ¶ 7; Exhibit 77; Mack Deposition, 28:14-21.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Jo Ann Mack at 28:14-21 on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No.  132:**

Ms. Mack stated that when they use an outside service, they would use an agency and a posting service.  Murphy Decl., ¶ 7; Exhibit 77; Mack Deposition, 28:22-24.

//

//

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Jo Ann Mack at 28:22-24 on the grounds that it is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No. 133:**

Ms. Murray stated that when the admission liaison job posting in 2015 was made, she clicked on an option that says, "External Board Recruiting." Murphy Decl., ¶ 6; Exhibits 56 and 76; Murray Deposition, 88:14-18.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Peggy Murray at 88:14-18 on the grounds that it is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No. 134:**

Ms. Murray stated that when she clicks on "External Board and Recruiting," it means that his job posting will be shared through all of the Vitas' programs and when you click on the recruiter part, it is the recruiter's job to post it wherever they do the posting. Murphy Decl., ¶ 6; Exhibits 56 and 76; Murray Deposition, 88:16-22.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Peggy Murray at 88:16-22 on the grounds that it is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No. 135:**

Based on this requisition form, Ms. Murray stated that this particular job posting, meaning the admission liaison position, was submitted to an external job board. Murphy Decl., ¶ 6; Exhibits 56 and 76; Murray Deposition, 89:4-8.

//

//

37

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Peggy Murray at 89:4-8 on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No. 136:**

Ms. Perez is a single woman with no children and if Vitas Healthcare Corporation had offered her another job position in another city or at a different location instead of being terminated, she would have considered that opportunity. Perez Decl., ¶ 31; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition 121:4-12.

**Defendants' Grounds for Objection:**

Objection to the supporting declaration of Rosanna Perez at ¶ 31on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  Moreover, the statement is conclusory, speculative, and lacks foundation.  Fed. R. Evid. 602.

Objection to the deposition transcript of Rosanna Perez at 121:4-12 on the grounds that it is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  Moreover, the statement is conclusory, speculative, and lacks foundation.  Fed. R. Evid. 602.

**Separate Statement Paragraph No. 137:**

Ms. Mack stated that if she had known that Ms. Perez had thyroid cancer, had thyroid surgery, took leave from the company and came back, and that she was going to require future medical treatment for that thyroid cancer, then the company would have made accommodations.  Murphy Decl., ¶ 7; Exhibit 77; Mack Deposition, 53:8-16.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Jo Ann Mack at 53:8-16 on the grounds that testimony on hypothetical situations is irrelevant and more

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

prejudicial than probative.  Fed. R. Evid. 402, 403.  It also violates the rule of completeness. Fed. R. Evid. 106.

**Separate Statement Paragraph No.  138:**

Ms. Mack stated that if she had known, she would have asked Ms. Perez if she needed any accommodations.  Murphy Decl., ¶ 7; Exhibits 77; Mack Deposition, 53:20-23.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Jo Ann Mack at 53:20-23 on the grounds that testimony on hypothetical situations is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  It also violates the rule of completeness. Fed. R. Evid. 106.

**Separate Statement Paragraph No.  139:**

Ms. Giles stated that an employee may transfer to another office.  Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 81:25; 82:1-5.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Nicole Giles at 81:25; 82:1-5 on the grounds that testimony on hypothetical situations is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  A request for transfer is not at issue in this case or motion.

**Separate Statement Paragraph No.  140:**

Ms. Ayala stated that she believes that Vitas allows employees to transfer to other office locations upon request.  Murphy Decl., ¶ 3; Exhibit 74; Ayala Deposition, 35:12-14.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Nicole Giles at 81:25; 82:1-5 on the grounds that testimony on hypothetical situations is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  A request for transfer is not at

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

issue in this case or motion.  It also violates the rule of completeness. Fed. R. Evid. 106.

**Separate Statement Paragraph No.  141:**

Vitas Healthcare Corporation never offered Ms. Perez any opportunities to transfer to a job position in another office, never asked her if she needed any accommodations, never had an interactive process meeting with her to discuss her medical condition to see what accommodations were needed, and never offered to give her part-time employment until they found her another position in another office.  Perez Decl., ¶ 54.

**Defendants' Grounds for Objection:**

Objection to the declaration of Rosanna Perez at ¶ 54 on the grounds that it constitutes inadmissible hearsay for which no exception applies.  Fed. R. Evid. 801, 802, 803.  The testimony on hypothetical situations is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No.  142:**

Mr. Villaluz stated that nobody working in management at his office ever reached out to corporate and attempted to find Ms. Perez a job in another office. Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 63:23-25; 64:1-2.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Raymund Villaluz at 63:23-25; 64:1-2 on the grounds that testimony on hypothetical situations is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  A request for transfer is not at issue in this case or motion.

**Separate Statement Paragraph No.  143:**

Mr. Villaluz acknowledged that he did not ask Ms. Perez for authorization to release her medical information to the extent necessary to allow her to transfer to another office location.  Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 64:18-21.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Raymund Villaluz at 63:23-25; 64:1-2 on the grounds that testimony on hypothetical situations is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. A request for transfer is not at issue in this case or motion.

**Separate Statement Paragraph No. 144:**

Mr. Villaluz acknowledged that he never made an attempt to ask Ms. Perez to ask her for authorization to release her medical information to help her find a job in another office. Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 65:4-8.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Raymund Villaluz at 63:23-25; 64:1-2 on the grounds that testimony on hypothetical situations is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. A request for transfer is not at issue in this case or motion.

**Separate Statement Paragraph No. 145:**

When Mr. Villaluz was asked why he did not ever make an attempt to ask Ms. Perez for her for authorization to release her medical information to help her find a job in another office, he stated, "No specific reason." Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 65:9-10.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Raymund Villaluz at 65:9-10 on the grounds that testimony on hypothetical situations is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403. A request for transfer is not at issue in this case or motion. This statement violates the rule of completeness. Fed. R. Evid. 106.

**Separate Statement Paragraph No. 146:**

After being terminated from employment, Ms. Perez did not consider applying for other jobs at Vitas because she was really, really devastated with

41

what happened.  Perez Decl., ¶ 38; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 46:21-25; 47:1.

**Defendants' Grounds for Objection:**

Objection to the delcaration of Rosanna Perez at ¶ 38 on the grounds that testimony is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

Objection to the deposition transcript of Rosanna Perez at 46:21-25; 47:1 on the grounds that testimony is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No.  147:**

Ms. Perez felt heartbroken with what happened.  Perez Decl., ¶ 38; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 46:25; 47:1.

**Defendants' Grounds for Objection:**

Objection to the delcaration of Rosanna Perez at ¶ 38 on the grounds that testimony is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

Objection to the deposition transcript of Rosanna Perez at 46:25; 47:1 on the grounds that testimony is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No.  148:**

If the company had approached Ms. Perez and given her an opportunity to work at another office location, she would have absolutely considered it.  Perez Decl., ¶ 31; Murphy Decl., ¶ 4; Exhibit 78; Perez Deposition, 47:6-11.

**Defendants' Grounds for Objection:**

Objection to the delcaration of Rosanna Perez at ¶ 31 on the grounds that testimony on hypothetical situations is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.  A request for transfer is not at issue in this case or motion.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

1    Objection to the deposition transcript of Rosanna Perez at 47:6-11 on the

2    grounds that testimony on hypothetical situations is irrelevant and more

3    prejudicial than probative.  Fed. R. Evid. 402, 403.  A request for transfer is not at

4    issue in this case or motion**.**

5    **Separate Statement Paragraph No.  149:**

6    Vitas admitted that it did not offer Ms. Perez the opportunity to transfer to

7    one of the "admission liaison" job positions that were being advertised at other

8    office locations within the State of California.  Murphy Decl., ¶ 10; Exhibit 82.

9    **Defendants' Grounds for Objection:**

10    Objection to Exhibit 82 on the grounds that it violates the Court's Initial

11    Standing Order Rule 8.c.3.

12    **Separate Statement Paragraph No.  150:**

13    Vitas admitted that it did not offer Ms. Perez any other job positions at the

14    time it terminated her employment as an accommodation to her cancer disability.

15    Murphy Decl., ¶ 10; Exhibit 82.

16    **Defendants' Grounds for Objection:**

17    Objection to Exhibit 82 on the grounds that it violates the Court's Initial

18    Standing Order Rule 8.c.3.

19    **Separate Statement Paragraph No.  151:**

20    Vitas admitted that it did not engage in an interactive process meeting with

21    Ms. Perez prior to terminating her employment.  Murphy Decl., ¶ 10; Exhibit 82.

22    **Defendants' Grounds for Objection:**

23    Objection to Exhibit 82 on the grounds that it violates the Court's Initial

24    Standing Order Rule 8.c.3.

25    **Separate Statement Paragraph No.  152:**

26    Ms. Mack does not know if Raymund Villaluz received any training on how

27    to follow the procedures that are in the policy manual.  Murphy Decl., ¶ 7; Exhibit

28    77; Mack Deposition, 61:14-18.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Jo Ann Mack at 61:14-18 on the grounds that testimony is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No.  153:**

Ms. Giles admitted that she was never shown the company policy on medical treatment of employees and their interaction with the supervisor and what the supervisor is required to do in those situations.  Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 45:13-19.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Nicole Giles at 45:13-19 on the grounds that testimony is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No.  154:**

Ms. Giles confirmed that nobody from the company ever shared with her the policy manual on what a supervisor was supposed to do if an employee had a medical problem.  Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 62:4-8.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Nicole Giles at 62:4-8 on the grounds that testimony is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No.  155:**

Ms. Giles stated that when she was first trained and hired, she was given an employee handbook but nobody ever sat down and reviewed it with her or what procedures she was to follow if an employee was ill or sick or had a medical condition and reported it to her.  Murphy Decl., ¶ 2; Exhibit 73; Giles Deposition, 62:9-22.

//

44

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Nicole Giles at 62:9-22 on the grounds that testimony is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No.  156:**

Mr. Villaluz stated that a copy of that policy manual was not distributed to Ms. Nicole Giles.  Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 70:8-15.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Raymund Villaluz at 70:8-15 on the grounds that testimony is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No.  157:**

When asked why any of the managers in his office did not receive a copy of the policy manual, Mr. Villaluz stated that he has a copy of it and that is all that is necessary.  Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 70:20-25.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Raymund Villaluz at 70:20-25 on the grounds that testimony is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No.  158:**

Mr. Villaluz stated that it was his understanding that he was the only one that needed to have a copy of the policy manual and he did not need to distribute it to the other managers.  Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 71:1-5.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Raymund Villaluz at 71:1-5 on the grounds that testimony is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

45

**Separate Statement Paragraph No. 159:**

Mr. Villaluz acknowledged that from the time he was hired in October 2014 as general manager all the way up to the present, he never had any meetings or discussions with any of his managers to discuss the policy manual provisions. Murphy Decl., ¶ 5; Exhibit 75; Villaluz Deposition, 71:6-16.

**Defendants' Grounds for Objection.**

Objection to the deposition transcript of Raymund Villaluz at 71:6-16 on the grounds that testimony is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No. 160:**

Ms. Murray stated that other than herself, Raymund Villaluz, and Pamela Weber, no one else was actually given a copy of the policy manual. Murphy Decl., ¶ 6; Exhibit 76; Murray Deposition, 76:4-6.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Peggy Murray at 76:4-6 on the grounds that testimony is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No. 161:**

Ms. Murray stated that other than herself, Raymund Villaluz, and Pamela Weber, no one else was actually given a copy of the policy manual. Murphy Decl., 6; Exhibit 76; Murray Deposition, 76:7-12.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Peggy Murray at 76:7-12 on the grounds that testimony is irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

46

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**Separate Statement Paragraph No. 162:**

Ms. Mack did not know whether Nicole Giles was ever provided with any training on how to use the provision in the policy manual to deal with employees that had disabilities.  Murphy Decl., ¶ 7; Exhibit 77; Mack Deposition, 61:20-24.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Jo Ann Mack at 61:20-24 on the grounds that testimony is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

**Separate Statement Paragraph No. 163:**

Ms. Mack did not know whether Peggy Murray was ever provided with any training on how to use the provision in the policy manual to deal with employees that had disabilities.  Murphy Decl., ¶ 7; Exhibit 77; Mack Deposition, 62:2-6.

**Defendants' Grounds for Objection:**

Objection to the deposition transcript of Jo Ann Mack at 62:2-6 on the grounds that testimony is irrelevant and more prejudicial than probative.  Fed. R. Evid. 402, 403.

Dated:  March 13, 2017                    HIRSCHFELD KRAEMER LLP


By:/s/ *Ferry E. Lopez*
Reed E. Schaper
Ferry Lopez
Attorneys for Defendants
VITAS HEALTHCARE
CORPORATION OF CALIFORNIA
and VITAS HEALTHCARE
CORPORATION